JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

BARBARA NEU on behalf of herself and all others similarly situated,

## DEFENDANTS

Terminix International, Inc., The Terminix International Company, LP, The ServiceMaster Company, ServiceMaster Consumer Services, Inc., ServiceMaster Consumer Services Limited Partnership.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

ALAMEDA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

SHELBY, TN

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

HOFFMAN & LAZEAR, 180 Grand Avenue, Suite 1550, Oakland, CA 94612, 510-763-5700

ATTORNEYS (IF KNOWN)

UNKNOWN

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                    AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding
☐ Removed from State Court
☐ Remanded from Appellate Court
☐ Reinstated or Reopened
☐ Transferred from Another district (specify)
☐ Multidistrict Litigation
☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury Med Malpractice<br>☐ 365 Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 Amer w/ disab - Empl<br>☐ 446 Amer w/ disab - Other | ☐ 510 Motion to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl.Ret. Inc. Security Act | ☐ 870 Taxes (US Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 1332(D)(2): Class Action with damages in excess of $5,000,000.00 dollars.

## VII. REQUESTED IN COMPLAINT:   ☒ CHECK IF THIS IS A CLASS ACTION   DEMAND $☐   ☐ CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23                                              JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S)   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
IF ANY                      "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)          ☒ SAN FRANCISCO/OAKLAND       ☐ SAN JOSE

DATE

12/26/07

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Page 2
(Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.   Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.   Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature.  Date and sign the civil cover sheet.



1  H. TIM HOFFMAN, SBN 49141
   ARTHUR W. LAZEAR, SBN 83603
2  MORGAN M. MACK SBN 212659
   **HOFFMAN & LAZEAR**
3  180 Grand Avenue, Suite 1550
   Oakland, CA 94612
4  Telephone: (510) 763-5700

5  CHRISTIAN H HARTLEY
   DANIEL M. BRADLEY
6  **RICHARDSON, PATRICK,**
   **WESTBROOK & BRICKMAN, LLC**
7  174 E. Bay Street
   Charleston, SC 29401
8  Telephone: (843) 727-6564

9  THOMAS F. CAMPBELL
   **CAMPBELL LAW**
10 **A PROFESSIONAL CORPORATION**
   100 Concourse Parkway, Suite 115
11 Birmingham, AL 35244
   Telephone: (205) 278-6650

12
   Attorneys for Plaintiff
13
                **UNITED STATES DISTRICT COURT**
14
              **NORTHERN DISTRICT OF CALIFORNIA**
15                                    C07-06472
16 BARBARA NEU  on behalf of herself and   )  Case No.
   all others similarly situated,          )
17                                         )  **CLASS ACTION COMPLAINT**
              Plaintiff,                    )
18                                         )  Demand  for Jury Trial
   vs.                                     )
19                                         )
   Terminix International, Inc.,           )
20 The Terminix International Company, LP,  )
   The ServiceMaster Company              )
21 ServiceMaster Consumer Services, Inc., )
   ServiceMaster Consumer Services        )
22 Limited Partnership,                   )
                                          )
23            Defendants.                  )
                                          )
24                                         )
                                          )
25                                         )
                                          )
26                                         )
                                          )
27
28

Class Action Complaint

ORIGINAL
FILED

DEC 2 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

JCS

## CLAIM

## I.    INTRODUCTION

1.    This action arises out of the pattern and practice by Defendants of failing to provide the subterranean termite prevention and control services they are required by statute, labels, good entomologic practice and contracts to provide; collecting fees for installation and maintenance of chemical barriers without fully applying or maintaining the barrier; collecting fees for periodic inspection without conducting the inspections or conducting the inspections in a such a deficient manner that it fails to satisfy the purpose of the periodic inspection; placing properties under a contract to prevent termite infestation when the company knows the manner of construction will prevent effective fulfillment of the purpose of prevention services; illegally raising annual renewal fees; and of suppressing this information to generate income without providing services.

2.    Such a scheme is in violation of California Business and Professions Code Sections 17200 & 17500, California Consumer Legal Remedies Act, California Civil Code §§1750 – 1784, in breach of express and implied contracts, and common law obligations with Plaintiff and other similarly situated persons.

## II.    PARTIES

3.    Plaintiff is an adult resident citizen of Alameda County, State of California, currently residing at 14458 Wick, San Leandro, California, 94577.

