1 | CHRISTOPHER J. BORDERS (CA SBN 135901)
cborders@hinshawlaw.com
2 | HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
3 | San Francisco, California 94111
Telephone: 415-362-6000
4 |

5 | Attorney for Defendants
TERMINIX INTERNATIONAL, INC.,
6 | THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP
(erroneously sued herein as The Terminix International Company),
7 | THE SERVICEMASTER COMPANY,
SERVICEMASTER CONSUMER SERVICES, and
8 | SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP

9 |

10 | **UNITED STATES DISTRICT COURT**

11 | **NORTHERN DISTRICT OF CALIFORNIA**

12 |

13 | BARBARA NEU on behalf of herself and all ) Case No. C 07-06472-CW
others similarly situated, )
14 | ) **MOTION TO DISMISS**
    ) 
15 | Plaintiff, )
    )
16 | vs. )
    ) Complaint Filed: December 27, 2007
    TERMINIX INTERNATIONAL, INC., THE )
17 | TERMINIX INTERNATIONAL COMPANY, )
    THE SERVICEMASTER COMPANY, )
18 | SERVICEMASTER CONSUMER SERVICES, )
    SERVICEMASTER CONSUMER SERVICES )
19 | LIMITED PARTNERSHIP, )
    )
20 | Defendants. )
    )

21 |

22 | Defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL

23 | COMPANY   LIMITED   PARTNERSHIP,   THE   SERVICEMASTER   COMPANY,

24 | SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER CONSUMER

25 | SERVICES LIMITED PARTNERSHIP, by and through their attorney, Christopher J. Borders of

26 |

27 | HINSHAW & CULBERTSON LLP, now move pursuant to Rule 12(b)(6) of the Federal Rules of

28 | Civil Procedure to dismiss plaintiff's complaint. In support of their Motion, defendants state:

1

1.      Plaintiff has filed a seven-count complaint alleging various wrongdoing in connection with Terminix's termite service agreements. (*See* plaintiff's Complaint, attached as Ex. "A" to the Memorandum of Law filed concurrently herewith).

2.      Plaintiff brings the following claims against the defendants:

Count One:      Breach of Contract and Warranty

Count Two:      Equitable Relief

Count Three:    Breach of Duty to Warn

Count Four:     Negligent Training, Supervision and Retention

Count Five:     California Unfair Competition Law (Business and Professions Code §17500)

Count Six:      California Unfair Competition Law (Business and Professions Code §17200)

Count Seven:    Violation of Consumers Legal Remedies Act (Civil Code § 1750, et seq.)

**Legal Standard On Motion To Dismiss**

3.      A motion to dismiss brought pursuant to Rule 12(b)(6) should be granted where a complaint fails to state a claim upon which relief can be granted. FED.R.CIV. P. 12(b)(6); *see also Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964-65 (2007)(holding "without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice" of the nature of the claim, but also [the] 'grounds' on which the claim rests."). A federal complaint's factual allegations "must be enough to raise a right to relief beyond the speculative level," and must demonstrate "a plausible entitlement to relief." *Bell Atlantic*, 127 S.Ct. at 1965-67.

4.      In ruling on a motion to dismiss, a court should also not accept as true any unsupported conclusions of fact or assertions involving mixed allegations of fact and law. A court should also disregard legal conclusions that are either alleged or which can be inferred from the allegations of the complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5.     Moreover, in order to state a valid claim for breach of contract, the terms of the contract must be set out verbatim in the body of the complaint, or a copy of the written instrument must be attached and incorporated by reference, or the contract must be pled according to its legal effect. *Campbell v. Allstate Ins. Co.*, No. CV-95-1171, 1995 WL 376926 (C.D. Cal. 1995); *Woods v. Asset Resources,* No. 1:06-cv-00398, 2006 WL 3782704 (E.D. Cal. 2006); FED. R. CIV. P. OFFICIAL FORM 3, 12. "To plead the legal effect of a contract, plaintiff[] must 'allege the substance of its relevant terms.'" *Parrish v. National Football League Players Ass'n*, No. C07-00943, 2007 WL 2601385, *10 (N.D. Cal. 2007). "This is more difficult [than pleading the precise language], for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." *Id.*

6.     Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud . . . the circumstances constituting fraud shall be stated with particularity." FED. R. CIV. P. 9(b).  Further, where, as here, a plaintiff alleges fraudulent conduct under the Unfair Competition Law of Consumer Legal Remedies Act, such claims are subject to the particularity requirements of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105-06 (9th Cir. 2003).

7.     With these pleading standards in mind, defendants now turn to the legal grounds entitling them to a dismissal of plaintiff's claims.

**Grounds For Dismissal**

8.     Plaintiff's claim for breach of contract and breach of warranty (Count One) is subject to dismissal because there is no contract attached as an exhibit to the complaint, no specific terms are set out verbatim, the specific terms of the alleged contract and/or warranty are not set forth in the complaint, and there are insufficient allegations for the defendants to ascertain what contract or contracts are involved, which provisions are claimed to have been breached, and what defenses (e.g., disclaimers, exclusions, limitations of liability) may be available.

9.    Count Two (Equitable Relief) is subject to dismissal because equitable relief is not a separate cause of action. *Cox Communications PCS, L.P. v. City of San Marcos*, 204 F.Supp.2d 1272, 1283 (S.D. Cal. 2002). Furthermore, plaintiff's request for equitable relief is deficient because nowhere in the plaintiff's complaint does she allege that she lacks an adequate remedy at law. *Lucasfilm Ltd. v. Media Market Gp., Ltd.*, 182 F.Supp.2d 897, 899 (N.D. Cal. 2002). Further, while plaintiff seeks reformation of contract, she has not alleged any of the elements required to establish such relief.

10.    Counts Three (Breach of Duty to Warn) and Four (Negligent Training/Supervision/Retention) should be dismissed because they seek recovery in tort for economic losses, which is prohibited under the California economic loss doctrine. *Seely v. White Motor Co.*, 403 P.2d 145, 151-52 (Cal. 1965); *California Dept. of Toxic Subst. Control v. Payless Cleaners*, 368 F.Supp.2d 1069, 1084 (E.D. Cal. 2005); *County of Santa Clara v. Atlantic Richfield Co.*, 137 Cal. App. 4th 292, 318 (6th Dist. 2006). Alternatively, should the Court find that the negligence claims are not barred in their entirety, then Counts Three and Four are duplicative of one another.

11.    Counts Five, Six and Seven, which seek recovery under Sections 17500 and 17200 of the Unfair Competition Law ("UCL") and Section 1750 of the Consumer Legal Remedies Act ("CLRA"), lack the specificity required under Federal Rule of Civil Procedure 9(b). Where, as here, a plaintiff alleges fraud under the UCL or CLRA, those claims are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105-06 (9th Cir. 2003). Under Rule 9(b), averments of fraud must be accompanied by "the who, what, when, where and how" of the misconduct charged. *Vess*, 317 F.3d at 1106; *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Counts Five, Six and Seven of plaintiff's complaint contain no allegations regarding what specific misrepresentations were allegedly made, what specific

1   information was allegedly concealed, who made the alleged fraudulent statements and/or

2   concealments, to whom the fraudulent statements were allegedly made, and when such

3   misrepresentations were purportedly made.

4       12.    Lastly, plaintiff's Complaint does not properly state claims against The

5   ServiceMaster Company, ServiceMaster Consumer Services, Inc., and ServiceMaster Consumer

6   Services Limited Partnership.   Plaintiff has not alleged that she had a contract with the

7   ServiceMaster defendants and plaintiff's allegations otherwise fail to state any recognized cause of

8   action against the ServiceMaster defendants.

