H. TIM HOFFMAN (SBN 49141)
ARTHUR W. LAZEAR (SBN 83603)
MORGAN M. MACK (SBN 212659)
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700

CHRISTIAN HARTLEY (*pro hac vice*)
DANIEL M. BRADLEY (*pro hac vice*)
RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC
174 E. Bay Street
Charleston, SC 29401
Telephone: (843) 727-6564

THOMAS F. CAMPBELL (*pro hac vice*)
CAMPBELL LAW
A PROFESSIONAL CORPORATION
100 Concourse Parkway, Suite 115
Birmingham, AL 35244
Telephone: (205) 278-6650

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| BARBARA NEU on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Terminix International, Inc.,<br>The Terminix International Company, LP,<br>The ServiceMaster Company<br>ServiceMaster Consumer Services, Inc.,<br>ServiceMaster Consumer Services Limited Partnership,<br><br>Defendants. | Case No.: C07-06472 CW<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

INTRODUCTION...............................................................................................................1

LEGAL ARGUMENT........................................................................................................2

    A.    Plaintiff's Claims for Breach of Contract and
          Warranty Should Stand ................................................................................2

    B.    Equitable Claims Are Not Barred..................................................................4

    C.    The Economic Loss Doctrine Does Not Apply to the Facts
          of this Case...................................................................................................5

    D.    Counts Three and Four are not Duplicative..................................................7

    E.    Plaintiff's Complaint Provides Sufficient Notice on the §17200 and
          §17500 Claims..............................................................................................9

    F.    Plaintiff has properly alleged claims against the ServiceMaster
          Defendants..................................................................................................11

# TABLE OF AUTHORITIES

## CASES

Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,
869 P.2d 454 (Cal. 1994)......................................................................................................6

Bell Atlantic Corp. v. Twombly,
127 S.Ct. 1955, 1964 (2007).............................................................................................1, 2

Bonanno v. Thomas,
309 F.2d 320, 322 (9th Cir. 1962).......................................................................................2

Branch v. Tunnell,
14 F.3d 449, 454 (9th Cir. 1994).......................................................................................10

Campbell v. Allstate Ins. Co.,
No. CV-95-1171, 1995 WL 376926 (C.D. Cal. 1995).........................................................2

Cattie v. Wal-Mart Stores, Inc.,
504 F.Supp.2d 939 (S.D. Cal. 2007).................................................................................12

Conley v. Gibson,
355 U.S. 41, 47 (1957)........................................................................................................1

Construction Protective Servs., Inc. v. TIG Specialty Ins. Co.,
57 P.3d 372, 377 (Cal. 2002)..............................................................................................3

County of Santa Clara v. Atlantic Richfield Co.,
40 Cal. Rptr. 3d 313 (Cal. Ct. App. 2006).........................................................................7

Erlich v. Menezes,
981 P.2d 978 (Cal. 1999)....................................................................................................6

Express, LLC v. Fetish Group, Inc.,
464 F. Supp.2d 965, 980 (C.D. Cal. 2006)........................................................................9

Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,
328 F.3d 1122 (9th Cir. 2003)..........................................................................................12

Ideal Hardware & Supply Co. v. Dept. of Emp.,
250 P.2d 353, 356 (Cal. Dist. Ct. App. 1952).....................................................................4

In re Silicon Graphics Sec. Litigation,
183 F.3d 970, 986 (9th Cir. 1999)....................................................................................10

Khoury v. Maly's of California, Inc.,
17 Cal. Rptr. 2d 708, 712 (Cal. Ct. App. 1993)..................................................................10

Lucasfilm Ltd. v. Media Market Group, Ltd.,
182 F.Supp.2d 897, 899 (N.D. Cal. 2002)..........................................................................4

McDowell v. Watson,
69 Cal. Rptr. 2d 692, 696 (Cal. Ct. App. 1997)..................................................................4

Mendoza v. Rast Produce Co., Inc.,
45 Cal.Rptr.3d 525, 531 (Cal. Ct. App. 2006)....................................................................5

