1  CHRISTOPHER J. BORDERS (CA SBN 135901)
   cborders@hinshawlaw.com
2  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
3  San Francisco, California 94111
   Telephone: 415-362-6000
4

5  Attorney for Defendants
   TERMINIX INTERNATIONAL, INC.,
6  THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP
   (erroneously sued herein as The Terminix International Company),
7  THE SERVICEMASTER COMPANY,
   SERVICEMASTER CONSUMER SERVICES, and
8  SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP

9

10                    **UNITED STATES DISTRICT COURT**

11                   **NORTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  BARBARA NEU on behalf of herself and all others similarly situated, | ) **Case No.:**  C 07-06472-CW |
| 14 | ) **DEFENDANTS' REPLY IN SUPPORT OF** |
| | ) **MOTION TO DISMISS** |
| 15           Plaintiff, | ) |
| 16 | ) |
| | ) |
| 17     vs. | ) |
| | ) Hon. Claudia Wilken |
| 18  TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL COMPANY, | ) |
| 19  THE SERVICEMASTER COMPANY, SERVICEMASTER CONSUMER SERVICES, | ) Complaint Filed:  December 27, 2007 |
| | ) |
| 20  SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP, | ) **Date:**          **April 10, 2008** |
| | ) **Time:**          **2:00 p.m.** |
| 21 | ) **Courtroom:   2** |
| | ) |
| 22           Defendants. | ) |
| 23 | ) |
| 24 | ) |
| 25 | ) |
| 26 | ) |
| 27 | ) |
| 28 | ) |

                                    1

1      Defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX

2  INTERNATIONAL COMPANY LIMITED PARTNERSHIP, THE SERVICEMASTER

3  COMPANY, SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER

4  CONSUMER SERVICES LIMITED PARTNERSHIP, respectfully submit the following Reply

5  in Support of their Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil

6  Procedure.

7                          **ARGUMENT**

8  **A.    Plaintiff Has Not Properly Pled Claims for Breach of Contract and Warranty.**

9      Plaintiff argues that since the alleged contract at issue is a "form contract," plaintiff does

10  not need to attach it to the complaint as it is apparent to defendants what contract is at issue.

11  (Plaintiffs' Memorandum In Opposition ("Opp.") at 2.)  Plaintiff, however, fails to cite any

12  authority for this novel theory; and, in fact, no legal authority exists to support it.  Although

13  Defendants do have several form contracts in use across the country, this fact does not relieve

14  Plaintiff from the pleading standards set forth in the Federal Rules of Civil Procedure, and does

15  not place Defendants on notice as to which specific form contract is at issue, if any, or which

16  specific contract provisions Plaintiff is alleging were breached.

17      Plaintiff further argues that, despite her failure to attach a copy of the contract at issue,

18  she has met the standard for pleading the "legal effect" of the contract.  However, the general

19  assertions contained in Plaintiff's Complaint, that she and proposed class members have suffered

20  damage as a result of Terminix's failure to comply with various obligations and warranties

21  contained in termite agreements, does not provide the requisite careful and comprehensive

22  analysis of the instrument that is necessary to plead the legal effect.  *See Parrish v. Nat'l*

23  *Football League Players Ass'n*, No. C07-00943, 2007 WL 2601385, at *10 (N.D. Cal. 2007)

24  (pleading the legal effect is more difficult than pleading the precise language, "for it requires a

25  careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal

26  conclusions.").

27

28

1    Thus, since Plaintiff failed to attach a copy of the contract as an exhibit to her Complaint

2  or set out specific contract terms verbatim in its body, Plaintiff has failed to provide Defendants

3  with sufficient information to ascertain what specific contract or contracts are involved and

4  which provisions are claimed to have been breached.  As such, Plaintiff has failed to properly

5  plead breach of contract and warranty and Count One should be dismissed.

