1  CHRISTOPHER J. BORDERS (CA SBN 135901)
   cborders@hinshawlaw.com
2  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
3  San Francisco, California 94111
   Telephone: 415-362-6000
4

5  Attorney for Defendants
   TERMINIX INTERNATIONAL, INC.,
6  THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP
   (erroneously sued herein as The Terminix International Company),
7  THE SERVICEMASTER COMPANY,
   SERVICEMASTER CONSUMER SERVICES, and
8  SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP

9

10            **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12

13  BARBARA NEU on behalf of herself and all       ) Case No.:  C 07-06472-CW
    others similarly situated,                     )
14                                                 ) **JOINT CASE MANAGEMENT**
                                                   ) **STATEMENT AND PROPOSED ORDER**
15                  Plaintiff,                     )
                                                   ) Hon. Claudia Wilken
16                                                 )
          vs.                                      )
17                                                 ) Complaint Filed:  December 27, 2007
    TERMINIX INTERNATIONAL, INC., THE              )
18  TERMINIX INTERNATIONAL COMPANY,                ) **Date:          April 10, 2008**
    THE SERVICEMASTER COMPANY,                     ) **Time:          2:00 p.m.**
19  SERVICEMASTER CONSUMER SERVICES,               ) **Courtroom:  2**
    SERVICEMASTER CONSUMER SERVICES                )
20  LIMITED PARTNERSHIP,                           )
                                                   )
21                                                 )
                  Defendants.                      )
22                                                 )
                                                   )
23                                                 )
                                                   )
24                                                 )
                                                   )
25                                                 )
                                                   )
26                                                 )
                                                   )
27                                                 )
                                                   )
28  _____)

1

Plaintiff, BARBARA NEU, together with Defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, THE SERVICEMASTER COMPANY, SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP, by and through the undersigned attorneys, hereby submit this Joint Case Management Statement and Proposed Order pursuant to Civil Local Rule 16-9, and respectfully request the Court adopt it as its Case Management Order in this case.

1. **Jurisdiction And Service**

Plaintiff alleges that the Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Defendants acknowledge that the minimal diversity requirements of CAFA are satisfied.  With respect to the amount in controversy, Plaintiff's Complaint asserts that the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.  Defendants dispute that the amount in controversy exceeds this amount. There is no dispute as to venue and all parties have been served.

2. **Facts**

*Plaintiff's Statement:*  Without limitation of the Complaint, Plaintiffs allege that Terminix engages in widespread unfair, unlawful and deceptive practices (and breaches of duties imposed by contracts, law or industry standards) with regard to how it promotes, sells, and services obligations under contracts dealing with prevention of subterranean (ground) termites.

Terminix used chemicals it knew wore off over time or which were known to be ineffective even if properly applied but nonetheless promised protection or annually renewed promises.  Terminix failed to replace or complete chemical barriers, kept customers in the dark about this failure, and covered up or compounded the wrongdoing by switching these customers to different contracts, or provided spot treatments which it said were "complete" treatments. Terminix either continued to collect annual renewal premiums for its guarantees or switched customers to new contracts for installation of control systems it falsely and deceptively described

2

as "baits" that would kill all termite colonies. The system it described as a "baiting system" could not fairly or accurately be considered a lure for termites and even if it could, Terminix did not use it appropriately and knew that it was not effective as it now admits in published materials and solicitations.

Terminix failed to inspect properties with the frequency or thoroughness that it knew to be required by sound entomologic practices (and even its own policies) without disclosing to customers that its non-existent or incomplete inspections failed to include a quality control program and were not designed to identify problems with the completeness or effectiveness of chemical barriers or control methodologies.

Plaintiffs incorporate the full breath of claims in the complaint into this summary.

*Defendants' Statement:*  The Plaintiff did not attach a contract to the Complaint and has not properly pled an individual claim.  Moreover, if the Plaintiff can show that she had an agreement with Terminix, then that agreement may very well contain a mandatory binding arbitration provision.  Further, Plaintiff's Complaint seeks to assert claims on behalf of a class and she requests that the trier of fact review almost every aspect of Terminix's work at thousands of properties throughout California over an unspecified multi-year period.  The Complaint alleges misconduct involving virtually every aspect of Terminix's subterranean termite business including purported oral and written representations made to customers, inspection and reinspection practices, efficacy of termiticides, and quality of treatment and retreatment. Terminix and ServiceMaster deny any misconduct to Plaintiff and the putative class they seek to represent.

