IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA NEU, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TERMINIX INTERNATIONAL, INC.; THE TERMINIX INTERNATIONAL COMPANY; THE SERVICEMASTER COMPANY; SERVICEMASTER CONSUMER SERVICES; and SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP,<br><br>    Defendants.<br>_____/ | No. C 07-6472 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING LEAVE TO AMEND |

    Defendants Terminix International, Inc., The Terminix International Company Limited Partnership, The Servicemaster Company, Servicemaster Consumer Services, Inc., and Servicemaster Consumer Services Limited Partnership move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the putative class action complaint filed against them by Plaintiff Barbara Neu.  Plaintiff opposes the motion.  The matter was taken under submission on the papers.  Having considered all of the papers filed by the parties, the Court grants the motion to dismiss and grants Plaintiff leave

to amend.

## BACKGROUND

Unless otherwise noted, the following facts are taken from the Complaint and are assumed to be true for purposes of this motion.

Plaintiff Neu alleges that Defendants caused her "to enter into a termite agreement/contract with Defendants on or about the date that contracts and/or service orders or transfer/assignment of contract requests were made (dates within the knowledge and control of the Defendants)." Complaint ¶ 21. Those contracts contain guarantees related to inspections, treatment "and sometimes for repair of any termite-related damages, provided that Plaintiff pays the annual renewal fee." Id. at ¶ 22. In consideration for these guarantees, Plaintiff alleges that she paid an initial treatment fee, guarantee transfer fee and renewal fee.

Plaintiff alleges that Defendants routinely performed the initial treatment services identified above and continually renewed their guarantees. However, Plaintiff alleges that "Defendants did not intend to fulfill the terms of their termite prevention contracts at the time they entered into and renewed the agreements." Id. at ¶ 25. Moreover, Plaintiff alleges that, at some unidentified time, Defendants knew or should have known that the services previously rendered were no longer effective against termites but Defendants "failed to refund premiums and charges to customers." Id.

Plaintiff alleges that Defendants had a duty to ensure adequate inspections and the effective application and maintenance of chemical barriers in a uniform manner "so that the protection

2

and future inspections could be performed in a reasonable manner all in accordance with the law, label directions of termiticides and industry standards." Id. at ¶ 27. Plaintiff alleges that Defendants failed to perform these duties. In addition to Defendants' failure to perform the necessary treatments, Plaintiff alleges that Defendants "falsely claimed they were using a 'bait' to lure termites into poisonous traps that would lead to the death of entire termite colonies." Id. at ¶ 28.

Plaintiff alleges that Defendants failed to conduct adequate initial inspections, annual inspections and re-inspections for termites and termite damage. In addition, Defendants failed to perform the initial services required for effective termite prevention and control. Defendants also continued to collect annual renewal premiums for ongoing protection services "when they knew any chemical barriers they applied had worn off and that the basic prevention service offered by the contract was not being provided." Id. at ¶ 31.

Plaintiff further alleges that Defendants include in their contracts conditions for coverage that will not be met. As an example, Plaintiff alleges that "the repair promise was conditioned upon a Terminix employee finding live termites when the practice of the company was to kill live termites before the extent of live termites could be discovered by the property owner and when termites could damage wood during the contract term without being present at the time of inspection." Id. at ¶ 34. Finally, Plaintiff alleges that Defendants have fraudulently concealed their failure to perform their duties under the contract.

Plaintiff alleges that the Terminix Defendants "sell and claim to provide termite protection services throughout California" and that Terminix "is for all legal and practical purposes a mere department or 'business unit' of ServiceMaster." Id. at ¶¶ 11, 14.

Based on these allegations, Plaintiff brings the following causes of action: (1) breach of contract and warranty; (2) equitable relief; (3) breach of duty to warn; (4) negligent training, supervision and retention; (5) violation of California Business and Professions Code § 1750; (6) violation of California Business and Professions Code § 17200; and (7) violation of California's Consumer Legal Remedies Act.

LEGAL STANDARDS

I. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile.

