1  CHRISTOPHER J. BORDERS (SBN 135901)
   **HINSHAW & CULBERTSON LLP**
2  One California Street, 18th Floor
   San Francisco, California 94111
3  Telephone: 415-362-6000

4  DAVID R. CREAGH (Admitted *Pro Hac Vice*)
   DAVID J. RICHARDS (Admitted *Pro Hac Vice*)
5  STEVEN M. PUISZIS (Admitted *Pro Hac Vice*)
   CLIFFORD E. YUKNIS (Admitted *Pro Hac Vice*)
6  **HINSHAW & CULBERTSON LLP**
   222 North LaSalle Street, Suite 300
7  Chicago, Illinois 60601-1081
   Telephone: 312-704-3000
8
   Attorneys for defendants
9

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA NEU on behalf of herself and all others similarly situated, | Case No.: C 07-06472-CW |
| Plaintiff, | **MOTION TO DISMISS** |
| vs. | |
| TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL COMPANY, THE SERVICEMASTER COMPANY, SERVICEMASTER CONSUMER SERVICES, SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP, | |
| Defendants. | |

1

# MOTION TO DISMISS

Defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, THE SERVICEMASTER COMPANY, SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP, by and through their attorneys, Christopher J. Borders and David R. Creagh of HINSHAW & CULBERTSON LLP, now move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff's Amended Complaint. In support of their Motion, defendants state:

1. On April 8, 2008, this Court dismissed plaintiff's Complaint and provided plaintiff specific directives and admonitions for repleading her claims. (*See* Court Order dated April 8, 2008 Granting Motion to Dismiss and Granting Leave to Amend, Doc. 39)(hereafter "4-8-08 Court Order"). Despite the cautionary language from the Court, plaintiff filed an Amended Complaint that amounts to nothing more than a rambling, virtually incoherent diatribe that fails to cure any of the deficiencies which resulted in dismissal of the original Complaint and fails to state any viable cause of action.

2. Plaintiff's Amended Complaint attempts to state the following claims against the defendants:

   Count One:    Breach of Contract and Warranty

   Count Two:    Professional Negligence, Wantonness and Recklessness (including negligent training, supervision and retention)

   Count Three:  California Unfair Competition Law (Business and Professions Code §17500)

   Count Four:   California Unfair Competition Law (Business and Professions Code §17200)

   Count Five:   Violation of Consumers Legal Remedies Act (Civil Code § 1750, et seq.)  (*See* plaintiff's Amended Complaint, Doc. 46).

3. With respect to the breach of contract and warranty claim, in dismissing the original Complaint, the Court instructed plaintiff to "append any contract or contracts she alleges to have been breached and shall indicate the contract terms upon which she bases those claims."

(*See* 4-8-08 Court Order, Doc. 39, Page 7). The plaintiff is not even a named party to the contract attached to the Amended Complaint and the pleading fails to cite the specific contract terms alleged to have been breached.

4. In dismissing the negligence claims in the original Complaint, the Court found that the economic loss rule applied where, as here, the alleged negligence arose out of an obligation created by contract and the claimed damages are the same as those pled in the breach of contract claim. (4-8-08 Court Order, Doc. 39, Page 9). The Court granted the plaintiff leave to replead her negligent training, supervision and retention claim "if she can allege facts sufficient to find the existence of a duty beyond that created by contract." (4-8-08 Court Order, Doc. 39, Page 10). The Amended Complaint fails to allege such facts.

5. With respect to the plaintiff's fraud claims (Counts Three, Four and Five), the Court's April 8, 2008 ruling required plaintiff to identify the specific false statements of fact, when and where they were made, why plaintiff believes the statements were knowingly false when made, and how plaintiff will prove they were knowingly false when made. (4-8-08 Court Order, Doc. 39, Pages 12-13). For claims based on oral representations, the plaintiff was required to identify who made the allegedly false statements, and for written representations, the plaintiff was to attach the document or quote the relevant provisions verbatim. (*Id.* at 12). Plaintiff's Amended Complaint falls woefully short of meeting these pleading standards.

6. Lastly, with respect to the claims against The ServiceMaster Company, ServiceMaster Consumer Services, Inc., or ServiceMaster Consumer Services Limited Partnership, the Court ruled that plaintiff "must allege facts to support a finding that ServiceMaster can be held liable under [theories of alter ego, agency, or direct participation in the subsidiary's wrongdoing]." (4-8-08 Court Order, Doc. 39, Pages 13-14). The allegations against these defendants in the Amended Complaint are substantively identical to the allegations in the original pleading except for the addition of some conclusory language that does not meet the Court's directive.

1    7. Defendants incorporate herein by reference the arguments and authorities cited in
2    their supporting Memorandum of Law.
3    WHEREFORE, defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX
4    INTERNATIONAL COMPANY LIMITED PARTNERSHIP, THE SERVICEMASTER
5    COMPANY, SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER
6    CONSUMER SERVICES LIMITED PARTNERSHIP, pray that this Honorable Court grant their
7    Motion to Dismiss and dismiss the plaintiff's claims against them, award costs of this action and
8    all other just and appropriate relief.

10   Dated: May 19, 2008                    Respectfully submitted,

11                                          /S/
12                                          By: Christopher J. Borders
                                            One of the Attorneys for the defendants.