```
1   CHRISTOPHER J. BORDERS (SBN 135901)
    HINSHAW & CULBERTSON LLP
2   One California Street
    18th Floor
3   San Francisco, California 94111
    Telephone: 415-362-6000
4
    DAVID R. CREAGH (Admitted Pro Hac Vice)
5   DAVID J. RICHARDS (Admitted Pro Hac Vice)
    STEVEN M. PUISZIS (Admitted Pro Hac Vice)
6   CLIFFORD E. YUKNIS (Admitted Pro Hac Vice)
    HINSHAW & CULBERTSON LLP
7   222 North LaSalle Street
    Suite 300
8   Chicago, Illinois 60601-1081
    Telephone: 312-704-3000
9
    Attorneys for defendants
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA NEU on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL COMPANY, THE SERVICEMASTER COMPANY, SERVICEMASTER CONSUMER SERVICES, SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP,<br><br>Defendants. | Case No. C07-06472 CW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, THE SERVICEMASTER COMPANY, SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER CONSUMER

1

SERVICES LIMITED PARTNERSHIP, by and through their attorneys, Christopher J. Borders and David R. Creagh of HINSHAW & CULBERTSON LLP, and for their Memorandum of Law in Support of their Rule 12(b)(6) Motion to Dismiss plaintiff's Amended Complaint, state as follows:

## I.   INTRODUCTION

On April 8, 2008, this Court dismissed plaintiff's Complaint and provided plaintiff specific directives and admonitions if she sought to replead her claims. Plaintiff has failed to cure the deficiencies that resulted in dismissal of the original Complaint, and has failed to state any viable cause of action.

With respect to the contract and warranty claim (Count One of the Amended Complaint), plaintiff is not a named party to the agreement attached to the Amended Complaint and the pleading fails to cite the specific contract terms alleged to have been breached. In the negligence claim (Count Two of the Amended Complaint), plaintiff has not alleged any duty independent of the parties' contractual relationship, and therefore, the negligence claims are barred by the California economic loss rule. Plaintiff fails to plead the fraud claims (Counts Three, Four and Five of the Amended Complaint) with the specificity required under Federal Rule of Civil Procedure 9(b). Lastly, the Amended Complaint does not allege facts sufficient to state any viable claim against the ServiceMaster defendants.

As a result, the Amended Complaint should be dismissed in its entirety.

## II.   ARGUMENT

**A.   Claim for Breach of Contract and Warranty**

In granting the defendants' motion to dismiss, the Court instructed plaintiff to "append any contract or contracts she alleges to have been breached and shall indicate the contract terms upon which she bases those claims." (*See* Court Order dated 4-8-08 Granting Motion to Dismiss and Granting Leave to Amend, Doc. 39, Page 7)(hereafter "4-8-08 Court Order"). Plaintiff's Amended Complaint fails to comply with either aspect of this instruction.

With respect to appending the contract she alleges was breached, plaintiff alleges that in May 1999, defendants and plaintiff entered into the contract attached as Exhibit 1. (*See* Amended Class

Action Complaint, Doc. 46, ¶27) (hereafter "Amended Complaint"). However, the contract attached as Ex. 1 to the Amended Complaint is between Bruce Whitney[1] and Terminix. The Amended Complaint does not even attempt to establish the applicability of that contract to the plaintiff.

With respect to the Court's requirement that plaintiff "indicate the contract terms upon which she bases those claims", Count One does not reference a single term from the contract nor a single way in which the contract was allegedly breached. (Amended Complaint, Doc. 46, ¶¶ 67-70). Instead, Count One incorporates the 97 other paragraphs of the Amended Complaint and approximately 100 pages of attached exhibits,[2] and leaves it to the Court and the defendants to divine the specific contract terms the plaintiff claims were breached and the manner in which they were breached.

Count One of the Amended Complaint fails to comply with the Court's Order and otherwise fails to state a viable cause of action for breach of contract and/or warranty and should be dismissed.

**B.    Negligence**

In Count Two, plaintiff alleges negligent training, supervision, and retention of employees. (Amended Complaint, Doc. 46, ¶¶77-79). The same claim was asserted in the original Complaint and the Court dismissed it, finding that "the only relationship between the parties identified in the

---

[1] In the copy of the contract attached to the Amended Complaint, the name of the purchaser appears to have been redacted from the top portion of the contract. Mr. Whitney's signature appears at the bottom of the contract. An unredacted copy of that same contract is attached hereto as Exhibit "A" and clearly shows that Mr. Whitney was the purchaser of that contract.