4.    Plaintiff is informed and believes and thereon alleges that The Terminix International Company, LP, is or was a Delaware limited partnership based in Wilmington, Delaware, and located at 1209 Orange Street, Wilmington, Delaware, 19801, with its principal place of business in Memphis, Tennessee, that registered in California on February 3, 1987, and is routinely conducting business in California.

5.    Plaintiff is informed and believes and thereon alleges that Terminix International, Inc., is or was a Delaware corporation with its principal place of business in Memphis, Tennessee, and located at 860 Ridge Lake Boulevard, Memphis, Tennessee, 38120, that registered in California on February 4, 1987, and is routinely conducting business in California. Terminix International, Inc. is the general partner of Terminix International, LP.

6.    Plaintiff is informed and believes and thereon alleges that The ServiceMaster Company is a Delaware corporation, incorporated on September 10, 1991, based in Memphis, Tennessee, and located at 860 Ridge Lake Blvd, Memphis, Tennessee, 38120, that is routinely conducting business in California.  ServiceMaster represents itself as a "Fortune 500 Company that's $3.5 billion strong."

7.    Plaintiff is informed and believes and thereon alleges that ServiceMaster Consumer Services, Inc., is or was a Delaware corporation based in Memphis, Tennessee, and located at 860 Ridge Lake Boulevard, Memphis, Tennessee, 38120, that registered in California on March 14, 2002, and is routinely conducting business in California.

8.    Plaintiff is informed and believes and thereon alleges that ServiceMaster Consumer Services Limited Partnership, is or was a Delaware limited partnership based in Wilmington, Delaware, and located at 1209 Orange Street, Wilmington, Delaware, 19801, that registered in California on November 3, 1994, and is routinely conducting business in California.

9.    The term "Plaintiff (s)" as used in this complaint means and includes all persons and entities listed and named as Plaintiff in the caption of this complaint, or any amendment thereto, and in the text paragraphs thereof, and include any Plaintiff hereafter added by amendment, joinder or intervention.  The term "Plaintiff (s)" also means and includes both the named Plaintiff individually and as representative of the class and any subclass herein described, as well as each member of such class and any subclass.

10.    The term "Defendant" as used in this complaint means and includes all persons and entities listed and named as a Defendant in the caption of this complaint or any amendment thereto and in the text paragraphs thereof, and includes any Defendant hereafter added by amendment or otherwise (unless otherwise specified in the amendment).

11.    Plaintiff is informed and believes and thereon alleges that Defendants The Terminix International Company, LP, and Terminix International, Inc., (hereinafter collectively "Terminix" or the "Terminix Defendants") sell and claim to provide termite protection services throughout California.  The Terminix International Company, LP, is the sales and service provider for the individual customers who have entered into binding contracts with The Terminix International Company, LP, and/or Terminix International, Inc., by and through The Terminix International Company, LP.  The Terminix International Company, LP, is part of a group of service providers along with Merry Maid, Furniture Medic, ARS, American Home Shield, and TruGreen ChemLawn that make up the ServiceMaster Group.  Terminix International, Inc., is the general partner of The Terminix International Company, LP.  Defendant ServiceMaster Consumer Services, LP is the immediate parent to both of the Terminix Defendants and The ServiceMaster Company is the ultimate Parent.

12.    Plaintiff is informed and believes and thereon alleges that The ServiceMaster Company, ServiceMaster Consumer Services, Inc., and/or (hereinafter collectively "ServiceMaster" or the "ServiceMaster Defendants") claim and report all of Terminix's assets and liabilities as part of its overall annual financial reporting.

13.    The ServiceMaster Defendants, by and through their executive officers and executive board, directly participate, guide, and manage all of the activities of the Terminix Defendants through active and direct participation in the managerial affairs of the Terminix Defendants.

14.    Terminix is for all legal and practical purposes a mere department or "business unit" of ServiceMaster.

15.    Terminix represents that all of the customer's services offered by Terminix are backed by the financial strength of ServiceMaster.

16.    ServiceMaster publishes, backs, and supports the customer satisfaction guarantees provided by Terminix to all Terminix customers.

17.    Terminix conducts business in the Northern District of California, including Alameda County, and serviced Plaintiff's property out of its office located at 14458 Wick, San Leandro, California, 94577.