9       13.    Defendants incorporate herein by reference the arguments and authorities cited in

10  their supporting Memorandum of Law.

11      WHEREFORE, defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX

12  INTERNATIONAL COMPANY LIMITED PARTNERSHIP, THE SERVICEMASTER

13  COMPANY, SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER

14  CONSUMER SERVICES LIMITED PARTNERSHIP, pray that this Honorable Court grant their

15  Motion to Dismiss and dismiss the plaintiff's claims against them, award costs of this action and all

16  other just and appropriate relief.  Respectfully submitted,

17  DATED: February 29, 2008            HINSHAW & CULBERTSON LLP

18

19          s/Christopher Borders
            CHRISTOPHER J. BORDERS
20          Attorneys for Defendants
            TERMINIX INTERNATIONAL, INC.,
21          THE TERMINIX INTERNATIONAL COMPANY
            LIMITED PARTNERSHIP (erroneously sued herein as
22          The Terminix International Company),
            THE SERVICEMASTER COMPANY,
23          SERVICEMASTER CONSUMER SERVICES, and
            SERVICEMASTER CONSUMER SERVICES
24          LIMITED PARTNERSHIP

1   CHRISTOPHER J. BORDERS (CA SBN 135901)
    cborders@hinshawlaw.com
2   HINSHAW & CULBERTSON LLP
    One California Street, 18th Floor
3   San Francisco, California 94111
    Telephone: 415-362-6000
4

5   Attorney for Defendants
    TERMINIX INTERNATIONAL, INC.,
6   THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP
    (erroneously sued herein as The Terminix International Company),
7   THE SERVICEMASTER COMPANY,
    SERVICEMASTER CONSUMER SERVICES, and
8   SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP

9

10                      **UNITED STATES DISTRICT COURT**

11                      **NORTHERN DISTRICT OF CALIFORNIA**

12

13  BARBARA NEU on behalf of herself and all      ) Case No.  C07-06472 CW
    others similarly situated,                    )
14                                                ) **MEMORANDUM OF LAW**
                  Plaintiff,                       ) **IN SUPPORT OF**
15                                                ) **MOTION TO DISMISS**
           vs.                                     )
16                                                )
    TERMINIX INTERNATIONAL, INC., THE             )
17  TERMINIX INTERNATIONAL COMPANY,               ) Complaint Filed:  December 27, 2007
    THE SERVICEMASTER COMPANY,                    )
18  SERVICEMASTER CONSUMER SERVICES,              )
    SERVICEMASTER CONSUMER SERVICES               )
19  LIMITED PARTNERSHIP,                          )
                                                  )
20                Defendants.                      )
                                                  )
21

22        Defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL

23  COMPANY   LIMITED   PARTNERSHIP,   THE   SERVICEMASTER   COMPANY,

24  SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER CONSUMER

25  SERVICES LIMITED PARTNERSHIP, by and through their attorney, Christopher J. Borders of

26  HINSHAW & CULBERTSON LLP, for their Memorandum of Law in Support of their Rule

27  12(b)(6) Motion to Dismiss, state as follows:

28
                                              1

## I.    INTRODUCTION

The plaintiff claims improprieties with respect to termite protection services provided at her home.  However, rather than filing a clear, straightforward pleading that asserts her alleged claims against the company that provided the termite protection services, plaintiff's counsel has filed a convoluted pleading, lacking any specificity, against multiple parties, in the hope that such vagaries can enable the pursuit of a class action attacking the overall business practices of numerous parties.  In fact, the plaintiff is so anxious to avoid limiting the lawsuit to her own circumstances that she does not attach the contract which forms the basis of her claims and does not quote a single word from the contract.  For this reason, and for numerous other reasons, the Complaint is legally and factually deficient and should be dismissed.

## II.    STANDARD FOR MOTION TO DISMISS UNDER RULE 12(B)(6)

In *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1969 (2007), the Supreme Court adopted a pleading threshold requiring factual allegations establishing a plausible entitlement to relief.[1]  The Court concluded that the oft-cited standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957)[2] should be retired, observing that the phrase "is best forgotten as an incomplete negative gloss on an accepted pleading standard."

*Bell Atlantic* did more than merely consign *Conley's* "no set of facts" standard to retirement. It clarified the minimum pleading standards applicable under Rule 8(a)(2). While adhering to the notion that a plaintiff need not set out in great detail the facts upon which a claim is based, the Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

---

[1]    "In applying these general standards…we hold that stating such a claim requires a complaint with *enough factual matter* … to suggest an agreement was made." *Bell Atlantic*, 127 S.Ct. at 1965 (emphasis added).

[2]    Under *Conley*, "a complaint should not be dismissed … unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.

action will not do." *Bell Atlantic*, 127 S.Ct. at 1964-65. The Court observed that "without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice" of the nature of the claim, but also [the] 'grounds' on which the claim rests." *Id.* at 1965.

*Bell Atlantic* held a federal complaint's factual allegations "must be enough to raise a right to relief beyond the speculative level." 127 S.Ct. at 1965. That means a complaint's factual allegations must establish more than the "mere possibility" of liability; rather, they must demonstrate "a plausible entitlement to relief." *Id.* at 1966-67. *Bell Atlantic* also observed that under its "plausible entitlement" standard "[i]t is not . . . proper to assume that [the plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Bell Atlantic*, 127 S.Ct. at 1969 n. 8, quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983). At issue in *Bell Atlantic* was whether plaintiffs had pled sufficient facts to establish the existence of an agreement or conspiracy between the defendants to restrain trade in violation on §1 of the Sherman Act.[3] *Bell Atlantic* held that the need "for allegations plausibly suggesting (not merely consistent with) [an] agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w]' that the pleader is entitled to relief.'" *Bell Atlantic*, 127 S.Ct. at 1966.

---

[3] While *Bell Atlantic* involved an antitrust action under §1 of the Sherman Act, the decision cannot be limited to antitrust claims. Nothing in *Bell Atlantic* suggests the Court was limiting its holding to the pleading requirements of antitrust claims. The Court clearly meant to make a statement of general application pertaining to Rule 8(a)(2). The Court in *Bell Atlantic* drew support for its holding from a series of pleading decisions, any number of which did not involve antitrust claims. Indeed, *Conley* addressed a claim under the Railway Labor Act seeking to compel a collective bargaining agent to represent the plaintiffs fairly. *Wilson v. Schnettler,* which the *Bell Atlantic* Court quoted with approval in its footnote 8, addressed the pleading requirements for a §1983 false arrest claim. In *Papasan,* the Court addressed the factual sufficiency of an equal protection claim. The *Dura Pharmaceuticals* decision cited with approval in *Bell Atlantic*, 127 S.Ct. at 1966 addressed the factual allegations necessary to bring a claim under §10(b) of the Securities Exchange Act of 1934. Thus, *Bell Atlantic* is not limited strictly to antitrust actions, but rather is an explicit declaration that greater factual specificity in complaints must be supplied in order to stave off dismissal.

3

*Bell Atlantic* has been applied numerous times by the Northern District of California. *See e.g., Van Slyke v. Capital One Bank*, 503 F.Supp. 2d 1353, 1358 (N.D. Cal. 2007) (citing *Bell Atlantic's* holding that a plaintiff's obligation to provide the grounds of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *American Canine Foundation v. Sun*, No. C-06-4713, 2007 WL 4208358 (N.D. Cal. Nov. 27, 2007)(noting that under *Bell Atlantic*, "[f]actual allegations must be enough to raise a right to relief above the speculative level.").