Olsen v. Breeze, Inc.,
55 Cal. Rptr. 2d 818, 822 (1996))......................................................................................9

Parrino v. FHP, Inc.,
146 F.3d 699, 705-706 (9th Cir. 1997)............................................................................10

Parrish v. National Football League Players Ass'n.,
No. C07-00943, 2007 WL 2601385 (N.D. Cal. 2007)........................................................2

Pension Benefit Guar.y Corp. v. White Consol. Indus.,
998 F. 2d 1192, 1196 (3d Cir. 1993)................................................................................10

Robinson Helicopter Co., Inc. v. Dana Corp.,
102 P.3d 268, 272 (Cal. 2004)............................................................................................6

Rodeo Collection, Ltd. v. West Seventh,
812 F.2d 1215, 1217 (9th Cir. 1987)..................................................................................4

Schreiber Dist. v. Serv-Well Furniture Co.,
806 F.2d 1393, 1401 (9th Cir. 1986)..................................................................................2

Seely v. White Motor Co.,
403 P.2d 145 (Cal. 1965)....................................................................................................5

Shanghai Automation Instrument Co., Ltd. v. Kuei,
194 F.Supp.2d 995 (N.D. Cal. 2001)................................................................................12

Skaff v. Meridien North America Beverly Hills, LLC.,
506 F.3d 832, 841 (9th Cir. 2007)................................................................................1, 11

Swierkiewicz v. Sorema N. A.,
534 U.S. 506, 508 n.1 (2002)..............................................................................................1

U.S. v. Bestfoods,
524 U.S. 51, 64-65 (1998)..................................................................................................12

Weinberger v. Romero-Barcelo,
456 U.S. 305 (1982)............................................................................................................5

## **STATUTES AND OTHER AUTHORITIES**

California Business & Professional Code, Section 17200..................................................9

California Business & Professional Code, Section 17500..................................................9

## Introduction

## Standard of Review

The purpose of a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) is to test the sufficiency of the complaint, and not to decide the case on the merits. Rule 8(a)(2) of the FRCP requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). "[T]he purpose of a complaint under Rule 8 [is] to give the defendant fair notice of the factual basis of the claim and of the basis for the court's jurisdiction." *Skaff v. Meridien North America Beverly Hills, LLC.*, 506 F.3d 832, 841 (9th Cir. 2007). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). "Specific facts are not necessary; the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* at 1959 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp.*, at 1964 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)). The Supreme Court has repeatedly rejected heightened pleading standards in the absence of an explicit requirement in a statute or Federal Rule. *Swierkiewicz*, 534 U.S. at 515.

If a complaint or count is dismissed, leave to amend the complaint "shall be freely given when justice so requires." FED.R.CIV.P. 15(a). Leave to amend should be denied only when the Court determines that the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Dist. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

# ARGUMENT

**A. Plaintiff's claims for breach of contract and warranty should stand.**

Defendants have alleged in their Memorandum of Law that they are unable to properly identify the Plaintiff due to a mistaken address in the Complaint. (Defendants' Memorandum of Law in Support of Motion to Dismiss 6 n.4.) This can be attributed to simple scrivener's error. The Plaintiff indeed resides at 16073 Gramercy Drive, San Leandro, California, 94546, as identified by Defendants. *Id.* Additionally, Defendants rely on "form contracts" in conducting their business and therefore, although they were not certain of the correct address, were clearly in a position to intimately know and understand all the terms and conditions contained in the form contract they correctly identified as potentially relating to the Plaintiff. Certainly they were in a markedly better position than the Plaintiff to comprehend their own terms.