6

7  **B.    Plaintiff's Claim for Equitable Relief Should be Dismissed Because it is Not a Separate Cause of Action.**

8    Plaintiff specifically admits that her equitable relief claim "is indeed a remedy," but

9  continues to assert, incorrectly, that it is also a cause of action.  Opp. at 3.)  Although the term

10  "cause of action" is sometimes used to refer to relief sought, when used properly, "a 'cause of

11  action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the

12  defendant, and a wrongful act by the defendant constituting a breach of that duty." *McDowell v.

13  Watson*, 59 Cal. App. 4th 1155, 1159, 69 Cal. Rptr. 2d 692, 695 (Cal. Ct. App. 1997).  Thus, in

14  light of the term's proper meaning, equitable relief is clearly not a cause of action and may not

15  be separately asserted as such.  *See, Cox Commc'n PCS, L.P. v. City of San Marcos*, 204 F.

16  Supp. 2d 1272, 1283 (S.D. Cal. 2002) (dismissing count for equitable relief since it was a

17  remedy and not a separate cause of action.).

18    Plaintiff further argues that she is not seeking an injunction in connection with this claim;

19  however, in Count Two of her Complaint, she specifically requests that "this Court should *enjoin*

20  such continued wrongful conduct." (Compl. ¶ 63) (emphasis added).  Thus, in light of Plaintiff's

21  clear request for an injunction, Defendants correctly argue that Plaintiff's prayer for such

22  equitable relief should be stricken since Plaintiff has failed to allege that she lacks an adequate

23  remedy at law.  *See, e.g., Dep't of Fish and Game v. Anderson-Cottonwood Irrigation Dist.*, 8

24  Cal. App. 4th 1554, 1564, 11 Cal. Rptr. 2d 222 (Cal. Ct. App. 1992).  Therefore, Count Two of

25  Plaintiff's Complaint should be dismissed.

26  ///

27  ///

28

3

C.    **Plaintiff's Negligence Claims are Barred by the Economic Loss Doctrine.**

Plaintiff argues that the economic loss doctrine does not apply in the instant case since this case is based on a contract for services and not on a defective product.  (Opp. at 5.) However, this exact argument has previously been rejected by this Court, stating that "the Court concludes that economic loss rule applies to the negligent performance of services as well as to the negligent manufacture of goods." *Rejects Skate Magazine, Inc. v. Acutrack, Inc.*, C 06-2590, 2006 WL 2458759, *5 (N.D. Cal. Aug. 22, 2006).  Thus, in order for Plaintiff to recover in tort for damages caused by defective services as provided by contract, the Plaintiff must demonstrate personal injury or damage to property other than the services being defective themselves. *Id.* at *4-5.

Moreover, the cases cited by Plaintiff in her Memorandum In Opposition further reinforce Defendants' position.  For example, in *Erlich v. Menezes*, the court found that tort damages were not recoverable for the negligent breach of a contract to construct a house, even though plaintiffs "undoubtedly relied on [defendant's] claimed expertise, [since] they were in a position to view, inspect, and criticize his work, or to hire someone who could." *Erlich v. Menezes*, 21 Cal. 4th 543, 553, 981 P.2d 978, 984 (Cal. 1999) ("An omission to perform a contract obligation is never a tort").  Similarly, in *Applied Equipment Corp.*, the court found that the defendant could not be held liable for damages in tort for conduct that amounted to breach of contract. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 869 P.2d 454 (Cal. 1994).

In the instant case, the claims asserted by Plaintiff all arise out of alleged breaches of Defendants' contractual duties, and no tortious acts completely independent of the alleged breaches exist.  Thus, under the economic loss doctrine, Counts Three and Four of Plaintiff's complaint should be dismissed.