3.    **Legal Issues**

*Plaintiff's Statement:*  The Defendants have not answered the complaint.  Based on the Defendants' Motion to Dismiss and the Complaint, it is Plaintiff's belief that the following will be at issue:  Liability individually and on a class basis for each of the causes of action alleged in the complaint; the extent of control and direction of the Terminix entities, its business, and its

3

finances, assets, and liabilities by the ServiceMaster entities; the appropriate class definition and whether a class should be certified; scope and applicability of contract claims; scope and applicability of the "economic loss rule" for non-contract claims; and, scope and availability of equitable relief.

*Defendants' Statement:* There are numerous legal issues relating to the merits of the case, including the issue of whether the Plaintiff has standing to sue. The Plaintiff did not attach a contract to the Complaint and has not properly pled an individual claim. As set forth more fully in the Defendants' Motion to Dismiss, the contract and warranty claims are insufficiently pled, the negligence claims are barred by the economic loss doctrine, the Complaint contains duplicative counts, the claims under the Unfair Competition Law and Consumer Legal Remedies Act lack the required specificity, and the Complaint does not properly state any viable causes of action against the ServiceMaster defendants. Moreover, if the Plaintiff can show that she had an agreement with Terminix, then that agreement may very well contain a mandatory binding arbitration provision.

The Plaintiff, in addition to pursuing her own claim, seeks to assert claims on behalf of a class. Even if the Plaintiff can demonstrate that she has standing, and even if the Plaintiff can state a legally viable individual claim, it is Defendants' position that the requested class is not certifiable pursuant to Fed. R. Civ. P. 23 because individual issues predominate and a class action would not be a superior method for resolving individual claims. There is no common body of evidence that could be used to try the claims of potentially thousands of class members who all have unique homes, contracts and issues. Cases involving termite services and damages are by their nature highly individualized and therefore, are inappropriate for class treatment. Every structure is unique and the services provided by Terminix are customer-specific. Likewise, the service provided, nature of any termite damage, cause of termite damage, and timing of termite damage are highly individualized issues. In addition to the facts of these cases being customer- and property-specific, the causes of action asserted in such cases require highly individualized factual and legal determinations. Due to their inherently individualized nature,

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
CASE NO. C 07-06472

courts have never certified any termite damage case as a class action.  *See, e.g., Rollins, Inc. v. Warren*, 653 S.E.2d 794 (Ga. App. 2007); *Rollins, Inc. v. Butland*, 951 So.2d 860 (Fla. App. 2006); *Garrett v. Rollins, Inc.*, Case No. 11 181 00163 04 (Decided July 14, 2006).

**4.    Motions**

Defendants have filed a Motion to Dismiss.  The Motion has been fully briefed and is scheduled for hearing on April 10, 2008.  No other motions are currently pending.  The parties anticipate the plaintiff will file a motion for class certification (discussed more fully in Section 17 below).  Also, the parties anticipate that other motions may be filed by both parties based on the court's rulings and how the litigation progresses.

**5.    Amendment Of Pleadings**

The parties do not currently anticipate the addition of any parties.

**6.    Evidence Preservation**

*Plaintiff's Statement:*  Counsel advised the individual Plaintiffs of their duty to preserve evidence and copies of discoverable materials have been copied.

*Defendants' Statement:* Defendants have distributed a document preservation notice to their representatives requiring the preservation of documents (both paper documents and electronically stored information) that relate to the subject matter of this litigation.

**7.    Disclosures**

The parties will make Rule 26(a)(1) initial disclosures relating to the individual claims of the named plaintiff by April 9, 2008, which is 14 days from the parties' Rule 26(f) conference held on March 26, 2008.

**8.    Discovery**

*Plaintiff's Statement:*

Discovery should not be bifurcated.  As with many cases where predominance is going to be contested, if discovery is bifurcated, there will be many disputes over whether discovery is merits based or class based.  Therefore, bifurcated discovery will only serve to delay this cause, repeat efforts, and cause unnecessary expense on all parties.

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
CASE NO.  C 07-06472

No discovery has been taken to date. Initial disclosures have not yet been made. Defendants would like Plaintiff to present prima facie evidence showing that class action requirements are satisfied without the benefit of discovery. Discovery is needed in order for the Plaintiff to support its class action allegations and in order to meet the Rule 23 requirements. If Plaintiffs were to proceed without discovery evidence, Plaintiffs would be at an unfair disadvantage, not contemplated by the Rules.

Plaintiffs request that each side be allowed up to 20 fact depositions, 10 depositions of retained experts, and 100 interrogatories without leave of court.