4

Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

II.  Rule 9(b)

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987), provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." In re GlenFed, Inc., Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Scienter may be averred generally, simply by saying that it existed. See id. at 1547; see Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally").

5

DISCUSSION

I. Claim for breach of contract and warranty

Defendants first argue that Plaintiff's claim for breach of contract and warranty is subject to dismissal because Plaintiff fails to append the contract to her complaint or to include the terms of the contract in its complaint. "A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal. App. 3d 1371, 1388 (1990). Defendants argue that dismissal is warranted because Plaintiff has failed to append the contract to her complaint or to plead the terms or legal effect of the contract.

Plaintiff counters that she has plead the legal effect of the contract summarizing as follows,

> the Complaint alleges the Plaintiff entered into a service contract with Defendants whereby Defendants undertook to provide the necessary treatments and inspections to protect Plaintiff's house from subterranean termite damage. Defendants breached the service contract by failing to provide the necessary treatment and/or inspections necessary to prevent termites, as agreed to and contracted for and required by California regulations.

Opposition at 3. However, the complaint refers to "contracts and/or service orders or transfer/assignment of contract requests," "termite prevention contracts," "premiums for protection services," "basic prevention service," "repair contracts" and "consumer contracts." Complaint at ¶¶ 21, 25, 31, 34 and 36. While Plaintiff's complaint appears to refer to several types of

6

contracts, her opposition states that there is only one contract. Moreover, Plaintiff does not allege the date on which she entered into the contract or contracts at issue. Therefore, despite her allegation that Defendants use form contracts, Defendants have no way of knowing what contract or contracts Plaintiff alleges have been breached.

Plaintiff states that, if granted leave to amend, she can attach a copy of the relevant contract to her claim. The Court grants Defendants' motion to dismiss Plaintiff's breach of contract and warranty claim with leave to amend. Plaintiff shall append any contract or contracts she alleges have been breached and shall indicate the contract terms upon which she bases those claims.

II.  Claim for equitable relief

Defendants next argue that Plaintiff's claim for equitable relief should be dismissed because such relief is a remedy not an independent cause of action. California law clearly provides, "Injunctive relief is a remedy and not, in itself, a cause of action." McDowell v. Watson, 59 Cal. App. 4th 1155, 1159 (1997). Plaintiff argues that McDowell actually supports her argument that her claim for equitable relief is properly plead. However, neither the sentence she cites, nor any other part of the opinion provides such support. Although in other contexts, the term "cause of action" may be used to describe remedies sought, it does not follow that a claim for a specific type of remedy can be a separately plead, free-standing cause of action. Defendants' motion to dismiss is granted with respect to Plaintiff's claim for equitable relief (Count Two). Because amendment would be futile, this claim

7

is dismissed without leave to amend.

Defendants also argue that Plaintiff's request for equitable relief in the Prayer for Relief should be stricken because she has not alleged that she lacks an adequate remedy at law. "The basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Lucasfilm Ltd. v. Media Market Gp., Ltd., 182 F. Supp. 2d 897, 899 (N.D. Cal. 2002) (internal quotations omitted). However, as Defendants note, a request for equitable relief is not a cause of action. Defendants cite no authority requiring Plaintiff to plead in her complaint specific facts regarding her entitlement to such relief.

III. Duty to warn and negligence claims

Defendants next argue that Plaintiff's third and fourth causes of action, her duty to warn and negligence claims, are barred under the economic loss doctrine. In California, tort damages are permitted in contract cases only in limited situations. Generally, a tortious breach of contract may be found when

> (1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion; or (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages.

Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (2004) (quoting Ehrlich v. Menezes, 21 Cal. 4th 543, 553-54 (1999)). Claims of fraud and intentional misrepresentation that are independent of a breach of contract are not subject to the economic loss rule. Id. at 991.