[2] These exhibits consist of service records (Exs. 9 and 10, Doc. 46-3, Pages 24-54); advertising materials regarding Terminix, termite control in general and the Sentricon baiting system (Exs. 11, 12 and 13, Doc. 46-4, Pages 1-50); a 2005 study from the University of Arizona comparing two termite elimination systems (Ex. 14, Doc. 46-5, Pages 2-16); deposition testimony given in an Arkansas case regarding a 1989 bulletin (Ex. 15, Doc. 46-5, Pages 19-24) and contracts in Arkansas (Ex. 15, Doc. 46-5, Pages 26-34); in other words, things having nothing to do with this contract.

In addition to the above documents, attached to plaintiff's Amended Complaint as Exhibits 2, 3 and 4 are regulatory orders in Kentucky, Florida and Alabama having no relation whatsoever to any of the issues in this litigation. These orders involve events occurring outside the State of California during time periods not relevant to the instant case. (See, e.g., Amended Complaint, Exs. 2, Doc. 46-2, Pages 9, 20; Ex. 3, Doc. 46-2, Pages 38, 53; Ex. 4, Doc. 46-3, Pages 2-3). Further, the regulatory matters referred to in these exhibits all involve liquid termite treatments, which is an entirely different form of treatment than the baiting system service involved in this case. (See, e.g., Amended Complaint, Exs. 2, Doc. 46-2, Page 9; Ex. 3, Doc. 46-2, Page 38; Ex. 4, Doc. 46-3, Pages 2-3). Additionally, the Assurance of Voluntary Compliance entered into between Terminix and the Florida Attorney General (Ex. 2, Doc. 46-2, Pages 26-35) involves a claim of a fuel surcharge which again, has no relation whatsoever with any of the issues in this litigation.

complaint is the contractual relationship." (4-8-08 Court Order, Doc. 39, Page 10).  Citing *Rejects Skate Magazine, Inc. v. Acutrack, Inc.*, 2006 U.S. Dist. LEXIS 63157 (N.D. Cal.), the Court found that the economic loss rule applied where, as here, the alleged negligence arose out of an obligation created by contract and the claimed damages are the same as those pled in the breach of contract claim. (4-8-08 Court Order, Doc. 39, Page 9).  The Court granted the plaintiff leave to replead her negligent training, supervision and retention claim only "if she can allege facts sufficient to find the existence of a duty beyond that created by contract." (4-8-08 Court Order, Doc. 39, Page 10).

Plaintiff's only attempt in Count Two to circumvent the economic loss rule is to cite Sections 8516 and 8560 of the California Business and Professions Code and Sections 1937 and 1990 of the California Code of Regulations. (Amended Complaint, Doc. 46, ¶¶31, 73-74).  These statutory provisions do not create any additional relationship between the parties and do not otherwise enable plaintiff to avoid the consequences of the economic loss rule.

Section 1937 of the California Code of Regulations (16 Cal.Code of Regs. §1937) lists the amount of field work required for a license applicant and Section 8560 of the California Business and Professions Code lists the type of work authorized by various licenses.  Section 8516 of the Business and Professions Code and Section 1990 of the Code of Regulations (16 Cal.Code of Regs. §1990) contain the requirements for inspection reports.  These provisions do not confer any rights of action in favor of consumers of pest control services and violations of these provisions are redressed in disciplinary proceedings before the Structural Pest Control Board.  Cal. Bus. & Prof. Code §8620; *Thole v. Structural Pest Control Bd.*, 42 Cal.App.3d 732, 117 Cal.Rptr. 206, 207 (1974).  Accordingly, reference to these statutes and regulations do not constitute "facts sufficient to find the existence of a duty beyond that created by the contract" (4-8-08 Court Order, Doc. 39, Page 10) and do not cure the pleading deficiencies of the original Complaint.

In addition to the statutory references cited above, plaintiff has alleged that the defendants "owed a duty to give Plaintiff her money back" (Amended Complaint, ¶32), "owed a duty . . . to provide an expert service" (Amended Complaint, ¶33), and "owed a duty to provide expert advice" to plaintiff. (Amended Complaint, ¶34).  These allegations appear in the "Allegations Common to

All Counts" section of the Amended Complaint. Accordingly, it is not clear if these alleged duties are intended to be part of the negligence claim, but if so, these allegations do not create any obligations beyond those created by contract.

Moreover, in dismissing the original negligence claims, the Court reasoned that "[t]he damages based on [the negligence] claim are identical to those based on Plaintiff's breach of contract claim." (4-8-08 Court Order, Doc. 39, Page 9). Plaintiff's Amended Complaint alleges nothing which cures this defect. Like the original Complaint, the Amended Complaint's negligence claim seeks the same damages alleged in the contract claim.