## JURISDICTION AND VENUE

18.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(d)(2). Plaintiff is a citizen of the State of California, and Defendants are incorporated in, or have their principal places of business, in the States of Delaware and Tennessee, and in this class action the aggregate amount of damages shall exceed five million dollars.

19.    Venue is proper in this Court under 28 U.S.C. § 1391(a) because the events that give rise to Plaintiff's claims took place within the Northern District of California.

20.    Pursuant to Civil L. R. 3-2(c), the Oakland Division of this Court is the appropriate division because a substantial part of the events that give rise to the claim occurred in Alameda County.

## III.    FACTS COMMON TO ALL COUNTS

21.    Defendants, by and through their agents, servants, and or employees, caused Plaintiff, or Plaintiff's predecessor(s) in interest, to enter into a termite agreement/contract with

Defendants on or about the date that contracts and/or service orders or transfer/assignment of contract requests were made (dates within the knowledge and control of the Defendants).

22.     Defendants' contracts provide a guarantee of inspections or re-inspections, treatment or re-treatment, and sometimes for repair of any termite-related damage, provided that Plaintiff pays the annual renewal fee.

23.     In consideration for said guarantee(s), Defendants were paid an initial treatment fee, guarantee transfer fee and/or renewal fees.

24.     Defendants, by and through their agents, servants, and or employees, routinely performed the initial pre-treatment or post-construction treatments of properties and issued re-treatment and repair guarantees.   Thereafter, Defendants continually renewed the termite guarantees on properties up to the present.   Defendants have never disclosed that they are not providing the prevention or control services promised under their written guarantees.

25.     Defendants did not intend to fulfill the terms of their termite prevention contracts at the time they entered into and renewed the agreements and failed to refund premiums and charges to customers after they knew or should have known that their prior service was no longer reasonably expected to be delivering a complete barrier to termite infestation

26.     Defendants illegally raised annual renewal fees.

27.     Defendants were uniformly obligated to provide services to protect homes from termite infestation through assuring adequate inspections and the effective application and maintenance of chemical barriers (in a stand alone manner or in conjunction with application of alleged "baiting stations" for termites) in a uniform manner in the soil under and around the foundation of the property so that the protection and future inspections could be performed in a reasonable manner all in accordance with the law, label directions for termiticides and industry standards.  Defendants uniformly failed to perform these duties.

28.    Defendants, by and through their agents, servants, and or employees, uniformly and continuously failed to provide the necessary preventive chemical treatments, falsely claimed they were using a "bait" to lure termites into poisonous traps that would lead to the death of entire termite colonies, and thus failed to perform the obligations undertaken by contract and imposed by law.

29.    Defendants, by and through their agents, servants, and or employees, uniformly and continuously failed to conduct adequate initial inspections, annual inspections, and re-inspections for termite infestation or related damage and other wood destroying organisms as required by contract and law and which were relied upon by Plaintiff.

30.    Defendants, by and through their agents, servants, and or employees, uniformly and continuously failed to perform the initial services that would be reasonably effective to prevent subterranean termite infestation, including elimination of conducive conditions prior to application of chemical or other prevention or control measures such as alterations to structures or foundation areas so as to make application of a complete chemical barrier an effective preventative or control measure against termites, and failure to apply chemical as required by labels and good practice and company policy and failure to reapply chemicals when disruption of barriers occurred.

31.    Defendants, by and through their agents, servants, and or employees, uniformly failed to inform customers that they would not maintain the chemical barrier after the product was believed to have worn off and instead continued to collect annual renewal premiums for the protection service when they knew any chemical barriers they applied had worn off and that the basic prevention service offered by the contract was not being provided.

32.    Defendants, by and through their agents, servants, and or employees, intentionally created a scheme and system which has promoted and led to widespread negligence, recklessness

1   and wantonness in the manner of termite prevention services and inspections, annual inspections,

2   re-inspections and certifications thereof.

3       33.    Defendants, by and through their agents, servants, and or employees, engaged in a

4   practice of representing that they had developed a system that would "lure" termites to stations

5   containing a poison "bait" that would eliminate termite colonies when they knew that because of

6   the random foraging patterns of subterranean termite colonies, the wood in plastic tubes laced in

7   the ground did not act as a lure or bait for termites.  Defendants knew the product did not "bait"

8   termites but instead that termites would have to randomly stumble upon the "traps" to have any

9   effect and that disturbing infested wooden stations could cause termites to abandon the site, and

10  falsely advertised and sold prevention and control services as baits without providing bait for

11  termites

12      34.    The Defendants followed a practice of including definitions with repair contracts

13  in combination with business practices that would cause the conditions for coverage not to be

14  met, which is and was a deceptive and unfair practice.  For example, the repair promise was

15  conditioned upon a Terminix employee finding live termites when the practice of the company

16  was to kill live termites before the extent of live termites could be discovered by the property

17  owner and when termites could damage wood during the contract term without being present at

18  the time of inspection.