In ruling on a motion to dismiss, a court should also not accept as true any unsupported conclusions of fact or assertions involving mixed allegations of fact and law. *Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F.Supp.2d 972, 977 (N.D. Cal. 2005); *Bell Atlantic*, 127 S.Ct. at 1965, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A court should also disregard legal conclusions that are either alleged or which can be inferred from the allegations of the complaint. *In re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F.Supp.2d 609, 613-14 (N.D. Cal. 2007). "[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim." *Id.*

Applying the standard set forth in *Bell Atlantic* to the claims now before this Court, the defendants explain in the following sections of this Memorandum how *Bell Atlantic* warrants dismissal of the plaintiff's claims.

### III.     ARGUMENT

**A.     Plaintiff Has Not Properly Pled Breach of Contract or Warranty.**

Plaintiff's claim for breach of contract and breach of warranty is subject to dismissal because the terms of the contract are not set out verbatim in the body of the Complaint or incorporated by reference to an attached copy of the written instrument. In *Campbell v. Allstate Ins. Co.*, No. CV-95-1171, 1995 WL 376926 (C.D. Cal. 1995), the court held that in order to state a valid claim for

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
Case No. C07-06472 CW

breach of contract, "the terms of the contract must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Campbell,* 1995 WL 376926, at *2. *See also Woods v. Asset Resources,* No. 1:06-cv-00398, 2006 WL 3782704 (E.D. Cal. 2006)("[i]f the contract is written, the terms must be set forth verbatim or a copy attached and incorporated by reference.").

Further, the Notes to the Forms appended to the Federal Rules of Civil Procedure state that "plaintiff may set forth the contract verbatim in the complaint or plead it, as indicated, by exhibit, or plead it according to its legal effect." NOTE TO FED. R. CIV. P. OFFICIAL FORM 12; *see* OFFICIAL FORMS 3, 12. "To plead the legal effect of a contract, plaintiffs must 'allege the substance of its relevant terms.'" *Parrish v. National Football League Players Ass'n,* No. C07-00943, 2007 WL 2601385, at *10 (N.D. Cal. 2007). "This is more difficult [than pleading the precise language], for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions." *Id.*

Plaintiff's Complaint (attached hereto as Exhibit "A") generally asserts that she and proposed class members have suffered damage as a result of Terminix's failure to comply with various obligations and warranties contained in termite agreements. (Ex. "A," ¶21). There is no contract attached as an exhibit to the Complaint and no specific contract terms are set out verbatim. Further, the specific terms of the alleged contract and/or warranty are not set forth in the complaint, and there are insufficient allegations for the defendants to ascertain what contract or contracts are involved and which provisions are claimed to have been breached.

The defendants challenge the sufficiency of the plaintiff's breach of contract and warranty actions not only because the allegations do not comply with the applicable pleading standards, but also because the defendants have no termite contract in plaintiff's name. Accordingly, as a practical matter, the defendants are unable to determine what contract or warranty plaintiff is seeking relief

under.  Moreover, without any ability to determine what contracts are at issue, the defendants are unable to ascertain those defenses which may be applicable, such as limitations of liability, exclusions, and disclaimers.[4]

As discussed above, *Bell Atlantic* requires a complaint with "*enough factual matter … to suggest an agreement was made.*" *Bell Atlantic*, 127 S.Ct. at 1965 (emphasis added).  The plaintiff's claims for breach of contract and breach of warranty fall well below this standard.  Even under the pre-*Bell Atlantic* jurisprudence, the plaintiff's complaint fails to provide the defendants with adequate notice of the contractual basis for the claim.  For the above reasons, plaintiff's claims for breach of contract and breach of warranty fail to state a claim upon which relief can be granted and should be dismissed.

**B.    The Claim for Equitable Relief Must be Dismissed Because it is Not a Separate Cause of Action and Because Plaintiff Has Not Alleged That She Lacks an Adequate Remedy at Law.**

Count Two of the plaintiff's Complaint is entitled "Equitable Relief" and asks the Court to enjoin the defendants' alleged wrongful conduct, order disgorgement of funds collected from plaintiff and other putative class members, and reform existing agreements "so as to comply with the law and proper conduct." (Ex. "A," ¶¶63-64).

"Injunctive relief, like damages, is a *remedy requested by the parties, not a separate cause of action.*" *Cox Communications PCS, L.P. v. City of San Marcos*, 204 F.Supp.2d 1272, 1283 (S.D. Cal. 2002)(emphasis in original).  *See also McDowell v. Watson*, 59 Cal.App.4[th] 1155, 1159, 69

---

[4]    The only property address listed in the plaintiff's Complaint is 14458 Wick, San Leandro.  (Ex. "A," ¶¶3, 17).  Plaintiff alleges at Paragraph 3 that she resides at 14458 Wick, and in Paragraph 17, alleges that Terminix's office is located at 14458 Wick.  Terminix's offices were formerly located at 14558 Wick (not 14458 as alleged in Paragraph 17).  Further, Terminix has no record of any contract relating to 14458 Wick, where the plaintiff alleges that she resides.  Terminix did have a customer account in Barbara Neu's name relating to premises located at 16073 Gramercy Drive, San Leandro, California 94546, but it was canceled for non-payment of the annual renewal fee in May 2005.  While Barbara Neu's name appears in some of the treatment and inspection records relating to the Gramercy Drive property, the termite contract was sold to and signed by Bruce Whitney in May 1999, and that property is not mentioned anywhere in plaintiff's Complaint.  At a minimum, plaintiff should be required to identify the correct property, as well as the written contract which she is seeking relief under, so that the defendants are apprised of the contract provisions at issue and the applicable defenses.

6

Cal.Rptr.2d 692, (Cal. Ct. App. 1997)("Injunctive relief is a remedy and not, in itself, a cause of action."); *County of Del Norte v. City of Crescent City*, 71 Cal.App. 4th 965, 973, 84 Cal.Rptr.2d 179 (Cal.Ct. App. 1999)(holding that injunctive relief is a remedy, not a cause of action, and therefore is not attendant to an underlying cause of action). Because equitable relief is not a separate cause of action, Count Two of the complaint should be dismissed.

Plaintiff's request for equitable relief appearing in the Prayer for Relief (Page 20 of the complaint) should be stricken because nowhere in the plaintiff's Complaint does she allege that she lacks an adequate remedy at law. "The basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Lucasfilm Ltd. v. Media Market Gp., Ltd.*, 182 F.Supp.2d 897, 899 (N.D. Cal. 2002), *quoting Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). *See also Department of Fish and Game v. Anderson-Cottonwood Irrigation Dist.*, 8 Cal.App.4th 1554, 1564, 11 Cal.Rptr.2d 222 (Cal. Ct. App. 1992)("A party seeking injunctive relief must show the absence of an adequate remedy at law.") Nowhere in plaintiff's complaint does she allege that she lacks an adequate remedy at law and will suffer irreparable injury absent injunctive relief.

Lastly, while the plaintiff seeks reformation of agreements (Ex. "A," ¶64), that remedy is available only where, "through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties." CAL. CIV. CODE §3399. Plaintiff has pled none of the elements required to show reformation of contract and accordingly, the plaintiff's request for such relief should be dismissed.