Defendants argue that the Plaintiff's Complaint fails to sufficiently plead breach of contract and warranty by not attaching a copy of the contract or providing its terms verbatim. Federal courts follow the "notice pleading" rule as detailed in Rule 8. Fed.R.Civ.P. 8 only requires "a short and plain statement showing the plaintiff is entitled to relief, the purpose of which is to give the defendant[s] notice of the claims and the grounds they rest upon." *Bell Atlantic Corp.*, 127 S.Ct. at 1959. Defendants point to various cases, including *Campbell v. Allstate Ins. Co.*, No. CV-95-1171, 1995 WL 376926 (C.D. Cal. 1995) and *Parrish v. National Football League Players Ass'n.*, No. C07-00943, 2007 WL 2601385 (N.D. Cal. 2007), suggesting that either attachment of the contract or setting forth the specific contractual language verbatim supporting the allegation are the two easiest ways to satisfy the pleading requirement. Alternatively, the third option presented by Defendants is pleading the legal effect of the contract. Both the California Supreme Court and the Parish Court have held that the Plaintiff

may plead the legal effect of the contract rather than its precise language. *Construction Protective Servs., Inc. v. TIG Specialty Ins. Co.*, 57 P.3d 372, 377 (Cal. 2002). This clearly was accomplished in the Plaintiff's Complaint. In summary, the Complaint alleges the Plaintiff entered into a service contract with Defendants whereby Defendants undertook to provide the necessary treatments and inspections to protect Plaintiff's house from subterranean termite damage. Defendants breached the service contract by failing to provide the necessary treatment and/or inspections necessary to prevent termites, as agreed to and contracted for and required by California regulations. *See generally Section III of Plaintiff's Complaint*. As a result of this breach, Defendants' failure to provide the agreed-to service, Plaintiff has suffered damages. The Complaint sufficiently pleads and establishes claims for Breach of Contract and Warranty and therefore dismissal for failure to state a claim is not proper. (Compl. ¶¶ 21-42.)

Alternatively, if this Court should decided that Plaintiff has not met her pleading burden, Plaintiff respectfully moves this Court for an Order granting Plaintiff leave to amend the Complaint either by re-alleging or by attaching the contract so that Breach of Contract and Warranty claims can be properly pled.

**B.    Equitable Claims Are Not Barred.**

Defendants' argument that claims for equitable relief should be barred is without merit. Although equitable relief is indeed a remedy, California law recognizes that "the phrase 'cause of action' is also commonly used in pleading as applying only to the relief sought, even though the separately pleaded claims have origins in the same right or obligation." *McDowell v. Watson*, 69 Cal. Rptr. 2d 692, 696 (Cal. Ct. App. 1997). *See also Ideal Hardware & Supply Co. v. Dept. of Emp.*, 250 P.2d 353, 356 (Cal. Dist. Ct. App. 1952). Thus Plaintiff's equitable theories are appropriately pled.

Next, Defendants incorrectly argue the law for injunctive relief and attempt to apply this to all forms of equitable relief requested in the Complaint. (Mem. Supp. Mot. Dismiss at 6-7.) The law on preliminary injunctive relief has no application in the instant case. Plaintiff is not seeking a preliminary injunction or a temporary restraining order. If either of these were requested in the instant case, the law would demand a showing of an inadequate remedy at law or the potential for irreparable harm. The cases cited by Defendants support this theory for issuing a preliminary injunction. *Lucasfilm* involves a temporary restraining order requested by plaintiffs to halt copyright infringement and states:

> To establish entitlement to a *preliminary injunction*, a moving party must demonstrate either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that there exist serious questions regarding the merits and the balance of hardships tips sharply in its favor.

*Lucasfilm Ltd. v. Media Market Group, Ltd.*, 182 F.Supp.2d 897, 899 (N.D. Cal. 2002) (citing *Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1217 (9th Cir. 1987) (emphasis added). In *Lucasfilm* plaintiffs argued there was the potential for irreparable harm to the Star Wars brand. The plaintiff sought a temporary restraining order to prevent defendants from releasing a spoof that would cause irreparable harm. *Weinberger* dealt with a preliminary injunction to prevent the United States Navy from carrying out training exercises on and around one of Puerto Rico's Islands. *Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1982). Defendants' reliance on injunctive-specific law is simply misplaced. Plaintiff is not seeking a preliminary injunction or a temporary restraining order at this time. Plaintiff is entitled to plead both alternative counts and alternative remedies. "When a pleader is in doubt about what actually occurred or what can be established by the evidence, the modern practice allows that party to plead in the alternative and

make inconsistent allegations." *Mendoza v. Rast Produce Co., Inc.*, 45 Cal.Rptr.3d 525, 531 (Cal. Ct. App. 2006).