D.    **Counts Three and Four of Plaintiff's Complaint are Duplicative.**

In the alternative, should this Court find that Plaintiff's negligence claims are not barred in their entirety, Counts Three and Four of Plaintiff's Complaint are duplicative and should be

4

1  pled in a single count.  Plaintiff fails to cite any authority to support her argument that the

2  duplicative count should not be dismissed.  However, as noted in the defendants' Motion to

3  Dismiss, federal case law supports the dismissal of duplicative counts.  For example, in

4  *Annamaria M v. Napa Valley Unified School District*, this Court granted defendants' motion to

5  dismiss a duplicative negligence claim because it was "readily apparent" that the claim for

6  general negligence "add[ed] nothing" to the complaint, which also contained other negligence-

7  based counts.  *Annamaria M v. Napa Valley Unified Sch. Dist.*, C 03-0101, 2006 WL 1525733,

8  *16 (N.D. Cal. May 30, 2006) (construing defendant's motion to dismiss duplicative counts "as a

9  motion to strike these claims as redundant pursuant to FRCP 12(f)."); *see also Maurey v. Univ.*

10  *of S. California*, 12 Fed. Appx. 529, 535 (9th Cir. Cal. 2001) (dismissing claim for breach of

11  covenant of good faith as duplicative of breach of contract claim).  Accordingly, Plaintiff's

12  negligence claims should be pled in a single count.

13  **E.    Plaintiff's UCL and CLRA Claims Lack the Requisite Specificity.**

14  Plaintiff contends that since her fraud claims are asserted under Cal. Bus. & Prof. Code

15  §§ 17200 and 17500, she does not need to meet Rule 9(b)'s heightened pleading standard that

16  requires fraud to be plead with specificity.  *See* Fed. R. Civ. P. 9(b).  However, "the Ninth

17  Circuit has held that in such cases, where fraudulent conduct is the basis of the claim, the claim

18  is 'grounded in fraud' and 'the pleading of that claim as a whole must satisfy the particularity

19  requirement of Rule 9(b).'"  *Meinhold v. Spectrum, L.P.*, S-07-00456, 2007 WL 1456141, *5

20  (E.D. Cal. May 16, 2007) (*citing Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th

21  Cir. 2003)).  Moreover, a claim may be "'grounded in fraud' where a plaintiff alleges a uniform

22  course of fraudulent conduct," which is precisely what Plaintiff has alleged in the instant case.

23  *Id.*

24  Specifically, the *Meinhold* court found that plaintiff's claims "necessarily impl[ied]

25  fraud," as the factual basis for the claims arose out of uniform fraudulent conduct consisting of

26  "false and misleading statements allegedly made by defendant through its advertising and

27  marketing."  *Id.* at *6 (dismissing §§ 17200 and 17500 claims because plaintiff failed to plead

28

5

1    with specificity).  Thus, since the plaintiff made only general allegations of false or misleading

2    statements, and did not identify the specific advertisements she was referring to, when or where

3    she saw them, or how they were untrue or misleading, plaintiff's allegations were "insufficient to

4    give defendant notice of the particular misconduct charged by plaintiff."  *Id.*  Moreover, such

5    general allegations would instead "put defendant in the untenable position of having to deny that

6    it has ever done anything wrong in regards to its advertising and marketing, a circumstance that

7    Rule 9(b) demands be avoided."  *Id.*; *see also Vess*, 317 F.3d at 1106 (plaintiff must allege "the

8    who, what, when, where and how" of the misconduct charged).

9            However, even if this Court does not find Plaintiff's §§ 17200 and 17500 claims to be

10   grounded in fraud, Plaintiff is still required to plead these claims under the heightened *Khoury*

11   "reasonable particularity" standard.  *Quarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046,

12   1051 (N.D. Cal. 2004) (*citing Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612 (Cal.

13   App. 2 Dist. 1993)).  Under the *Khoury* standard, parties alleging unfair business practices "must

14   state with reasonable particularity the facts supporting the statutory elements of the violation."

15   *Id.* at 1052 (granting motion to dismiss unfair competition claim for failing to plead with

16   reasonable particularity).

17           In the instant case, Plaintiff has failed to plead with enough detail to meet either of the

18   heightened standards for pleading fraud—the Rule 9(b) requirement to plead with specificity or

19   the "reasonable particularity" standard under *Khoury*.  Plaintiff provides only general allegations

20   that Defendants engaged in fraudulent conduct and fails to identify any specific

21   misrepresentations that were allegedly made, when such misrepresentations were made, the

22   identities of the individuals who made the alleged statements, or to whom they were purportedly

23   made.  As such, Plaintiff has failed to plead her claims with either specificity or reasonable

24   particularity, and as a consequence, Plaintiff's UCL and CLRA claims should be dismissed.