Discovery and pretrial deadlines should be as follows:

Plaintiffs' disclosure of experts:        9/25/08

Plaintiffs' Expert Depositions:          10/31/08

Defendants' disclosure of experts:      10/31/08

Close of expert discovery:               11/30/08

Preliminary Discovery Completion:    12/30/08

Class Certification Motion:               01/15/09

Opposition to Class Motion:             02/15/09

Reply to Opposition:                      03/01/09

*Defendants' Statement:*

The Defendants should not be required to incur significant litigation expenses participating in extensive discovery regarding class certification issues in light of the inherently individualized nature of these cases and the fact that courts have never certified any termite damage case as a class action. *See, e.g., Rollins, Inc. v. Warren*, 653 S.E.2d 794 (Ga. App. 2007); *Rollins, Inc. v. Butland*, 951 So. 2d 860 (Fla. App. 2006); *Garrett v. Rollins, Inc.*, American Arbitration Association Case No. 11 181 00163 04 (Decided July 14, 2006). Accordingly, it is the Defendants' position that the Court should require the Plaintiff to make a

1  prima facie showing that the class action requirements are satisfied before allowing any class
2  action discovery.

3       If the Court determines that Plaintiff has standing, has stated a legally viable individual
4  claim, and has made a prima facie showing that discovery should be conducted regarding the
5  issue of class certification, then such discovery should be limited as follows: (1) 3 depositions
6  per side, with no deposition exceeding 7 hours absent good cause shown; (2) 10 interrogatories,
7  including subparts, per side; and (3) 30 requests for production of documents, including subparts,
8  per side.

9       Defendants also propose that the discovery period for the putative class be limited in time
10  to the four years prior to the filing of the Complaint (again, if the Court determines that
11  discovery regarding class certification is necessary).  Although the Complaint provides no
12  relevant time period, the applicable statutes of limitations make four years a reasonable period
13  for discovery purposes.  *See, e.g.,* Cal. Civ. Proc. Code §§ 337 and 338 (four year statute of
14  limitations for breach of contract actions and three year period for actions for injury to real
15  property); Cal. Civ. Code § 1783 (three year statute of limitations for breach of the Consumers
16  Legal Remedies Act);  Cal. Bus. & Prof. Code § 17208 (four year limitations period for action
17  for breach of Business and Professions Code).

18  **9.**    **Class Actions**

19       The parties have included class certification proceedings in the schedule submitted in
20  Paragraph 17.

21  **10.**    **Related Cases**

22       There are no related cases pending before this Court or before another court or
23  administrative body.

24  **11.**    **Relief**

25       *Plaintiff's Statement:*  Plaintiffs seek compensatory, equitable, statutory and punitive
26  damages, plus costs and attorney fees, plus interest. Precise amounts are not capable of
27  determination at this time.

28

7

1   *Defendants' Statement:* Defendants have not asserted a counterclaim and at this time, are
2   not seeking affirmative relief.  Defendants will challenge the damages sought by the Plaintiff on
3   her own behalf and on behalf of the putative class.  Proof of the compensatory damages claimed
4   by the Plaintiff will require a factual investigation into Terminix's course of treatment at the
5   subject property and the existence of any actual termite damage resulting from Terminix's
6   alleged conduct.   The Plaintiff's Complaint also seeks equitable relief, punitive damages,
7   attorneys fees, and expert expenses.   Defendants believe there is no factual or legal basis
8   entitling the Plaintiff to such damages.

9   **12.       Settlement And ADR**

10      Although the parties have discussed the possibility of early ADR, it is believed that the
11  class certification issues will need to be further explored before meaningful settlement
12  discussions can take place.  Moreover, if the Plaintiff can show that she had an agreement with
13  Terminix, then that agreement may very well contain a mandatory binding arbitration provision.

14      Plaintiff has filed an ADR Certification By Parties and Counsel pursuant to Civil L.R. 16-
15  8(b) and ADR L.R. 3-5(b).  Defendants will file their ADR Certification by the time of the case
16  management conference.

17  **13.       Consent To Magistrate Judge For All Purposes**

18      All parties have not consented to having a magistrate judge conduct all further
19  proceedings in this case.

20  **14.       Other References**

21      The parties do not believe this case is suitable for reference to binding arbitration, a
22  special master, or the Judicial Panel on Multidistrict Litigation.

23  **15.       Narrowing Of Issues**

24      It is the Defendants' position that the Court should, as a threshold matter, determine
25  whether class certification discovery is appropriate in this case.