8

1    Plaintiff essentially argues that the economic loss rule does
2 not apply because the contract here was for services.  However,
3 this Court has held more than once that "the limitation on tort
4 recovery applies to the negligent performance of services as well
5 as to the negligent manufacture of goods."  Rejects Skate Magazine,
6 Inc. v. Acutrack, Inc., 2006 U.S. Dist. LEXIS 63157, *12 (N.D.
7 Cal.); see also Kalitta Air, LLC v. Cent. Tex. Airborne Systems,
8 Inc., 2005 U.S. Dist. LEXIS 43317 (N.D. Cal.) (judgment as a matter
9 of law granted in part; petitions for permission to appeal granted,
10 Nos. 05-16841 and 05-16842 (9th Cir. Sept. 20, 2005)).

11    As in Rejects Skate Magazine, Plaintiff's negligence claims
12 merely restate her breach of contract claim, thereby subjecting
13 them to application of the economic loss doctrine.  2006 U.S. Dist.
14 LEXIS 63157, *12.  In her breach of duty to warn claim, Plaintiff
15 alleges that Defendants had a duty to warn her about the facts that
16 form the basis for her breach of contract claim and "the actions
17 that customers needed to take in order to maintain the barrier once
18 applied."  Complaint ¶ 66.  The damages based on this claim are
19 identical to those based on Plaintiffs' breach of contract claim.
20 Moreover, this claim does not identify any duty outside of the
21 duties arising under the contract.

22    In her negligent training, supervision and retention claim,
23 Plaintiff alleges that "Defendants owed Plaintiff and the class a
24 duty of care and professionalism in the rendition of pest control
25 and termite inspection services, in training and supervising their
26 employees to perform those services in full compliance with the
27 laws of the State of California."  Id. at ¶ 71.  Plaintiff alleges

9

that this duty arises from "the special or confidential relationship between the parties, California statutes and regulations governing the termite industry, and Defendant's superior knowledge of the termite industry, their practices, and Defendants and their practices." Id. at ¶ 72. However, the only relationship between the parties identified in the complaint is the contractual relationship. Moreover, Plaintiff has not alleged any statute or regulation creating a duty.

The Court grants Defendants' motion to dismiss Plaintiff's third and fourth claims. Plaintiff may replead her negligent training, supervision and retention claim if she can allege facts sufficient to find the existence of a duty beyond that created by the contract. Because Plaintiff's breach of duty to warn claim is duplicative of her breach of contract claim, it is dismissed without leave to amend.

IV.  Allegations of fraud

Defendants next argue that Plaintiff's fifth, sixth and seventh claims are based on allegations of fraud and therefore are subject to Federal Rule of Civil Procedure 9(b)'s particularity requirement. These claims are brought pursuant to California Business and Professions Code §§ 17200 and 17500 and California Civil Code § 1750.

Plaintiff first suggests that the allegations supporting these claims need not meet the Rule 9(b) particularity requirement. While it is true that Plaintiff need not allege common law fraud to state a claim under these statutes, Plaintiff's claims, as currently alleged, sound in fraud. Therefore, the facts underlying

10

these claims must be plead with particularity.

Plaintiff next asserts that the complaint "plainly demonstrates wrongdoing where members of the public were likely to be deceived by Defendants." Opposition at 9. She goes on to cite three particular types of actions by Defendants: "distributing false promotional materials," "unfair, unlawful and fraudulent business practices," and "a particular defective contract." Id. The Court interprets this to be an argument that Plaintiff's complaint includes allegations sufficient to satisfy the Rule 9(b) particularity requirement.

Plaintiff's Civil Code § 1750 claim identifies with specificity a writing entitled "Sentrico Subterranean Termite Protection Plan," which Plaintiff asserts is misleading because it states that "termite service contract would kill termites that attempted to infest Plaintiff's dwelling and that the regularly scheduled maintenance was necessary to maintain this protection." Complaint ¶ 91. Plaintiff also asserts that the termite control plan was substantially defective. Although Plaintiff characterizes this misrepresentation as "willful and intentional," she provides no allegations to support a finding that Defendants knew their plan to be faulty. Absent such allegations, Plaintiff has merely re-plead her breach of contract claim.