For the above reasons, this Court should find, like it did with respect to the original Complaint, that the negligence claims in the Amended Complaint "merely restate her breach of contract claim" and "the only relationship between the parties identified in the complaint is the contractual relationship." (4-8-08 Court Order, Doc. 39, Pages 9-10).

C. **Fraud Claims**

Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud . . . the circumstances constituting fraud shall be stated with particularity." FED.R.CIV. P. 9(b). This rule requires pleadings to allege "the who, what, when, where and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003). In dismissing the fraud claims in the original Complaint, the Court stated:

> In order to restate these claims against Defendants, Plaintiff must plead "the who, what, where, and how" of the misconduct charged. [Citations omitted]. To the extent these claims are based on written misrepresentations, Plaintiff may attach the documents to her amended complaint or identify the document and quote verbatim the portion upon which she relies. To the extent these claims are based on oral representations, Plaintiff shall identify who made the statements. In either case, Plaintiff shall identify the specific false statement of fact, when the statements were made, why Plaintiff believes the statements were knowingly false when made and how Plaintiff will prove they were knowingly false when made.

(4-8-08 Court Order, Doc. 39, Pages 12-13).

Despite this ruling by the Court, the fraud counts in the Amended Complaint are identical to the fraud counts in the original Complaint. Count Three of the Amended Complaint is identical to

Count Five of the original Complaint (*Compare* Amended Complaint, Doc. 46, ¶¶ 84-88, *with* Complaint, Doc. 1, ¶¶79-83), Count Four of the Amended Complaint is identical to Count Six of the original Complaint (*Compare* Amended Complaint, Doc. 46, ¶¶ 89-92, *with* Complaint, Doc. 1, ¶¶84-87), and Count Five of the Amended Complaint is identical to Count Seven of the original Complaint. (*Compare* Amended Complaint, Doc. 46, ¶¶ 93-101, *with* Complaint, Doc. 1, ¶¶88-96). Accordingly, there is nothing in Counts Three, Four or Five of the Amended Complaint which cure the defects contained in the original Complaint.

Instead of amending her fraud counts, plaintiff simply incorporates the other paragraphs of the Amended Complaint and the approximate 100 pages of attached exhibits in the apparent hope that the Court will find something therein that satisfies the pleading requirements for a fraud cause of action. Requiring the defendants to sift through a pleading with more than 100 paragraphs and approximately 100 pages of attached exhibits to speculate as to what (if any) representations in these materials are part of the plaintiff's fraud claims is not within the letter or spirit of the Court's Order.

The Court's April 8, 2008 ruling required plaintiff to identify the specific false statements of fact, when and where they were made, why plaintiff believes the statements were knowingly false when made, and how plaintiff will prove they were knowingly false when made. (4-8-08 Court Order, Doc. 39, Pages 12-13). Plaintiff's Amended Complaint falls well short of meeting these standards, and therefore, Counts Three, Four and Five should be dismissed.

### D. Claims Against ServiceMaster Defendants

At Page 14 of the Court's Order, the Court instructed the plaintiff that "in order to include [the ServiceMaster defendants] in their amended complaint, plaintiff must allege facts to support a finding that ServiceMaster can be held liable under [theories of alter ego, agency, or direct participation in the subsidiary's wrongdoing]." (4-8-08 Court Order, Doc. 39, Pages 13-14). Despite the fact that the Court specifically instructed the plaintiff to plead "facts to support a finding that ServiceMaster can be held liable under one of the theories discussed above," (*Id.* at 14), plaintiff has merely alleged, in conclusory fashion, that Terminix "is the alter ego of ServiceMaster, and/or acts as ServiceMaster's general agent." (Amended Complaint, Doc. 46, ¶16). The remaining

allegations relating to the ServiceMaster defendants (Paragraphs 15 and 17-21 of the Amended Complaint) are substantively identical to the original Complaint and have previously been ruled deficient.

Plaintiff has not complied with the Court's express instruction to plead facts regarding the claims against the ServiceMaster defendants. Accordingly, all claims against the ServiceMaster defendants should be dismissed.

### III. CONCLUSION

WHEREFORE, defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, THE SERVICEMASTER COMPANY, SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP, pray that this Honorable Court grant their Motion to Dismiss and dismiss the plaintiff's claims against them, award costs of this action and all other just and appropriate relief.

Dated: May 19, 2008                Respectfully submitted,

                                   /S/

                                   By: Christopher J. Borders
                                       One of the Attorneys for the defendants.