19      35.    Defendants, by and through their agents, servants, and or employees,

20  intentionally, recklessly, wantonly and/or negligently suppressed the fact that the entirety of

21  Plaintiff's house had not received the termite treatment for which Plaintiff had contracted at the

22  beginning of the relationship.  Defendants have refused to make proper remedial treatments

23  and/or repairs to the home every day since the original treatment, causing a new breach or tort

24  each day thereafter through a course of active concealment of wrongdoing in the face of a duty of

1    disclosure and, therefore, has lulled the Plaintiff and class members into believing the property

2    received the service promised.

3         36.    Defendants routinely followed a practice of including unfair, illegal, and

4    unconscionable clauses in their consumer contracts such as remedy stripping clauses and

5    arbitration clauses containing class action bans and limitations on remedies.  Clauses containing

6    these types of restrictions are unconscionable and unenforceable under California Law.

7

8         37.    ServiceMaster uniformly and continuously controlled and directed the

9    aforementioned conduct and omissions of Terminix.

10        38.    The foregoing activities, concealment, and patterns and practices, have been

11   known to, authorized, directed and controlled by, ServiceMaster and have been sanctioned,

12   approved and/or condoned, and allowed to continue even after investigating said alleged

13   practices.

14        39.    Defendants, by and through their agents, servants, and or employees, have held

15   themselves out to Plaintiff, or their predecessor(s) in interest, as being experts in the field of

16   termite infestation treatment and inspection in advertisements and other publications directed at

17   the residents of this state and by virtue of the activities they undertook as licensed Structural Pest

18   Control Operators (" SPCO's").

19        40.    Defendants uniformly represented in standardized printed material and by their

20   actions that Plaintiff's property had been properly treated and otherwise protected from termite

21   infestation using the highest standards and that services were provided in compliance with law.

22        41.    Defendants have preyed upon and exploited the Plaintiff's lack of expertise, as it

23   relates to proper termite treatment, inspection, re-inspection and re-treatment.

24

25

26

27

28

42.     Defendants actively concealed their practices, schemes and wrongdoing, took steps to make it appear as if there was no wrongdoing, and engaged in other activities by reason of which the tolling of all applicable statutes of limitation is appropriate and required.

## IV.    CLASS ACTION ALLEGATIONS

43.     This action is brought by the named Plaintiff as a class action, on her own behalf and on behalf of all others similarly situated ("the Class"), under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

44.     The Class is comprised of all individuals, proprietorships, partnerships, corporations, and other entities (hereinafter 'persons and entities') that own any home, condominium, apartment complex, commercial building, or other structure, and/or improvements to real property (hereinafter referred to as "structure") located in the State of California who have purchased contracts and/or warranties from Defendants for termite control service or whose contracts with other providers have been purchased or assumed by Defendants, which contain provisions substantially similar to Plaintiff's.  Excluded from the Class are all claims by any persons or entities that have already commenced an individual civil action against Defendants related to the subject matter of this litigation. Also excluded from the Class are the following: Defendants; any parent, subsidiary, affiliate, or controlled person of Defendants; the officers, directors, agents, servants or employees of any of the same; persons whose participation as a class representative or member would require recusal of the hearing officer; members of the judiciary assigned to this case and their relatives within the second degree of consanguinity; and, the members of the immediate families of any such person.

45.     This action has been brought and may properly be maintained as a class action under California law.

1    46.    Plaintiff is unable to state precisely the size of the Class, but is informed and

2   believes that members of the Class number at least into the thousands. The Class is sufficiently

3   numerous and dispersed throughout the state that joinder of all its members is impractical.