**C.    Plaintiff's Negligence Claims Are Barred By The Economic Loss          Doctrine    And    Alternatively, Are Duplicative.**

**1.    The Negligence Claims Are Barred Under the Economic Loss Doctrine.**

Count Three of plaintiff's complaint alleges breach of the duty to warn, and Count Four alleges negligent training, supervision and retention. (Ex. "A," ¶¶65-78). Each of these claims

7

should be dismissed because they seek recovery in tort for economic losses, which is prohibited under the California economic loss doctrine. Under California law, plaintiffs may seek remedies for negligence only for physical injury to person or property and not for purely economic losses. *Seely v. White Motor Co.,* 403 P.2d 145, 151-52 (Cal. 1965); *California Dept. of Toxic Subst. Control v. Payless Cleaners*, 368 F.Supp.2d 1069, 1084 (E.D. Cal. 2005). Economic damages are defined as "damages for inadequate value, cost of repair and replacement of [a] defective product, or consequent loss of profits – without any claim of personal injury or damages to other property." *Payless Cleaners*, 368 F.Supp.2d at 1084. The economic loss rule "prevent[s] the law of contract and the law of tort from dissolving one onto the other." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988, 102 P.3d 268 (Cal. 2004).

Plaintiff's complaint alleges failure to properly treat and inspect for termites (*see, e.g.,* Ex. "A," ¶¶25, 28, 73-74), and consequently, the loss being claimed is presumably termite damage to plaintiff's home due to the defendants' alleged failure to eradicate the termites. In light of the nature of the claim and the resulting loss, this Court should find that this case falls within the contract realm of diminished expectations, rather than the accident world of tort law.

*County of Santa Clara v. Atlantic Richfield Co.,* 137 Cal. App. 4th 292, 40 Cal.Rptr.3d 313 (6th Dist. 2006) is similar to the instant case. and establishes that the plaintiff's tort claims are barred by the economic loss doctrine. In *Santa Clara,* homeowners sued lead paint manufacturers, asserting that their homes were damaged by the presence of hazardous lead paint. Like the plaintiff in the instant case, there was no claim of physical injury to the plaintiffs' premises but instead, the damages consisted of expenses incurred in repairing the homes and removing the lead paint. The court held that the cost of repairing the homes was a purely economic loss which was not recoverable in tort. *Santa Clara*, 137 Cal. App. 4th at 337-38. "[O]nly physical injury can support a negligence . . . cause of action, and cost of repair does not constitute physical injury." *Id.*

This Court, like the court in *Santa Clara,* should find that plaintiff has made no allegation of physical injury. Instead, the alleged failure to eradicate the termites is a purely economic loss which is not recoverable in tort. Because plaintiff's negligence claims seek recovery in tort for economic losses, this Court should find that those claims are barred under the economic loss doctrine. Accordingly, this Court should dismiss Counts Three and Four of the plaintiff's complaint, with prejudice.

### 2.    Counts Three and Four are Duplicative.

Alternatively, should this Court find that the negligence claims are not barred in their entirety, then Counts Three and Four are duplicative of one another. *See Ponce v. Lloyd,* 46 F.3d 1144 (9th Cir. 1995)(count properly dismissed as duplicative); *Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007). Count Three (entitled "Breach of Duty to Warn") and Count Four (entitled "Negligent Training, Supervision and Retention") allege violation of the same common law tort duty. Further, Counts Three and Four each allege various types and sub-categories of negligent conduct. Accordingly, rather then being pled in separate counts, the negligence claims should be pled in a single count.

### D.    The UCL and CLRA Claims Lack The Required Specificity.

Counts Five, Six and Seven seek recovery under Sections 17500 and 17200 of the Unfair Competition Law ("UCL") and Section 1750 of the Consumer Legal Remedies Act ("CLRA"). Where, as here, a plaintiff alleges fraudulent conduct under the UCL or CLRA, such claims are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003). In Count Five, plaintiff alleges that the defendants perpetrated a "plan and scheme" in which they disseminated "untrue or misleading" promotional materials which "were and are likely to deceive the general public." (Ex. "A," ¶82). Similarly, in Count Six, the plaintiff accuses the defendants of "fraudulent business practices." (Ex. "A," ¶86).

In Count Seven, the plaintiff accuses the defendants of a "willful and intentional" violation of CLRA Section 1770(a)(7).[5]  In light of the plaintiff's allegations, it is clear that the plaintiff's UCL and CLRA claims are "grounded in fraud" and therefore, under *Vess*, are subject to the particularity requirements of Rule 9(b).

Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud . . . the circumstances constituting fraud shall be stated with particularity." FED.R.CIV. P. 9(b).  This means that the plaintiff must allege "the who, what, when, where and how" of the misconduct charged. *Vess*, 317 F.3d at 1106; *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  Count Five merely alleges that the defendants prepared and distributed false promotional materials.  Not only are there no specific misrepresentations alleged, but the plaintiff does not identify any specific individuals who made the alleged fraudulent statements.  Nor does plaintiff identify the person or persons to whom the alleged fraudulent statements were made.  Further, there are no allegations regarding when the alleged misrepresentations were purportedly made.

Counts Six and Seven are similarly lacking in any specificity.  Count Six simply claims "unfair, unlawful and fraudulent business practices" (Ex. "A," ¶86) but does not list any particular acts or practices or when, where and by whom they were allegedly committed.  Count Seven makes reference to a particular agreement, specifically, a Sentricon Subterranean Termite Protection Plan.  However, plaintiff fails to attach the contract to the complaint, nor does plaintiff set out the contract's specific terms.  Count Seven is devoid of the "who, what, when, where and how" of the alleged misconduct. *Vess*, 317 F.3d at 1106; *Cooper*, 137 F.3d at 627.

Counts Five, Six and Seven of plaintiff's complaint contain no allegations regarding what specific misrepresentations were allegedly made, what specific information was allegedly concealed,

---

[5]    California Civil Code Section 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

who made the alleged fraudulent statements and/or concealments, to whom the fraudulent statements were allegedly made, and when and where such misrepresentations were purportedly made. Because Counts Five, Six and Seven are devoid of any allegations regarding these required elements, this Court should find that these claims lack the level of particularity required under Rule 9(b).

**E.      Plaintiff Has Failed to Properly Allege Claims Against the        ServiceMaster Defendants.**

Plaintiff's Complaint alleges improprieties in termite protection services provided by Terminix. In addition to Terminix, plaintiff's Complaint names The ServiceMaster Company, ServiceMaster Consumer Services, Inc., and ServiceMaster Consumer Services Limited Partnership. Nowhere in the complaint does the plaintiff allege that she entered into an agreement with any of the ServiceMaster defendants. Plaintiff's allegations against the ServiceMaster defendants consist of claims that they "participate, guide and manage" the activities of Terminix, and that ServiceMaster "backs and supports" the customer guarantees allegedly provided by Terminix. (Ex. "A," ¶¶13, 15-16).

A corporation is a legal entity separate and distinct from its shareholders, officers, directors, and other corporations with which it may be affiliated. *Say & Say, Inc. v. Ebershoff*, 20 Cal.App.4[th] 1759, 1767-68 (Cal.Ct.App. 1993). Plaintiff's allegations that the ServiceMaster defendants "participate, guide and manage" the activities of Terminix, and that they "back and support" Terminix's customer guarantees are insufficient to hold ServiceMaster liable for the alleged conduct of Terminix and otherwise fail to state any recognized cause of action against the ServiceMaster defendants.

## IV.    CONCLUSION

WHEREFORE, the defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, THE SERVICEMASTER COMPANY, SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER

CONSUMER SERVICES LIMITED PARTNERSHIP, respectfully request that this Court enter an order dismissing plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), award the defendants the costs of this action and for all other just and appropriate relief.