In the instant case, customers should be given the benefit of the bargain or made whole when the service provider fails to uphold its part of the bargain; Defendants failed to uphold the contractual and legal duties. Through the course of litigation and ensuing discovery, the facts as developed will establish what needs to be done to make Plaintiff whole, whether it be return of monies wrongfully collected, reformation of existing contracts, an order for specific performance, or whatever the Court decides is just.

C.      **The Economic Loss Doctrine Does Not Apply to the Facts of this Case.**

Defendants argue that negligence claims are barred by the economic loss doctrine as set out in *Seely v. White Motor Co.*, 403 P.2d 145 (Cal. 1965). Defendants misapply the law. The economic loss doctrine was developed and has its place in the product liability realm where recovery is sought for damages to a product caused by the product's own defects or when a qualitative defect in a product is involved. This is not in line with the alleged facts of this case, where a service was contracted for, not the purchase of a product, and therefore is inapplicable. As set out by the Supreme Court of California in *Robinson Helicopter*:

> Economic loss consists of *damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits-without any claim of personal injury or damages to other property....* Simply stated, the economic loss rule provides: [W]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses.

*Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268, 272 (Cal. 2004) (emphasis added) (internal quotations omitted) (citations omitted).

The facts in this case make it clear that the economic loss rule does not apply. Numerous cases discuss the limits of the rule. *See Erlich v. Menezes*, 981 P.2d 978 (Cal. 1999) ("Tort damages have been permitted in contract cases where a breach of duty directly causes physical injury ... or where the contract was fraudulently induced." ) (internal citations omitted); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454 (Cal. 1994) (a breach of contract becomes tortious when it also violates a legal duty). In this case, not limited to the loss of value of a product due to design, the doctrine is inapplicable.

The contract in question here was a service contract that imposed duties and restrictions on the Defendants, which defendants breached. As stated in the Complaint, Defendants failed to adequately treat the Plaintiff's property in order to prevent termites, failed to adequately inspect for potential termites that would indicate failure of or lack of a proper chemical barrier, and failed to reapply a chemical barrier when all indications pointed to its non-existence or failure as required by California law. (Compl. ¶¶ 21-42.) These breaches caused the resulting damages alleged in the Complaint. Further, Plaintiff has alleged that the contracts were fraudulently induced in violation of the California Consumer Legal Remedies Act. (Compl. ¶¶ 33-35, 88-93.)

Contrary to Defendants' reasoning, Plaintiff has not alleged damages due to the chemical termiticides that Defendants were obligated to apply to Plaintiff's property and seeks no recovery for any possible damages caused by the actual chemical termiticides. Plaintiff is not alleging that any *product* was defective; rather Plaintiff alleges Defendants were obligated: (1) to perform certain services and that they did not; and (2) to apply a chemical barrier that they did not. Because the services and barrier were not provided and/or maintained, the Plaintiff and class

members were injured. Plaintiff made no claims about the effectiveness of chemical termiticides. Defendants either failed to applied the right volume in the necessary places, the chemical wore off over time as it was known to do, and/or failed to maintain the chemical barrier by re-application of chemicals. Whatever the case, Plaintiff was injured

**D.    Counts Three and Four are not Duplicative.**

Defendants inappropriately rely on *County of Santa Clara v. Atlantic Richfield Co.*, 40 Cal. Rptr. 3d 313 (Cal. Ct. App. 2006). However, *Santa Clara* involved the removal of hazardous lead paint and restoration of those damaged surfaces as a result of the removal. Plaintiff has not made claims based on a defective product, nor has Plaintiff alleged that chemicals damaged her property. Plaintiff has simply alleged a service was not performed and nowhere has Plaintiff made a product-liability claim regarding the chemicals applied by Defendants.