25   ///

26   ///

27   ///

28

6

**F.      Plaintiff has Failed to Properly Allege Claims Against the ServiceMaster Defendants.**

Plaintiff's Complaint and Memorandum In Opposition include only general and conclusory statements to justify Plaintiff's claims against The ServiceMaster Company, ServiceMaster Consumer Services, Inc., and ServiceMaster Consumer Services Limited Partnership, which is insufficient to hold the ServiceMaster Defendants liable for the alleged wrongful activities of Terminix.  Plaintiff is, however, correct in likening the instant case to *Cattie v. Wal-Mart Stores, Inc.*, which held that the plaintiff did not have standing to file suit against Wal-Mart Stores, Inc., since plaintiff "ha[d] not adequately alleged Wal-Mart Stores' participation in Wal-Mart.com's wrongful conduct."  *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 944 (S.D. Cal. 2007).  Furthermore, the plaintiff never adequately alleged that she had any business relationship at all with Wal-Mart Stores; rather, the facts that she cited "merely show a close business relationship" between the two entities.  *Id.* at 944-45.  Allegations that Wal-Mart Stores participated in Wal-Mart.com's business generally, the court held, "does not adequately allege Wal-Mart Stores had anything to do with the wrongdoing complained of."  *Id.* at 945.

Moreover, it is "well-established that a parent-subsidiary relationship alone is an insufficient basis on which to hold a parent liable for a subsidiary's actions."  *Id.* at 944 (*citing United States v. Bestfoods*, 524 U.S. 51, 118 S.Ct. 1876 (1998)).  Although narrow exceptions to this rule exist, there is no authority for the proposition that a general business relationship between a parent and subsidiary is enough to hold the parent liable for the subsidiary's alleged wrongs, absent any direct participation in the wrongdoing.  *Id.* at 945.  Thus, when allegations and proffered evidence are insufficient to show that a parent company was involved in the misconduct, or that it directed the type of activity that plaintiff complains of, the plaintiff "has not adequately shown her injury is traceable to the actions of [the parent corporation]."  *Id.* at 946.

Applying the court's reasoning in *Cattie*, Plaintiff has failed to adequately allege that the ServiceMaster defendants had anything to do with the alleged wrongs committed by Terminix.

7

1  The mere existence of a general business relationship between Terminix and ServiceMaster,

2  even if that business relationship may be considered a "close" one, is insufficient to hold

3  ServiceMaster liable for the types of wrongful activities that Plaintiff alleges Terminix

4  participated in.  As such, Plaintiff has failed to state any recognized cause of action against the

5  ServiceMaster defendants.

6                                                    **CONCLUSION**

7       WHEREFORE, Defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX

8  INTERNATIONAL COMPANY LIMITED PARTNERSHIP, THE SERVICEMASTER

9  COMPANY, SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER

10 CONSUMER SERVICES LIMITED PARTNERSHIP, request that the Court grant their Motion

11 to Dismiss and dismiss the Plaintiff's claims against them, award costs of this action and all

12 other just and appropriate relief.

13

14                                                    HINSHAW & CULBERTSON LLP

15 Dated: _____

16                                                    /s/ Christopher J. Borders

17                                                    _____
                                                     CHRISTOPHER J. BORDERS
                                                     One of the Attorneys for Defendants
18                                                   TERMINIX INTERNATIONAL, INC.,
                                                     THE TERMINIX INTERNATIONAL
19                                                   COMPANY LIMITED PARTNERSHIP
                                                     (erroneously sued herein as The Terminix
20                                                   International Company),
                                                     THE SERVICEMASTER COMPANY,
21                                                   SERVICEMASTER CONSUMER
                                                     SERVICES, and
22                                                   SERVICEMASTER CONSUMER SERVICES
                                                     LIMITED PARTNERSHIP
23
   2969535  884739
24

25

26

27

28                                                    8

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. C 07-06472