26  / / /

27  / / /

28

8

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
CASE NO.  C 07-06472

**16.    Expedited Schedule**

Given the Defendants' position that class certification should be determined as a threshold matter, it is too early to determine whether this case can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling**

*Plaintiff's Proposed Schedule:*

Due to the nature of class action cases, the parties jointly propose limiting the scheduling order through class certification.

| | |
|---|---|
| Plaintiffs' disclosure of experts: | 9/25/08 |
| Plaintiffs' Expert Depositions: | 10/31/08 |
| Defendants' disclosure of experts: | 10/31/08 |
| Close of expert discovery: | 11/30/08 |
| Preliminary Discovery Completion: | 12/30/08 |
| Class Certification Motion: | 01/15/09 |
| Opposition to Class Motion: | 02/15/09 |
| Reply to Opposition: | 03/01/09 |

*Defendants' Proposed Schedule:*

If the Plaintiff can demonstrate that she has standing and that she has pled a legally sufficient claim on her own behalf, then it is the Defendants' position that class certification should be decided first and a schedule for additional dates beyond that should be deferred until after a decision on class certification. Further, due to the individual issues inherent in these cases and the fact that courts have never certified any termite damage case as a class action, it is the Defendants' position that the Court should require the Plaintiff to make a prima facie showing that the class action requirements are satisfied before allowing any class action discovery. The Defendants propose that briefing on the permissibility of class action discovery be completed by May 15, 2008.

9

If the Court determines that Plaintiff has made a prima facie showing or that discovery should be conducted regarding the issue of class certification, then the Defendants propose the following class certification schedule:

| | |
|---|---|
| Parties to serve written discovery: | 6/15/08 |
| Deadline for Plaintiff to make property available for inspection: | 7/15/08 |
| Deadline for deposition of Plaintiff on class certification issues: | 8/15/08 |
| Deadline for non-expert depositions: | 9/15/08 |
| Close of written discovery: | 9/30/08 |
| Plaintiff to make class expert disclosures: | 10/15/08 |
| Plaintiff to make class experts available for deposition: | 11/15/08 |
| Defendants to make class expert disclosures: | 1/2/09 |
| Defendants to make class experts available for deposition: | 2/1/09 |
| Plaintiff's motion for class certification: | 3/15/09 |
| Defendants' opposition to motion for class certification: | 4/15/09 |
| Plaintiff's reply brief in support of motion for class certification: | 5/1/09 |
| Ruling on motion for class certification: | 6/1/09 |
| Further case management conference: | 7/1/09 |

**18.    Trial**

*Plaintiff's Statement:*  A jury trial has been demanded.  The length of trial is expected to be four (4) to six (6) weeks at this time.

*Defendants' Statement:*  If the case is not compelled to proceed to arbitration and proceeds in this Court, then the case will be tried to a jury.  It is too early to reasonably predict the length of any trial, which will depend on whether the Court certifies a class.  If class certification is denied, the trial on Plaintiff's claims should take four to five trial days.  If a class is certified, Defendants anticipate that any trial would last several months, not including an indeterminate amount of time for mini-trials on individual issues.

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
CASE NO.  C 07-06472

1    **19.    Disclosure Of Non-Party Interested Entities Or Persons**

2    *Plaintiff's Statement:*    All California consumers who purchased subterranean (ground)

3    termite services from Defendants.

4    *Defendants' Statement:* Defendants will file their Disclosure of Non-Party Interested

5    Entities or Persons pursuant to Civil Local Rule 3-16 prior to the case management conference.

6    Respectfully submitted,

7

8    DATED:  April 3, 2008                                    HOFFMAN & LAZEAR

9                                                                          _____/s/_____.
                                                                           H. Tim Hoffman, Esq.
10                                                                         One of the Attorneys for Plaintiff
                                                                           BARBARA NEU
11

12

13   DATED:  April 3, 2008                                    HINSHAW & CULBERTSON LLP

14

15                                                                        _____/s/_____.
                                                                          Christopher J. Borders, Esq.
16                                                                        Attorneys for Defendants
                                                                          TERMINIX INTERNATIONAL, INC.,
17                                                                        THE TERMINIX INTERNATIONAL COMPANY
                                                                          LIMITED PARTNERSHIP
18                                                                        (erroneously sued herein as The Terminix International
                                                                          Company),
19                                                                        THE SERVICEMASTER COMPANY,
                                                                          SERVICEMASTER CONSUMER SERVICES, and
20                                                                        SERVICEMASTER CONSUMER SERVICES
                                                                          LIMITED PARTNERSHIP
21

22   SO ORDERED.

23

24

25   Dated:_____          _____
                                                                          THE HONORABLE CLAUDIA WILKIN
26                                                                        DISTRICT COURT JUDGE
                                                                          UNITED STATES DISTRICT COURT
27

28

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
CASE NO.  C 07-06472

2969833v1   884739

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
CASE NO.  C 07-06472