Plaintiff's claims under California Business and Professions Code §§ 17200 and 17500 fail because she has not plead with specificity the promotional materials, the terms of the defective contract or the specific representations that constituted the unfair business practices. Plaintiff cites Parrino v. FHP, Inc.,

11

146 F.3d 699 (9th Cir. 1997), for the proposition that "[a] district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading."  Id. at 705-06 (internal quotation and alterations omitted).  However, neither party has submitted any such document for the Court's consideration.  Plaintiff suggests that Defendants should be required to produce such documents because "the Complaint references promotional materials, contracts and documents describing business procedures that are in Defendants' possession."  Opposition at 10.

Plaintiff provides no authority requiring Defendants voluntarily to come forward with documents to bolster the allegations in her complaint.  Moreover, it is not clear that Plaintiff's complaint identifies such documents with sufficient specificity that Defendants could do so.

The Court dismisses Plaintiff's fifth, sixth and seventh causes of action with leave to amend.  In order to restate these claims against Defendants, Plaintiff must plead "'the who, what, where, and how' of the misconduct charged," Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).  To the extent these claims are based on written misrepresentations, Plaintiff may attach the documents to her amended complaint or identify the document and quote verbatim the portions upon which she relies.  To the extent these claims are based on oral misrepresentations, Plaintiff shall identify who made the statements.  In either case,

12

Plaintiff shall identify the specific false statements of fact, when the statements were made, why Plaintiff believes the statements were knowingly false when made and how Plaintiff will prove that they were knowingly false when made.

V.   Claims against the ServiceMaster Defendants

Finally, Defendants argue that Plaintiff has failed properly to allege claims against the ServiceMaster Defendants. Defendants note that Plaintiff's allegations revolve around contracts she entered into with the Terminix Defendants.

The parties agree that, although a parent company cannot ordinarily be held liable for its subsidiary's conduct, "a subsidiary's contacts may be imputed to the parent where the subsidiary is the parent's alter ego, or where the subsidiary acts as the general agent of the parent." Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1134 (9th Cir. 2003). To proceed under the alter ego theory, a plaintiff must demonstrate "that the parent exercises such control over the subsidiary so as to render the latter the mere instrumentality of the former." Id. (internal quotation omitted). "To satisfy the agency test, the plaintiff must make a prima facie showing that the subsidiary represents the parent corporation by performing services sufficiently important to the parent corporation that if it did not have a representative to perform them, the parent corporation would undertake to perform substantially similar services." Id. (internal quotation and alterations omitted). A parent company may also be held directly liable if it participates in the subsidiary's wrongdoing. United States v. Bestfoods, 524 U.S. 51, 61 (1998).

13


...

Plaintiff alleges that the ServiceMaster Defendants "directly participate, guide, and manage all of the activities of the Terminix Defendants through active and direct participation in the managerial affairs of the Terminix Defendants." Complaint at ¶ 13. Plaintiff also alleges that "ServiceMaster publishes, backs, and supports the customer satisfaction guarantees provided by Terminix to all Terminix customers." Id. at ¶ 16. Although the Court construes factual allegations in the light most favorable to Plaintiff, "conclusory allegations without more are insufficient to defeat a motion to dismiss." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988); see also Smilecare Dental Group v. Delta Dental Plan, 88 F.3d 780, 785 n.6 (9th Cir. 1996); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 735-36 (9th Cir. 1987). Therefore, the Court dismisses Plaintiff's claims against the ServiceMaster Defendants with leave to amend. In order to include these Defendants in their amended complaint, Plaintiff must allege facts to support a finding that ServiceMaster can be held liable under one of the theories discussed above.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss (Docket No. 28). Plaintiff may file an amended complaint within twenty days of the date of this order, if she can, truthfully and without contradicting the original complaint, amend her allegations to overcome the deficiencies identified in this Order. The case management conference previously scheduled for April 10, 2008 shall be held on June 19, 2008. Any motion to

dismiss the amended complaint shall be noticed for that date.

    IT IS SO ORDERED.

Dated: 4/8/08

CLAUDIA WILKEN
United States District Judge