4    47.    There are numerous common questions of law and fact with respect to Defendants

5   and their contracts involving the Class members. Among these questions common to the Class

6   

7   are:

8       (a)    Whether Defendants provided necessary services for the control,

9       prevention, eradication, and inspection for termites;

10       (b)    Whether Defendants, with respect to their contract for service, were

11       negligent in the execution of the service that they were to provide and/or failed to

12       provide the services promised or otherwise required;

13       

14       (c)    Whether Defendants collected money without providing the services they

15       were obligated to provide;

16       (d)    Whether Defendants engaged in a pattern and practice of replacing existing

17       service contracts with other service contracts to improperly excuse prior breaches

18       of duties, limit liability, discourage collectively seeking remedies that may be

19       infeasible to seek individually, and with other terms more favorable to Defendants;

20       (e)    Whether Defendants illegally raised and collected annual renewal fees;

21       

22       (f)    Whether Plaintiff and class members are entitled to recover compensatory

23       damages;

24       (g)    Whether Plaintiff and class members are entitled to recover equitable

25       relief;

26       (h)    Whether Plaintiff and class members are entitled to recover punitive

27       damages; and

28

1

          (i)     Whether contracts should be equitably reformed;

2

      48.     Class action treatment provides a fair and effectual method for the adjudication of

3

the controversy here described, affecting a large number of persons, the joinder of whom is

4

impracticable. The class action provides an effective method whereby the enforcement of the

5

rights of Plaintiff and members of the Class can be fairly managed without unnecessary expense

6

7

or duplication.

8

      49.     If Class members were to pursue individual litigation, it would be unduly

9

burdensome to the courts within which the individual litigation would proceed.  Individual

10

litigation would magnify the delay and expense to all parties in the court system by resolving the

11

controversy engendered by Defendants' course of conduct with respect of its contract. By

12

13

contrast, the class action device presents far fewer management difficulties and provides the

14

benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single

15

court.  Concentrating this litigation in one forum will aid judicial economy and efficiency,

16

promote parity among the claims of the individual Class members and result in judicial

17

consistency.  Notice of the pendency and any resolution of this action can be provided to the

18

Class members by publication and direct mailing upon discovery of Defendants' files.

19

      50.     The expense and burden of individual litigation of a case of this magnitude make it

20

21

impractical for individual Class members to seek redress for the wrongs done to them and

22

therefore requires consolidation of all such claims in one action.

23

      51.     The claims of Plaintiff, as the Class Representative, are typical of the claims of the

24

members of the Class.

25

      52.     Plaintiff will fairly and adequately protect the interests of the Class she represents.

26

The interests of Plaintiff, as the Class Representative, are consistent with those of the members of

27

28

Class Action Complaint

the Class.  In addition, Plaintiff is represented by experienced and able counsel who have represented Plaintiffs classes in similar litigation.

53.    Plaintiff and class members envision no unusual difficulty in the management of this action as a Class action.

54.    Plaintiff and the Class had no knowledge of Defendants' wrongdoing alleged herein and could not have discovered the true nature of Defendants' acts at any time prior to the filing of this complaint by exercise of due diligence because of the concealment of the wrongdoing by Defendants.  Accordingly, Plaintiff's claims alleged herein are not barred by any applicable statute of limitations.

## COUNT ONE

### Breach of Contract and Warranty

55.    The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

56.    Plaintiff and the Class entered into written contracts with Defendants and undertook obligations, paying premiums in full, renewing annually, and fully performed all obligations under the contracts.

57.    The conduct herein alleged breaches, and has breached, the provisions of Defendants' contracts with Plaintiff and the Class and Plaintiff's and the Class' predecessor(s) in interest, and the standardized warranties afforded Plaintiff and the Class under their contracts.

58.    Plaintiff and class members have incurred damages proximately caused by Defendant's breaches of statutory and contractual duty, breaches of warranty, and misconduct described herein.

## COUNT TWO

### Equitable Relief

13
Class Action Complaint

59.     The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

60.     By virtue of entering into contracts with Plaintiff and the Class, and Plaintiff's and the Class' predecessor(s) in interest, Defendants were obligated to express covenants and further obligated to the implied covenant of good faith and fair dealing inherent in the making of any such contract.

61.     Defendants acted with a malicious, reckless or negligent intent to deprive Plaintiff and the Class members of the agreed to services they had contracted to undertake, with a motive to profit for themselves and to the detriment of the Class.

62.     Defendants acted with knowledge and intent that their acts and omissions would violate the aforesaid express and implied covenants and would frustrate the goals and objectives inherent in said contracts.

63.     In equity, the Court should enjoin such continued wrongful conduct and order disgorgement of all monies wrongfully collected from Plaintiff and the Class plus interest.