Respectfully submitted,

DATED: February 29, 2008                    HINSHAW & CULBERTSON LLP


                                             s/Christopher Borders
                                            CHRISTOPHER J. BORDERS
                                            Attorneys for Defendants
                                            TERMINIX INTERNATIONAL, INC.,
                                            THE TERMINIX INTERNATIONAL COMPANY
                                            LIMITED PARTNERSHIP (erroneously sued herein as
                                            The Terminix International Company),
                                            THE SERVICEMASTER COMPANY,
                                            SERVICEMASTER CONSUMER SERVICES, and
                                            SERVICEMASTER CONSUMER SERVICES
                                            LIMITED PARTNERSHIP

2968456 884739

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
Case No. C07-06472 CW

**Exhibit A to Memorandum of Law in Support of Motion to Dismiss**



1  H. TIM HOFFMAN, SBN 49141
   ARTHUR W. LAZEAR, SBN 83603
2  MORGAN M. MACK SBN 212659
   **HOFFMAN & LAZEAR**
3  180 Grand Avenue, Suite 1550
   Oakland, CA 94612
4  Telephone: (510) 763-5700

5  CHRISTIAN H HARTLEY
   DANIEL M. BRADLEY
6  **RICHARDSON, PATRICK,**
   **WESTBROOK & BRICKMAN, LLC**
7  174 E. Bay Street
   Charleston, SC 29401
8  Telephone: (843) 727-6564

9  THOMAS F. CAMPBELL
   **CAMPBELL LAW**
10 **A PROFESSIONAL CORPORATION**
   100 Concourse Parkway, Suite 115
11 Birmingham, AL 35244
   Telephone: (205) 278-6650

12

   Attorneys for Plaintiff
13
                    **UNITED STATES DISTRICT COURT**
14
                 **NORTHERN DISTRICT OF CALIFORNIA**
15
                                          C07-06472
16 BARBARA NEU  on behalf of herself and    )   Case No.
   all others similarly situated,            )
17                                           )   **CLASS ACTION COMPLAINT**
              Plaintiff,                      )
18                                           )   Demand  for Jury Trial
   vs.                                        )
19                                           )
   Terminix International, Inc.,              )
20 The Terminix International Company, LP,    )
   The ServiceMaster Company                 )
21 ServiceMaster Consumer Services, Inc.,     )
   ServiceMaster Consumer Services            )
22 Limited Partnership,                       )
                                             )
23            Defendants.                     )
                                             )
24                                           )
                                             )
25                                           )
                                             )
26                                           )
                                             )
27

28

   Class Action Complaint

**ORIGINAL FILED**

DEC 2 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

JCS

**CLAIM**

**I.    INTRODUCTION**

1.    This action arises out of the pattern and practice by Defendants of failing to provide the subterranean termite prevention and control services they are required by statute, labels, good entomologic practice and contracts to provide; collecting fees for installation and maintenance of chemical barriers without fully applying or maintaining the barrier; collecting fees for periodic inspection without conducting the inspections or conducting the inspections in a such a deficient manner that it fails to satisfy the purpose of the periodic inspection; placing properties under a contract to prevent termite infestation when the company knows the manner of construction will prevent effective fulfillment of the purpose of prevention services; illegally raising annual renewal fees; and of suppressing this information to generate income without providing services.

2.    Such a scheme is in violation of California Business and Professions Code Sections 17200 & 17500, California Consumer Legal Remedies Act, California Civil Code §§1750 – 1784, in breach of express and implied contracts, and common law obligations with Plaintiff and other similarly situated persons.

**II.    PARTIES**

3.    Plaintiff is an adult resident citizen of Alameda County, State of California, currently residing at 14458 Wick, San Leandro, California, 94577.

4.    Plaintiff is informed and believes and thereon alleges that The Terminix International Company, LP, is or was a Delaware limited partnership based in Wilmington, Delaware, and located at 1209 Orange Street, Wilmington, Delaware, 19801, with its principal place of business in Memphis, Tennessee, that registered in California on February 3, 1987, and is routinely conducting business in California.

5.    Plaintiff is informed and believes and thereon alleges that Terminix International, Inc., is or was a Delaware corporation with its principal place of business in Memphis, Tennessee, and located at 860 Ridge Lake Boulevard, Memphis, Tennessee, 38120, that registered in California on February 4, 1987, and is routinely conducting business in California. Terminix International, Inc. is the general partner of Terminix International, LP.

6.    Plaintiff is informed and believes and thereon alleges that The ServiceMaster Company is a Delaware corporation, incorporated on September 10, 1991, based in Memphis, Tennessee, and located at 860 Ridge Lake Blvd, Memphis, Tennessee, 38120, that is routinely conducting business in California.  ServiceMaster represents itself as a "Fortune 500 Company that's $3.5 billion strong."

7.    Plaintiff is informed and believes and thereon alleges that ServiceMaster Consumer Services, Inc., is or was a Delaware corporation based in Memphis, Tennessee, and located at 860 Ridge Lake Boulevard, Memphis, Tennessee, 38120, that registered in California on March 14, 2002, and is routinely conducting business in California.

8.    Plaintiff is informed and believes and thereon alleges that ServiceMaster Consumer Services Limited Partnership, is or was a Delaware limited partnership based in Wilmington, Delaware, and located at 1209 Orange Street, Wilmington, Delaware, 19801, that registered in California on November 3, 1994, and is routinely conducting business in California.

9.    The term "Plaintiff (s)" as used in this complaint means and includes all persons and entities listed and named as Plaintiff in the caption of this complaint, or any amendment thereto, and in the text paragraphs thereof, and include any Plaintiff hereafter added by amendment, joinder or intervention.  The term "Plaintiff (s)" also means and includes both the named Plaintiff individually and as representative of the class and any subclass herein described, as well as each member of such class and any subclass.

2
Class Action Complaint

10.    The term "Defendant" as used in this complaint means and includes all persons and entities listed and named as a Defendant in the caption of this complaint or any amendment thereto and in the text paragraphs thereof, and includes any Defendant hereafter added by amendment or otherwise (unless otherwise specified in the amendment).

11.    Plaintiff is informed and believes and thereon alleges that Defendants The Terminix International Company, LP, and Terminix International, Inc., (hereinafter collectively "Terminix" or the "Terminix Defendants") sell and claim to provide termite protection services throughout California. The Terminix International Company, LP, is the sales and service provider for the individual customers who have entered into binding contracts with The Terminix International Company, LP, and/or Terminix International, Inc., by and through The Terminix International Company, LP. The Terminix International Company, LP, is part of a group of service providers along with Merry Maid, Furniture Medic, ARS, American Home Shield, and TruGreen ChemLawn that make up the ServiceMaster Group. Terminix International, Inc., is the general partner of The Terminix International Company, LP. Defendant ServiceMaster Consumer Services, LP is the immediate parent to both of the Terminix Defendants and The ServiceMaster Company is the ultimate Parent.

12.    Plaintiff is informed and believes and thereon alleges that The ServiceMaster Company, ServiceMaster Consumer Services, Inc., and/or (hereinafter collectively "ServiceMaster" or the "ServiceMaster Defendants") claim and report all of Terminix's assets and liabilities as part of its overall annual financial reporting.

13.    The ServiceMaster Defendants, by and through their executive officers and executive board, directly participate, guide, and manage all of the activities of the Terminix Defendants through active and direct participation in the managerial affairs of the Terminix Defendants.