Defendants also argue in the alternative that Counts Three and Four are duplicative of one another. A simple reading of the Complaint informs the reader that each count contains distinct allegations of duty, conduct and breach of that duty. Comparison of the paragraphs under Count Three with those of Count Four shows that Plaintiff set forth distinct allegations of duty and conduct for each cause of action. For example, in the factual allegations and Count Three of the Complaint, Plaintiff alleges Defendants have a duty to warn about what is required to maintain a chemical barrier and that chemicals were off over time. Defendants breached this duty and Plaintiff was injured as a result. (Compl. ¶¶ 27, 31, 65-69.) In Count Four, Plaintiff alleges Defendants had duty of putting "forth loyal, honest, and fair dealing employees who act in compliance with State law." (Compl. ¶ 72.) Defendants breached this duty by failing to

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

7

conduct adequate training, supervision, and retention thereby injuring Plaintiff. (Compl. ¶¶ 73-78.) It could not be clearer that these counts are each distinct from one another.

Black's Law Dictionary defines "duplicate" as "a reproduction of an original [document] having the same particulars and effect of the original." (1996) If Count Three is the original as Defendants have defined then clearly Count Four is not a duplicate under the legal definition of the term. The Defendants do not get to pick which cause of action is the most comprehensive or which affords the most fertile potential defenses for the Defendant and toss out the remainder. The causes of action are different and assert different claims.

E.   **Plaintiff's Complaint Provides Sufficient Notice on the §17200 and §17500 Claims**

Defendants argue that Plaintiff's Cal. Bus. & Prof. Code §§17200 and 17500 claims should be dismissed for failure to plead with particular specificity. Fraud is mentioned in the complaint as it relates to the §§17200 and 17500 claims, and the fraud mentioned thereunder is not common law or traditional statutory fraud.

Cal. Bus. & Prof. Code §17200 broadly prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §17200, *et. seq*. Any one of these three prongs may constitute a violation. The "fraud" element under the code is defined more broadly than common law fraud and only requires a showing that "members of the public are likely to be deceived." *Express, LLC v. Fetish Group, Inc.*, 464 F. Supp.2d 965, 980 (C.D. Cal. 2006) (quoting *Olsen v. Breeze, Inc.*, 55 Cal. Rptr. 2d 818, 822 (1996)).

Here, Plaintiff was lured into purchasing the Defendants' product on the basis of Defendants' written representations. The allegations regarding the implemented termite control system (Compl. ¶ 33), and promotional materials (Compl. ¶82) are stated with the requisite

reasonable particularity to put Defendant on notice, not only as to the Cal. Bus. & Prof. Cod §17500 claims, but also the §17200 claim.

A fair reading of the allegations in the Complaint plainly demonstrates wrongdoing where members of the public were likely to be deceived by Defendants, including distributing false promotional materials (Compl. Count Five), unfair, unlawful and fraudulent business practices (Compl. Count Six), and a particular defective contract (Compl. Count Seven). Plaintiff meets the "reasonable particularity" standard of *Khoury v. Maly's of California, Inc.*, 17 Cal. Rptr. 2d 708, 712 (Cal. Ct. App. 1993).

In addition, "a district court ruling on a motion to dismiss may consider documents 'whose contents are alleged in a [pleading] and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] complaint.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir. 1997), *cert. denied*, 525 U.S. 1001 (1988), *citing* to *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). This is supported by the policy concern of a defendant preventing a plaintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which plaintiff's claims are based. *See Pension Benefit Guar.y Corp. v. White Consol. Indus.*, 998 F. 2d 1192, 1196 (3d Cir. 1993).

In *Parrino*, the plaintiff's Complaint and First Amended Complaint both made reference to a "group plan" and its "cost containment program." Because plaintiff's claims rested on his membership in the plan, terms of the plan, and documents governing plan membership, it was proper for the district court to consider that document in ruling on defendant's motions to dismiss. *Parrino*, 146 F.3d at 706. "In addition, whether requested or not, the court may consider documents whose contents are alleged in a complaint and whose authenticity no party

questions, but which are not physically attached to the plaintiff's pleadings." *In re Silicon Graphics Sec. Litigation*, 183 F.3d 970, 986 (9th Cir. 1999).