64.     In equity, the Court should reform existing customer agreements and Defendants' business practices so as to comply with law and proper conduct as well as any other equitable remedy deemed appropriate by this Court.

## COUNT THREE

### Breach of Duty to Warn

65.     The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

Class Action Complaint

66.    Defendants had a duty to warn Plaintiff and the Class about the matters specified above and the actions that customers needed to take in order to maintain the barrier once applied and this duty is continuous and recurring.

67.    Defendants uniformly, continuously, intentionally, recklessly, maliciously and/or negligently breached the aforementioned duty by failing to provide class member with these warnings.

68.    Defendants knew, or should have known, of the potential for property damage and cost of remedial measures that could proximately result from the failure to give said warnings.

69.    Defendants' failure to warn has proximately caused Plaintiff and class members to incur and suffer damage.

## COUNT FOUR

### Negligent Training, Supervision and Retention

70.    The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

71.    Defendants owed Plaintiff and the class a duty of care and professionalism in the rendition of pest control and termite inspection services, in training and supervising their employees to perform those services in full compliance with the laws of the State of California

72.    Defendant's duties owed to Plaintiff and the Class in putting forth loyal, honest, and fair dealing employees who act in compliance with State law arise from the special or confidential relationship between the parties, California statutes and regulations governing the termite industry, and Defendant's superior knowledge of the termite industry, their practices, and Defendants and their practices.

73.    Defendants breached their duty by failing to conduct adequate training of their employees prior to providing them with access to the public and authorizing them to conduct

Class Action Complaint

termite investigations and use and/or apply chemicals, devices or systems to prevent infestation upon whom Defendants and their employees knew Plaintiff and the Class members would reasonably rely in deciding to protect their homes.

74.    Defendants breached their duty by failing to provide adequate supervision of their employees, of their dealings with the public.

75.    Defendants breached their duty by negligently retaining employees known to have acted or refused to act as specified above or who were known to have violated Defendant's stated company policies and procedures regarding treatments and inspections.

76.    Defendant's negligent retention of employees known to have engaged in the misconduct described herein acted as ratification of such misconduct.

77.    Defendants knew, or should have known, of the wrongful practices engaged in by their employees, and knew or should have known that their own training, supervision and retention practices were inadequate to fulfill their obligation to protect the public from unscrupulous, dishonest, and deceptive practices by their agents and employees.

78.    Plaintiff and class members have incurred damages proximately caused by Defendant's negligence in training, supervising, and retaining their employees, breaches of statutory and contractual duty, and misconduct described herein.

## COUNT FIVE

### California UCL
### (Business and Professions Code § 17500 *et seq.*)

79.    The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

80.    Plaintiff asserts this cause of action for violations of Business and Professions Code § 17500.

81.    Advertisements and inducements were made within the State of California and County of Alameda and come within the definition of advertisements as contained in Business and Professions Code § 17500 in that such promotional materials are an inducement to the public to purchase the services described herein, and are statements disseminated by Defendants to the general public.  Defendants have illegally retained payments for services or goods they did not supply.

82.    In furtherance of said plan and scheme, Defendants have prepared and distributed within the State of California false promotional materials soliciting clients to purchase termite service contracts that they had no intention of performing as they represented and implied they would do.  The above acts of Defendants, in disseminating said statements throughout the State of California and to the general public thereof, were and are untrue or misleading, and therefore were and are likely to deceive the general public of the State of California by obfuscating the nature of termite protection and what service is actually required to protect consumers' property from termites, all in violation of California Business and Professions Code § 17500.

83.    As a result of the above violations of Business and Professions Code § 17500, Plaintiff, on behalf of the People of the State of California pursuant to Business and Professions Code § 17535, are entitled to an order of this court enjoining such future conduct on the parts of Defendants, and such other orders and judgments which may be necessary, including the appointment of a receiver, to restore to any person in interest any money paid for services that were not provided, as a result of the acts of Defendants.

**COUNT SIX**

**California UCL
(Business and Professions Code § 17200 *et seq.*)**

84. The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

85. Plaintiff and the class assert this cause of action seeking equitable relief for violations of Business and Professions Code §§ 17200 and 17500.

86. Such acts of Defendants as described above constitute unfair, unlawful and fraudulent business practices and constitute violations of California Business and Professions Code §§ 17200 and 17500.