14.    Terminix is for all legal and practical purposes a mere department or "business unit" of ServiceMaster.

15.    Terminix represents that all of the customer's services offered by Terminix are backed by the financial strength of ServiceMaster.

16.    ServiceMaster publishes, backs, and supports the customer satisfaction guarantees provided by Terminix to all Terminix customers.

17.    Terminix conducts business in the Northern District of California, including Alameda County, and serviced Plaintiff's property out of its office located at 14458 Wick, San Leandro, California, 94577.

## JURISDICTION AND VENUE

18.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(d)(2). Plaintiff is a citizen of the State of California, and Defendants are incorporated in, or have their principal places of business, in the States of Delaware and Tennessee, and in this class action the aggregate amount of damages shall exceed five million dollars.

19.    Venue is proper in this Court under 28 U.S.C. § 1391(a) because the events that give rise to Plaintiff's claims took place within the Northern District of California.

20.    Pursuant to Civil L. R. 3-2(c), the Oakland Division of this Court is the appropriate division because a substantial part of the events that give rise to the claim occurred in Alameda County.

## III.    FACTS COMMON TO ALL COUNTS

21.    Defendants, by and through their agents, servants, and or employees, caused Plaintiff, or Plaintiff's predecessor(s) in interest, to enter into a termite agreement/contract with

Defendants on or about the date that contracts and/or service orders or transfer/assignment of contract requests were made (dates within the knowledge and control of the Defendants).

22.      Defendants' contracts provide a guarantee of inspections or re-inspections, treatment or re-treatment, and sometimes for repair of any termite-related damage, provided that Plaintiff pays the annual renewal fee.

23.      In consideration for said guarantee(s), Defendants were paid an initial treatment fee, guarantee transfer fee and/or renewal fees.

24.      Defendants, by and through their agents, servants, and or employees, routinely performed the initial pre-treatment or post-construction treatments of properties and issued re-treatment and repair guarantees. Thereafter, Defendants continually renewed the termite guarantees on properties up to the present. Defendants have never disclosed that they are not providing the prevention or control services promised under their written guarantees.

25.      Defendants did not intend to fulfill the terms of their termite prevention contracts at the time they entered into and renewed the agreements and failed to refund premiums and charges to customers after they knew or should have known that their prior service was no longer reasonably expected to be delivering a complete barrier to termite infestation

26.      Defendants illegally raised annual renewal fees.

27.      Defendants were uniformly obligated to provide services to protect homes from termite infestation through assuring adequate inspections and the effective application and maintenance of chemical barriers (in a stand alone manner or in conjunction with application of alleged "baiting stations" for termites) in a uniform manner in the soil under and around the foundation of the property so that the protection and future inspections could be performed in a reasonable manner all in accordance with the law, label directions for termiticides and industry standards. Defendants uniformly failed to perform these duties.

28.     Defendants, by and through their agents, servants, and or employees, uniformly and continuously failed to provide the necessary preventive chemical treatments, falsely claimed they were using a "bait" to lure termites into poisonous traps that would lead to the death of entire termite colonies, and thus failed to perform the obligations undertaken by contract and imposed by law.

29.     Defendants, by and through their agents, servants, and or employees, uniformly and continuously failed to conduct adequate initial inspections, annual inspections, and re-inspections for termite infestation or related damage and other wood destroying organisms as required by contract and law and which were relied upon by Plaintiff.

30.     Defendants, by and through their agents, servants, and or employees, uniformly and continuously failed to perform the initial services that would be reasonably effective to prevent subterranean termite infestation, including elimination of conducive conditions prior to application of chemical or other prevention or control measures such as alterations to structures or foundation areas so as to make application of a complete chemical barrier an effective preventative or control measure against termites, and failure to apply chemical as required by labels and good practice and company policy and failure to reapply chemicals when disruption of barriers occurred.

31.     Defendants, by and through their agents, servants, and or employees, uniformly failed to inform customers that they would not maintain the chemical barrier after the product was believed to have worn off and instead continued to collect annual renewal premiums for the protection service when they knew any chemical barriers they applied had worn off and that the basic prevention service offered by the contract was not being provided.

32.     Defendants, by and through their agents, servants, and or employees, intentionally created a scheme and system which has promoted and led to widespread negligence, recklessness

1   and wantonness in the manner of termite prevention services and inspections, annual inspections,

2   re-inspections and certifications thereof.

3       33.   Defendants, by and through their agents, servants, and or employees, engaged in a

4   practice of representing that they had developed a system that would "lure" termites to stations

5   containing a poison "bait" that would eliminate termite colonies when they knew that because of

6   the random foraging patterns of subterranean termite colonies, the wood in plastic tubes laced in

7   the ground did not act as a lure or bait for termites.  Defendants knew the product did not "bait"

8   termites but instead that termites would have to randomly stumble upon the "traps" to have any

9

10  effect and that disturbing infested wooden stations could cause termites to abandon the site, and

11  falsely advertised and sold prevention and control services as baits without providing bait for

12  termites

13

14      34.   The Defendants followed a practice of including definitions with repair contracts

15  in combination with business practices that would cause the conditions for coverage not to be

16  met, which is and was a deceptive and unfair practice.  For example, the repair promise was

17  conditioned upon a Terminix employee finding live termites when the practice of the company

18  was to kill live termites before the extent of live termites could be discovered by the property

19  owner and when termites could damage wood during the contract term without being present at

20  the time of inspection.

21

22      35.   Defendants, by and through their agents, servants, and or employees,

23  intentionally, recklessly, wantonly and/or negligently suppressed the fact that the entirety of

24  Plaintiff's house had not received the termite treatment for which Plaintiff had contracted at the

25  beginning of the relationship.  Defendants have refused to make proper remedial treatments

26  and/or repairs to the home every day since the original treatment, causing a new breach or tort

27  each day thereafter through a course of active concealment of wrongdoing in the face of a duty of

28

1    disclosure and, therefore, has lulled the Plaintiff and class members into believing the property

2    received the service promised.

3        36.    Defendants routinely followed a practice of including unfair, illegal, and

4    unconscionable clauses in their consumer contracts such as remedy stripping clauses and

5    arbitration clauses containing class action bans and limitations on remedies.  Clauses containing

6    these types of restrictions are unconscionable and unenforceable under California Law.

7

8        37.    ServiceMaster uniformly and continuously controlled and directed the

9    aforementioned conduct and omissions of Terminix.

10        38.    The foregoing activities, concealment, and patterns and practices, have been

11    known to, authorized, directed and controlled by, ServiceMaster and have been sanctioned,

12    approved and/or condoned, and allowed to continue even after investigating said alleged

13    practices.

14

15        39.    Defendants, by and through their agents, servants, and or employees, have held

16    themselves out to Plaintiff, or their predecessor(s) in interest, as being experts in the field of

17    termite infestation treatment and inspection in advertisements and other publications directed at

18    the residents of this state and by virtue of the activities they undertook as licensed Structural Pest

19    Control Operators (" SPCO's").

20        40.    Defendants uniformly represented in standardized printed material and by their

21    actions that Plaintiff's property had been properly treated and otherwise protected from termite

22    infestation using the highest standards and that services were provided in compliance with law.

23

24        41.    Defendants have preyed upon and exploited the Plaintiff's lack of expertise, as it

25    relates to proper termite treatment, inspection, re-inspection and re-treatment.

26

27

28

42.     Defendants actively concealed their practices, schemes and wrongdoing, took steps to make it appear as if there was no wrongdoing, and engaged in other activities by reason of which the tolling of all applicable statutes of limitation is appropriate and required.