A similar approach should be applied here, where the Complaint references promotional materials, contracts and documents describing business procedures that are in Defendants' possession. Simply, there is no dispute by Defendant that any of the alleged representations cannot be supported by documents within their possession.

**F. Plaintiff has properly alleged claims against the ServiceMaster Defendants**

Under the Federal Rules of Civil Procedure, a plaintiff is only required to plead enough facts and information to place the defendant on notice of the claims which he or they must defend. Fed.R.Civ.P. 8(a)(2); *See also Skaff*, 506 F.3d at 841. Under this very liberal standard, Plaintiff has clearly placed ServiceMaster on notice of her claims. At this stage of the litigation, the Plaintiff does not have to put forth evidence in support of these claims; she must only plead the necessary elements to establish a cause of action. Evidence comes in during discovery and at trial.

Importantly, Plaintiff has pled that the ServiceMaster entities, by and through their executive officers and executive board, directly guide, manage, and control all activities of Terminix. (Compl. ¶ 13.) ServiceMaster uniformly and continuously controlled and directed the conduct and omissions of Terminix. (Compl. ¶¶ 13-16.) Also Plaintiff has pled that ServiceMaster directed, controlled, authorized and approved all contract and warranty language transmitted to Plaintiff. (Compl. ¶¶ 37-39.) Additionally, the duties of ServiceMaster to the Plaintiffs are evidenced by the claims made by The ServiceMaster Company on the

ServiceMaster Company's web page, where ServiceMaster provides a 100% satisfaction guarantee to all customers of Terminix.[1]

Read in its entirety, the Plaintiff's Complaint meets and exceeds even the Defendants' own version or standard for pleading claims against ServiceMaster. Furthermore, contrary to Defendants' assertion, Plaintiff has pled sufficient facts to show that ServiceMaster could be held liable for the actions, statements and omissions of Terminix.

In California, there are well-established exceptions to the general rule that the corporate veil will not be pierced in the absence of large-scale disregard of the separate existence of a subsidiary corporation. A subsidiary's contacts may be imputed to the parent where the subsidiary is the parent's alter ego, or where the subsidiary acts as the general agent of the parent. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2003). ServiceMaster can also be held liable if it participates in the wrongdoing. *U.S. v. Bestfoods*, 524 U.S. 51, 64-65 (1998). *See also Cattie v. Wal-Mart Stores, Inc.*, 504 F.Supp.2d 939 (S.D. Cal. 2007); *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995 (N.D. Cal. 2001). Such is the case here, as Plaintiff has alleged in the Complaint.

Although proof is not required at this early stage, Plaintiff believes ServiceMaster places many of its own personnel, managers and/or directors at the head of its subsidiary organizations, including Terminix. These directors intervene in the business of Terminix on behalf of ServiceMaster to such an extent to make ServiceMaster a part of the business of Terminix and thus liable for Terminix's actions and/or omissions. Therefore, the claims against ServiceMaster should stand.

---

[1] http://www.servicemaster.com/library/aboutUs/guarantees/terminix.dsp

MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

11

## Conclusion

Based on the forgoing reasoning, Defendants' Motion to Dismiss should be denied. Therefore, Plaintiff requests that this Court Deny Defendants' Motion to Dismiss. Alternatively, Plaintiff moves this court for leave to amend the Complaint.

Dated: March 20, 2008

/s/ H. Tim Hoffman
H. Tim Hoffman (SBN 49141)
Arthur W. Lazear (SBN 83603)
Morgan M. Mack (SBN 212659)
Hoffman & Lazear

Christian H. Hartley (*pro hac vice*)
Daniel M. Bradley (*pro hac vice*)
Richardson, Patrick, Westbrook & Brickman, LLC
174 E. Bay Street
Charleston, SC 29401
Telephone: (843) 727-6564
Facsimile: (843) 727-3103

Thomas F. Campbell (*pro hac vice*)
Campbell Law
100 Concourse Parkway, Suite 115
Birmingham, AL 35244
Telephone: (205) 278-6650
Facsimile: (205) 278-6654