87. As a result of the business practices described above, Plaintiff, on behalf of the People of the State of California and pursuant to Business and Professions Code § 17203 are entitled to an order enjoining such future conduct on the part of Defendants, and such other orders and judgments which may be necessary, including the appointment of a receiver, to restore to any person in interest any money, as a result of the acts of Defendants.

**COUNT SEVEN**

**Violation of Consumers Legal Remedies Act (Civil Code §1750, et seq.) – All Defendants**

88. The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

89 In or around July of 1999, Defendants sold to Plaintiff a termite control plan called "Sentricon Subterranean Termite Protection Plan."

90. The termite control plan was bought by Plaintiff primarily for personal, family, or

1  household purposes.

2

3      91.    At the time of the sale, Defendants represented to Plaintiff, in a writing entitled

4  "Sentricon Subterranean Termite Protection Plan," that the termite service contract would kill

5  termites that attempted to infest Plaintiff's dwelling and that the regularly scheduled maintenance

6  was necessary to maintain this protection. In fact, the termite control plan was substantially

7  defective in that the protection offered did not kill termites and the regular maintenance offered

8  no additional protection.

9

10     92.    Plaintiff is informed and believes and thereon alleges that the above-mentioned

11  misrepresentation was intended by Defendants to result in the above-mentioned sale of the termite

12  service contract to Plaintiff, and Plaintiff alleges that the above-mentioned purchase of the termite

13  control plan was made in reliance on, and as a result of, the representation of Defendants that

14  such termite control plan was free from any substantial defects.

15

16     93.    Plaintiff is informed and believes and thereon alleges that the above-mentioned

17  misrepresentation was a willful and intentional violation of the provisions of Civil Code Section

18  1770(a)(7) and that such violation was not the result of a bona fide error notwithstanding the use

19  of reasonable procedures adopted to avoid any such error.

20

21     94.    On or about August 3, 2007, Plaintiff sent to Defendant a written Notice and

22  Demand, by certified mail, return receipt requested, to Defendant's business address set forth in

23  the "Sentricon Subterranean Termite Protection Plan" which Notice and Demand notified

24  Defendant of the above-mentioned violation of Civil Code Section 1770(a)(7) that resulted in the

25  sale of the termite control plan to Plaintiff and demanded that Defendant correct, repair, replace,

26  or otherwise rectify the termite control plan purchased by Plaintiff and sold in violation of this

27  section.

28

Class Action Complaint

95.     Within 30 days of the Defendants' receipt of the Notice and Demand, Defendants failed to correct, repair, replace, or otherwise rectify, and failed to agree to correct, repair, replace, or otherwise rectify within a reasonable time, the above-mentioned termite control plan.

96.     By reason of the above-mentioned violation of Civil Code Section 1770(a)(7), Plaintiff has been injured in that Plaintiff was obliged to and did pay Defendants for a plan that was promised to provide a benefit that it, in fact, failed to provide.

### PRAYER FOR RELIEF

WHEREFORE, the foregoing averments considered, Plaintiff demands judgment for herself and for each members of the proposed Class as follows:

(A)     Compensatory damages against Defendants according to proof.

(B)     Incidental, consequential and punitive damages against Defendants according to proof.

(C)     Equitable relief against Defendants in accordance with proof.

(D)     An order that Defendants compensate Plaintiff and the Class for all reasonable fees and costs incurred in this litigation, including but not limited to the cost of retaining any expert and all discovery and deposition costs and expenses, and other costs of this litigation, as costs of this action, and awarding Plaintiff and the Class their reasonable attorneys' fees and expenses of this action; and

(E)     Granting such other and further relief, including, without limitation, injunctive relief, declaratory relief, specific performance relief and other forms of equitable relief, as may be just, premises considered.

Dated: December 26, 2007

H. Tim Hoffman
Arthur W. Lazear
Morgan M. Mack
Hoffman & Lazear
A California Law firm

Christian H. Hartley
Daniel M. Bradley
Richardson, Patrick, Westbrook & Brickman, LLC
174 E. Bay Street
Charleston, SC  29401
Telephone:  (843) 727-6564
Facsimile:  (843) 727-3103

Thomas F. Campbell,
Campbell Law
100 Concourse Parkway
Suite 115
Birmingham, AL  35244
Telephone:  (205) 278-6650
Facsimile:  (205) 278-6654