## IV.    CLASS ACTION ALLEGATIONS

43.     This action is brought by the named Plaintiff as a class action, on her own behalf and on behalf of all others similarly situated ("the Class"), under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

44.     The Class is comprised of all individuals, proprietorships, partnerships, corporations, and other entities (hereinafter 'persons and entities') that own any home, condominium, apartment complex, commercial building, or other structure, and/or improvements to real property (hereinafter referred to as "structure") located in the State of California who have purchased contracts and/or warranties from Defendants for termite control service or whose contracts with other providers have been purchased or assumed by Defendants, which contain provisions substantially similar to Plaintiff's. Excluded from the Class are all claims by any persons or entities that have already commenced an individual civil action against Defendants related to the subject matter of this litigation. Also excluded from the Class are the following: Defendants; any parent, subsidiary, affiliate, or controlled person of Defendants; the officers, directors, agents, servants or employees of any of the same; persons whose participation as a class representative or member would require recusal of the hearing officer; members of the judiciary assigned to this case and their relatives within the second degree of consanguinity; and, the members of the immediate families of any such person.

45.     This action has been brought and may properly be maintained as a class action under California law.

46.    Plaintiff is unable to state precisely the size of the Class, but is informed and believes that members of the Class number at least into the thousands. The Class is sufficiently numerous and dispersed throughout the state that joinder of all its members is impractical.

47.    There are numerous common questions of law and fact with respect to Defendants and their contracts involving the Class members. Among these questions common to the Class are:

(a)    Whether Defendants provided necessary services for the control, prevention, eradication, and inspection for termites;

(b)    Whether Defendants, with respect to their contract for service, were negligent in the execution of the service that they were to provide and/or failed to provide the services promised or otherwise required;

(c)    Whether Defendants collected money without providing the services they were obligated to provide;

(d)    Whether Defendants engaged in a pattern and practice of replacing existing service contracts with other service contracts to improperly excuse prior breaches of duties, limit liability, discourage collectively seeking remedies that may be infeasible to seek individually, and with other terms more favorable to Defendants;

(e)    Whether Defendants illegally raised and collected annual renewal fees;

(f)    Whether Plaintiff and class members are entitled to recover compensatory damages;

(g)    Whether Plaintiff and class members are entitled to recover equitable relief;

(h)    Whether Plaintiff and class members are entitled to recover punitive damages; and

(i)    Whether contracts should be equitably reformed;

48.    Class action treatment provides a fair and effectual method for the adjudication of the controversy here described, affecting a large number of persons, the joinder of whom is impracticable. The class action provides an effective method whereby the enforcement of the rights of Plaintiff and members of the Class can be fairly managed without unnecessary expense or duplication.

49.    If Class members were to pursue individual litigation, it would be unduly burdensome to the courts within which the individual litigation would proceed.  Individual litigation would magnify the delay and expense to all parties in the court system by resolving the controversy engendered by Defendants' course of conduct with respect of its contract. By contrast, the class action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.  Concentrating this litigation in one forum will aid judicial economy and efficiency, promote parity among the claims of the individual Class members and result in judicial consistency.  Notice of the pendency and any resolution of this action can be provided to the Class members by publication and direct mailing upon discovery of Defendants' files.

50.    The expense and burden of individual litigation of a case of this magnitude make it impractical for individual Class members to seek redress for the wrongs done to them and therefore requires consolidation of all such claims in one action.

51.    The claims of Plaintiff, as the Class Representative, are typical of the claims of the members of the Class.

52.    Plaintiff will fairly and adequately protect the interests of the Class she represents. The interests of Plaintiff, as the Class Representative, are consistent with those of the members of

the Class. In addition, Plaintiff is represented by experienced and able counsel who have

represented Plaintiffs classes in similar litigation.

53.    Plaintiff and class members envision no unusual difficulty in the management of

this action as a Class action.

54.    Plaintiff and the Class had no knowledge of Defendants' wrongdoing alleged

herein and could not have discovered the true nature of Defendants' acts at any time prior to the

filing of this complaint by exercise of due diligence because of the concealment of the

wrongdoing by Defendants. Accordingly, Plaintiff's claims alleged herein are not barred by any

applicable statute of limitations.

## COUNT ONE

### Breach of Contract and Warranty

55.    The preceding paragraphs of this Complaint, and any additional factual averments

set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporat-

ed by reference in this Count.

56.    Plaintiff and the Class entered into written contracts with Defendants and

undertook obligations, paying premiums in full, renewing annually, and fully performed all

obligations under the contracts.

57.    The conduct herein alleged breaches, and has breached, the provisions of

Defendants' contracts with Plaintiff and the Class and Plaintiff's and the Class' predecessor(s) in

interest, and the standardized warranties afforded Plaintiff and the Class under their contracts.

58.    Plaintiff and class members have incurred damages proximately caused by

Defendant's breaches of statutory and contractual duty, breaches of warranty, and misconduct

described herein.

## COUNT TWO

### Equitable Relief

59.    The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

60.    By virtue of entering into contracts with Plaintiff and the Class, and Plaintiff's and the Class' predecessor(s) in interest, Defendants were obligated to express covenants and further obligated to the implied covenant of good faith and fair dealing inherent in the making of any such contract.

61.    Defendants acted with a malicious, reckless or negligent intent to deprive Plaintiff and the Class members of the agreed to services they had contracted to undertake, with a motive to profit for themselves and to the detriment of the Class.

62.    Defendants acted with knowledge and intent that their acts and omissions would violate the aforesaid express and implied covenants and would frustrate the goals and objectives inherent in said contracts.

63.    In equity, the Court should enjoin such continued wrongful conduct and order disgorgement of all monies wrongfully collected from Plaintiff and the Class plus interest.

64.    In equity, the Court should reform existing customer agreements and Defendants' business practices so as to comply with law and proper conduct as well as any other equitable remedy deemed appropriate by this Court.

## COUNT THREE

### Breach of Duty to Warn

65.    The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

66.    Defendants had a duty to warn Plaintiff and the Class about the matters specified above and the actions that customers needed to take in order to maintain the barrier once applied and this duty is continuous and recurring.

67.    Defendants uniformly, continuously, intentionally, recklessly, maliciously and/or negligently breached the aforementioned duty by failing to provide class member with these warnings.

68.    Defendants knew, or should have known, of the potential for property damage and cost of remedial measures that could proximately result from the failure to give said warnings.

69.    Defendants' failure to warn has proximately caused Plaintiff and class members to incur and suffer damage.

## COUNT FOUR

### Negligent Training, Supervision and Retention

70.    The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

71.    Defendants owed Plaintiff and the class a duty of care and professionalism in the rendition of pest control and termite inspection services, in training and supervising their employees to perform those services in full compliance with the laws of the State of California

72.    Defendant's duties owed to Plaintiff and the Class in putting forth loyal, honest, and fair dealing employees who act in compliance with State law arise from the special or confidential relationship between the parties, California statutes and regulations governing the termite industry, and Defendant's superior knowledge of the termite industry, their practices, and Defendants and their practices.

73.    Defendants breached their duty by failing to conduct adequate training of their employees prior to providing them with access to the public and authorizing them to conduct

1    termite investigations and use and/or apply chemicals, devices or systems to prevent infestation

2    upon whom Defendants and their employees knew Plaintiff and the Class members would

3    reasonably rely in deciding to protect their homes.

4
        74.    Defendants breached their duty by failing to provide adequate supervision of their
5
     employees, of their dealings with the public.
6
        75.    Defendants breached their duty by negligently retaining employees known to have
7
8    acted or refused to act as specified above or who were known to have violated Defendant's stated

9    company policies and procedures regarding treatments and inspections.

10
        76.    Defendant's negligent retention of employees known to have engaged in the
11
     misconduct described herein acted as ratification of such misconduct.
12
        77.    Defendants knew, or should have known, of the wrongful practices engaged in by
13
14   their employees, and knew or should have known that their own training, supervision and

15   retention practices were inadequate to fulfill their obligation to protect the public from

16   unscrupulous, dishonest, and deceptive practices by their agents and employees.

17
        78.    Plaintiff and class members have incurred damages proximately caused by
18
     Defendant's negligence in training, supervising, and retaining their employees, breaches of
19
     statutory and contractual duty, and misconduct described herein.
20
                                      **COUNT FIVE**
21
                                    **California UCL**
22              **(Business and Professions Code § 17500 *et seq.*)**

23
        79.    The preceding paragraphs of this Complaint, and any additional factual averments
24
     set forth in any subsequent sections of this Complaint, are deemed to be repeated and
25
     incorporated by reference in this Count.
26
        80.    Plaintiff asserts this cause of action for violations of Business and Professions
27
28   Code § 17500.

81.    Advertisements and inducements were made within the State of California and County of Alameda and come within the definition of advertisements as contained in Business and Professions Code § 17500 in that such promotional materials are an inducement to the public to purchase the services described herein, and are statements disseminated by Defendants to the general public. Defendants have illegally retained payments for services or goods they did not supply.

82.    In furtherance of said plan and scheme, Defendants have prepared and distributed within the State of California false promotional materials soliciting clients to purchase termite service contracts that they had no intention of performing as they represented and implied they would do. The above acts of Defendants, in disseminating said statements throughout the State of California and to the general public thereof, were and are untrue or misleading, and therefore were and are likely to deceive the general public of the State of California by obfuscating the nature of termite protection and what service is actually required to protect consumers' property from termites, all in violation of California Business and Professions Code § 17500.

83.    As a result of the above violations of Business and Professions Code § 17500, Plaintiff, on behalf of the People of the State of California pursuant to Business and Professions Code § 17535, are entitled to an order of this court enjoining such future conduct on the parts of Defendants, and such other orders and judgments which may be necessary, including the appointment of a receiver, to restore to any person in interest any money paid for services that were not provided, as a result of the acts of Defendants.

## COUNT SIX

### California UCL
### (Business and Professions Code § 17200 *et seq.*)

84.    The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

85.    Plaintiff and the class assert this cause of action seeking equitable relief for violations of Business and Professions Code §§ 17200 and 17500.

86.    Such acts of Defendants as described above constitute unfair, unlawful and fraudulent business practices and constitute violations of California Business and Professions Code §§ 17200 and 17500.

87.    As a result of the business practices described above, Plaintiff, on behalf of the People of the State of California and pursuant to Business and Professions Code § 17203 are entitled to an order enjoining such future conduct on the part of Defendants, and such other orders and judgments which may be necessary, including the appointment of a receiver, to restore to any person in interest any money, as a result of the acts of Defendants.

## COUNT SEVEN

### Violation of Consumers Legal Remedies Act (Civil Code §1750, et seq.) – All Defendants

88.    The preceding paragraphs of this Complaint, and any additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

89    In or around July of 1999, Defendants sold to Plaintiff a termite control plan called "Sentricon Subterranean Termite Protection Plan."

90.    The termite control plan was bought by Plaintiff primarily for personal, family, or

18
Class Action Complaint

1    household purposes.

2

3        91.    At the time of the sale, Defendants represented to Plaintiff, in a writing entitled

4    "Sentricon Subterranean Termite Protection Plan," that the termite service contract would kill

5    termites that attempted to infest Plaintiff's dwelling and that the regularly scheduled maintenance

6    was necessary to maintain this protection. In fact, the termite control plan was substantially

7    defective in that the protection offered did not kill termites and the regular maintenance offered

8    no additional protection.

9

10       92.    Plaintiff is informed and believes and thereon alleges that the above-mentioned

11   misrepresentation was intended by Defendants to result in the above-mentioned sale of the termite

12   service contract to Plaintiff, and Plaintiff alleges that the above-mentioned purchase of the termite

13   control plan was made in reliance on, and as a result of, the representation of Defendants that

14   such termite control plan was free from any substantial defects.

15

16       93.    Plaintiff is informed and believes and thereon alleges that the above-mentioned

17   misrepresentation was a willful and intentional violation of the provisions of Civil Code Section

18   1770(a)(7) and that such violation was not the result of a bona fide error notwithstanding the use

19   of reasonable procedures adopted to avoid any such error.

20

21       94.    On or about August 3, 2007, Plaintiff sent to Defendant a written Notice and

22   Demand, by certified mail, return receipt requested, to Defendant's business address set forth in

23   the "Sentricon Subterranean Termite Protection Plan" which Notice and Demand notified

24   Defendant of the above-mentioned violation of Civil Code Section 1770(a)(7) that resulted in the

25   sale of the termite control plan to Plaintiff and demanded that Defendant correct, repair, replace,

26   or otherwise rectify the termite control plan purchased by Plaintiff and sold in violation of this

27   section.

28

1    95.    Within 30 days of the Defendants' receipt of the Notice and Demand, Defendants

2    failed to correct, repair, replace, or otherwise rectify, and failed to agree to correct, repair,

3    replace, or otherwise rectify within a reasonable time, the above-mentioned termite control plan.

4

5    96.    By reason of the above-mentioned violation of Civil Code Section 1770(a)(7),

6    Plaintiff has been injured in that Plaintiff was obliged to and did pay Defendants for a plan that

7    was promised to provide a benefit that it, in fact, failed to provide.

8    ### PRAYER FOR RELIEF

9    WHEREFORE, the foregoing averments considered, Plaintiff demands judgment for

10   herself and for each members of the proposed Class as follows:

11

12   (A)    Compensatory damages against Defendants according to proof.

13   (B)    Incidental, consequential and punitive damages against Defendants according to

14   proof.

15   (C)    Equitable relief against Defendants in accordance with proof.

16   (D)    An order that Defendants compensate Plaintiff and the Class for all reasonable fees

17   and costs incurred in this litigation, including but not limited to the cost of retaining any expert

18   and all discovery and deposition costs and expenses, and other costs of this litigation, as costs of

19   this action, and awarding Plaintiff and the Class their reasonable attorneys' fees and expenses of

20   

21   this action; and

22   (E)    Granting such other and further relief, including, without limitation, injunctive

23   relief, declaratory relief, specific performance relief and other forms of equitable relief, as may be

24   just, premises considered.

25

26

27

28

20
Class Action Complaint

1

Dated: December 26, 2007

2

H. Tim Hoffman

3        Arthur W. Lazear
         Morgan M. Mack

4        Hoffman & Lazear
         A California Law firm

5
         Christian H. Hartley
6        Daniel M. Bradley
         Richardson, Patrick, Westbrook & Brickman, LLC
7        174 E. Bay Street
         Charleston, SC  29401
8        Telephone:  (843) 727-6564
         Facsimile:   (843) 727-3103

9
         Thomas F. Campbell,
10       Campbell Law
         100 Concourse Parkway
11       Suite 115
         Birmingham, AL  35244
12       Telephone: (205) 278-6650
         Facsimile:   (205) 278-6654

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21
Class Action Complaint