H. TIM HOFFMAN, SBN 49141
ARTHUR W. LAZEAR, SBN 83603
MORGAN M. MACK SBN 212659
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700

CHRISTIAN H HARTLEY
DANIEL M. BRADLEY
**RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC**
174 E. Bay Street
Charleston, SC  29401
Telephone: (843) 727-6564

THOMAS CAMPBELL
**CAMPBELL LAW
A PROFESSIONAL CORPORATION**
100 Concourse Parkway, Suite 115
Birmingham, AL  35244
Telephone: (205) 278-6650

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA NEU  on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>Terminix International, Inc.,<br>The Terminix International Company, LP,<br>The ServiceMaster Company<br>ServiceMaster Consumer Services, Inc.,<br>ServiceMaster Consumer Services<br>Limited Partnership,<br><br>        Defendants. | Case No. 4:07-cv-06472-CW<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' UNTIMELY MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Demand  for Jury Trial |

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' UNTIMELY MOTION TO DISMISS**

**I.  INTRODUCTION**

This Court granted Plaintiff leave to amend her complaint by April 28, 2008 to re-plead causes of action dismissed without prejudice. Plaintiff timely filed her first Amended Complaint on April 28, 2008, addressing the pleading requirements specified by this Court. Under Federal Rule of Civil Procedure 15(a)(3), Defendants had ten (10) days, or until May 12, 2008, to file a response. Defendants failed to file any responsive pleading within the ten days allowed. On May 19, 2008, seven (7) days after their deadline passed, Defendants filed an untimely Motion to Dismiss the Amended Complaint. Defendants' motion should be denied on that ground alone.

Moreover, Defendants' motion re-urges the same arguments Plaintiff addressed by filing her Amended Complaint in accordance with the Court's instructions.  This Court should deny Defendants motion as untimely without reading further. However, should the Court decide to devote its resources to Defendants' untimely motion, Plaintiff explains below how her Amendments satisfied the pleading requirements set out by the Court in its April 8, 2008, Order.

In granting Plaintiff leave to amend her claims, this Court instructed the Plaintiff regarding a number of issues she should address, for example, duties owed to Plaintiff beyond contractual duties, and more specific factual allegations in support of Plaintiff's broadly alleged claims of fraud. It is important to note, however, that Plaintiff's allegations are broadly pled because her broad claim that Terminix never intended to "provide the necessary services to the [home] to control or protect against subterranean (ground) termites" (*See* Am. Compl., Doc. 46, Ex. 1) lies at the heart of her complaint.

Barbara Neu was the victim of an overall fraudulent, illegal and unfair business practice, scheme or plan directed at the fundamental service Defendants are in the business of providing,

i.e., eliminating and preventing subterranean termite infestation by use and maintenance of proper eradication and control measures based upon expertise as regulated and licensed termite control operators. As contrary to common sense as it may sound at first glance, Defendants did not provide this basic service to customers, including Barbara Neu, as a matter of business practice in the State of California. This is not a situation where Plaintiff is pleading broadly, fishing for a theory to support her allegations. The wrongdoing is a fundamental failure by Defendants to keep its promise to provide the necessary services. The necessary services involve the full gamut of appropriate termite control measures and procedures, in accordance with duties arising from numerous sources listed below and in the Amended Complaint.

The fraudulent business scheme alleged by Barbara Neu has resulted in settlements by Defendants with Attorneys General in several States. Defendants settled deceptive trade practice claims with states that required wholesale application or reapplication of termite control measures in Florida and Kentucky (*See* Am. Compl., Doc. 46, Ex. 3) wherein it was alleged that Terminix did not provide the necessary services to control or protect against subterranean (ground) termites. Terminix also entered an agreement with the Alabama Department of Agriculture and Industries to begin making annual termite inspections. (Am. Compl., Doc. 46, Ex. 4).

The fundamental wrongdoing alleged has many facets and supports claims of fraudulent conduct actionable under California statutes related to deceptive business practices, as well as counts for breaches of duties arising under federal law, California law regulating the structural pest control industry, and common law standards of reasonably prudent performance, in addition to duties arising under the contract and warranty issued by Defendants. These issues and the many facets of the wrongdoing are explained further below along with references to specific allegations made in the Amended Complaint. Plaintiff also sets out how her allegations can be proven in her Amended Complaint as the Court required, including references to proof of

Memorandum in Opposition to Defendants' Motion to Dismiss Amended Complaint

1
2
3
4
5
6

Defendants' knowledge it engaged in wholesale failure to provide the necessary termite protection services to its customers from corporate testimony provided in another case, attached as Exhibits to the Amended Complaint. Evidence that Defendants failed to provide the services hundreds of times is circumstantial evidence that it was not a mistake, but rather, a calculated company policy evidencing an intent to defraud its customer base.

7
8
9
10
11
12
13
14

Tellingly, Defendants' fundamental contention that Plaintiff's complaint fails to provide it with adequate notice of what this lawsuit is about is disingenuous. In fact, Defendants have extensive knowledge of what the claims are about as it has faced similar claims all over the country, including an Arkansas class action arbitration making similar allegations wherein Terminix filed an Answer. *See* Ex. 1, Answering Statement of Terminix International in Flaxman v. Terminix International, *et. al.* In Flaxman, Terminix never complained it could not figure out what the Claimants alleged it did wrong that it should defend against.

15
16

## II.  STANDARD OF REVIEW

17
18

Plaintiff hereby incorporates, by reference, the legal standards, arguments, and authority raised in her Reply in Opposition to Defendants' first Motion to Dismiss.

19
20
21
22
23
24
25
26
27
28

The purpose of a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) is to test the sufficiency of the complaint, and not to decide the case on the merits. Rule 8(a)(2) of the Rules requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he purpose of a complaint under Rule 8 [is] to give the defendant fair notice of the factual basis of the claim and of the basis for the court's jurisdiction."  *Skaff v. Meridien N. Am. Beverly Hills, LLC.*, 506 F.3d 832, 841 (9th Cir. 2007). Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombl*y, 127 S.Ct. 1955, 1964 (2007). "Specific facts

4

Memorandum in Opposition to Defendants' Motion to Dismiss Amended Complaint

1  are not necessary; the statement need only "give the defendant fair notice of what the ... claim is

2  and the grounds upon which it rests." *Id.* at 1959 (quoting *Conley v. Gibson*, 355 U.S. 41, 47

3  (1957)). In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true

4  all of the factual allegations contained in the complaint. *Twombly.,* at 1964 (citing *Swierkiewicz*

5  *v. Sorema N. A*., 534 U.S. 506, 508 n.1 (2002)).  The Supreme Court has repeatedly rejected

6  heightened pleading standards in the absence of an explicit requirement in a statute or Federal

7  Rule.  *Swierkiewicz,* 534 U.S. at 515.

8

9

10

## III.  ARGUMENT

11

12

**A.    Defendants' Motion is Untimely and Therefore Should be Denied.**

13

14       Defendants' Motion to Dismiss was untimely filed. Therefore, it should be denied

15  pursuant to FED.R.CIV.P. 15 (a)(3).[1]  The Amended Complaint was filed and served on April 28,

16  2008, as required by the Court's Order. The time remaining for the original pleading had expired

17  prior to this date,[2] requiring Defendants to respond within 10 days, or by May 12, 2008.  *Id*.

18  Defendants did not file a timely response. Rather, Defendants' untimely response was filed on

19  May 19, 2008, seven (7) days, after its allotted time had expired. Defendants' motion should be

20  denied in its entirety and Defendants should be ordered to Answer the Amended Complaint

21  within 10 days.

22

23

24  _____

25       [1] In pertinent part, Rule 15(a)(3) states:  "*Time to Respond.* " *…*any required response to

26  an amended pleading must be made within the time remaining to respond to the original pleading
    or within 10 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. Rule

27  15 (a)(3).

28       [2] The original Complaint was filed on December 27, 2007, and the Defendants filed a
    motion to dismiss on February 29, 2008.

1

2

**B.     Plaintiff Amended Her Complaint, Curing Pleading Defects in Compliance With the Court's Instructions.**

3

**1.     Fraud is adequately pled.**

4

Plaintiff sufficiently pled the, "'who, what, where, and how' of the misconduct" in her

5

fraud claims as required. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)

6

(quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  This Court instructed Plaintiff to

7

identify specific false statements, when they were made, why the Plaintiff believes the statements

8

9

were knowingly false, and how Plaintiff will prove they were knowingly false.

10

In her Amended Complaint, Plaintiff went to great lengths in setting out false statements,

11

grounds for Plaintiff's assertions the statements were false when made, and setting out how

12

Defendants' knowledge of their falsity can be proven.  (Am. Compl., Doc. 46, ¶¶ 34 through 42

13

and 46 (including all sub parts)). As detailed in these referenced paragraphs, the "who"

14

requirement has been clearly pled.  The Defendants, through their advertising and billing

15

16

departments, orchestrated advertisement campaigns that were distributed directly to the Plaintiff

17

through both billing correspondence regarding the annual renewal invoices and through sales

18

campaigns that were mailed to the Plaintiff.  The Amended Complaint clearly alleges that the

19

Terminix and ServiceMaster Defendants, and their agents, servants and employees, made the

20

written misrepresentations detailed in the complaint. These company activities sufficiently pled

21

"who" made the misrepresentations.

22

Likewise, the particulars of what statements were false, i.e., the "what", is set out in detail

23

24

in the Amended Complaint at the paragraphs listed above, paragraph 34 in particular, and will not

25

26

27

28

6

1  be repeated here. Suffice it to say that almost two full pages of the Amended Complaint are

2  devoted to setting out false statements.[3]

3      The Amended Complaint also explains that the documents containing the

4  misrepresentations were directed to the Plaintiff and other customers at their homes, alleging the

5  "where" as required. Plaintiff avers that the statements were false, the Defendants knew they were

6  false (Am. Compl., Doc. 46, ¶¶ 36 to 38), and lists grounds supporting Defendants' knowledge of

7  their falsity from prior testimony and other anticipated sources.  (Am. Compl., Doc. 46, ¶¶ 40 to

8  42; *See also* Am. Compl., Doc. 46, Ex. 14 and 15). Taken together, these allegations sufficiently

9  plead "how" the fraud was perpetrated, and how it can be proven.  "When" is "at or about the

10 time of the commencement of the contract and thereafter at or about the time of the annual

11 renewals of the Contract."  (Am. Compl., Doc. 46, ¶ 34).  Plaintiff has sufficiently pled her fraud

12 allegations. Defendants' motion to dismiss should be denied.

13 

14      **2.    Breach of contract and warranty is adequately pled.**

15     In order to affirmatively plead breach of contract and warranty, this Court required

16 Plaintiff to append the contract alleged to have been breached and indicate the terms on which

17 Plaintiff's claims are based. Plaintiff attached the parties' May, 1999 contract for termite

18 protection of Plaintiff's home, located at 16073 Gramercy Drive, San Leandro, California, 94578

19 to the Amended Complaint.  Said contract was renewed each and every year between 1999 and

20 2005 as indicated by the renewal documents also attached to the amendment.  Paragraph 29 of the

21 Amended Complaint clearly and unmistakably lists the terms alleged to have been breached.

22 There is no legal authority requiring Plaintiff to repeat facts and allegations in each count when

23 they have clearly and affirmatively been pled previously in the complaint and incorporated by

---

[3] Plaintiff expects that discovery in this matter will uncover additional evidence supporting the fraud allegations.

1   reference.  *See Conley*, 355 U.S. at 47 ("Specific facts are not necessary; the statement need only

2   "give the defendant fair notice of what the ... claim is and the grounds upon which it rests.").

3   Defendants even concede, in their supporting brief, that this paragraph was incorporated by

4   reference into Count One of the Amended Complaint.  (Defs. Mot. Dismiss, Doc. 49, page 3, line

5

6   7).

7           Defendant disingenuously complains that the contract was signed by Bruce Whitney, who

8   at the time was providing carpentry services and making repairs at Plaintiff's property and

9   therefore acting as an agent and signing on the Plaintiff's behalf.  *See* Ex. 2, Decl. Barbara Neu.

10  Furthermore, Plaintiff attached her 2001 renewal notice sent out by Defendants indicating

11  Barbara Neu as the customer. (Am. Compl., Doc. 46, Ex. B). Breach of contract and warranty are

12

13  sufficiently pled. Defendants' motion should be denied.

14          **3.      Negligence is adequately pled.**

15          In order to affirmatively plead her negligence claims, the Court instructed Plaintiff to

16  establish a duty beyond that created by the contract. In paragraphs 31 through 34 of the Amended

17  Complaint, Plaintiff alleges Defendants owed a duty arising out of the California Structural Pest

18  Control Act as contained in section 8516 and sections 8560 *et. seq.* of the California Business and

19  Professional Code (2003), and California Structural Pest Control Board Regulations section 1937

20

21  and sections 1990 *et. seq.* of the California Code of Regulations (2007).

22          Under the California Structural Pest control statutes and regulations, the Defendants are

23  required to fulfill certain educational and experience requirements before becoming licensed to

24  perform structural pest control work.  Additionally, there are regulations setting out what is

25  required of these service providers when performing inspection and structural pest control

26  services for their customers, including the Plaintiff.  Plaintiff alleges Defendants owed a duty to

27

28  perform such services in reasonably prudent manner and in accordance with statutes and

8

1    regulations, both in performance of the services and in training and supervising employees

2    providing services under licenses required by the State of California. Plaintiff further alleges

3    Defendants violated these statutes and regulations in breach of duties owed to customers serviced

4    under California laws and regulations, including the Plaintiff.  The allegations asserted in fact

5    sections, paragraphs 30 through 31, and in Count Two, paragraphs 77 through 83, clearly set out

6    duties arising from sources beyond the contract and provides sufficient notice that Plaintiff claim

7    those duties were breached, causing her damage. Plaintiff's negligence claims are adequately

8

9    plead. Defendants' motion should be denied.

10          **4.      Claims against the ServiceMaster Defendants are adequately pled.**

11          Allegations plead against the ServiceMaster Defendants were amended to assert facts

12   sufficient to support a finding that ServiceMaster is liable to the Plaintiff under one or more of the

13   alternatively plead theories including alter ego, agency and/or participation, as discussed by the

14   Court in its Order. To establish a claim under a theory of alter ego, Plaintiff must demonstrate

15   "that the parent exercises such control over the subsidiary so as to render the latter the mere

16   instrumentality of the former." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd*., 328

17   F.3d 1122, 1134 (9th Cir. 2003).  To establish a claim under a theory of agency, the Plaintiff must

18

19   "make a prima facie showing that the subsidiary represents the parent corporation by performing

20   services sufficiently important to the parent corporation that if it did not have a representative to

21   perform them, the parent corporation would undertake to perform substantially similar services."

22

23   *Id.*  Lastly, if a parent participated in the wrongdoing, they can be held liable for the subsidiaries'

24   actions.

25          Paragraphs 14 though 22 of the Amended Complaint assert sufficient facts to provide

26   notice that Plaintiff alleges the ServiceMaster Defendants are liable under all three theories.

27   Plaintiff alleges that ServiceMaster, as demonstrated by Exhibits 5, 6, 7 and 8 to the Amended

28

9

1   Complaint, performs obligations of its subsidiaries, included paying consumer claims on behalf of

2   Terminix entities; recording Terminix's assets and liabilities as their own for accounting

3   purposes; and directly participating, guiding and managing Terminix's activities including

4
    provision of services to customers, including Plaintiff, and managing all risk related services and
5
6   liabilities of Terminix. Plaintiff further alleges ServiceMaster directly holds itself out to Terminix

7   customers as co-maker, guarantor or surety of all of Terminix's legal obligations or liabilities

8   claiming, "you [the customer] can feel safer knowing that Terminix is part of a $3.5 billion

9   company" and "Terminix International is backed by the immense financial strength of

10  ServiceMaster, a Fortune 500 company. (Am. Compl., Doc. 46, ¶ 19 and Ex. 7).

11
        Plaintiff has provided fair notice of legally cognizable claims against ServiceMaster, and
12
13  the grounds upon which said claims rest. Plaintiff has done all that is required under the Rules

14  and Defendants' motion to dismiss should be denied.

15                              **IV.  CONCLUSION**

16      Defendants' motion was untimely and therefore should be denied. Even if Defendants'

17  motion is considered on the merits, Defendants have done nothing more than re-file the

18  previously-filed motion that has no legitimate application with regard to Plaintiff's Amended
19
    Complaint in light of the changes made in compliance with the Court's instructions.  In short,
20
21  Defendants have raised no new arguments and have ignored the Amended Complaint. Plaintiff

22  has adequately pled her claims as instructed by the Court.  Defendants' untimely motion to

23  dismiss should be denied.

24
25  Dated: July 3, 2008                    /s/ H. Tim Hoffman
                                           H. Tim Hoffman
26                                         Arthur W. Lazear
                                           Morgan M. Mack
27                                         Hoffman & Lazear
                                           A California Law firm
28

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Christian H. Hartley
Daniel M. Bradley
Richardson, Patrick, Westbrook & Brickman, LLC
174 E. Bay Street
Charleston, SC  29401
Telephone: (843) 727-6564
Facsimile:  (843) 727-3103

Thomas F. Campbell,
Campbell Law
100 Concourse Parkway
Suite 115
Birmingham, AL  35244
Telephone: (205) 278-6650
Facsimile:   (205) 278-6654

Memorandum in Opposition to Defendants' Motion to Dismiss Amended Complaint

# EXHIBIT 1

# HINSHAW

& C U L B E R T S O N L L P

David R. Creagh
312-704-3566
dcreagh@hinshawlaw.com

**ATTORNEYS AT LAW**
222 N. LaSalle, Suite 300
Chicago, IL 60601

T 312-704-3000
F 312-704-3001
www.hinshawlaw.com

May 14, 2007

**VIA E-MAIL**

Jennifer Eltahan
Case Manager
American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

   Re: Litigation: Norman Flaxman, et al. v. Terminix, Inc., et al.
      Case No. 11 434 00701 07

Dear Ms. Eltahan:

## ANSWERING STATEMENT

   Please allow this correspondence to serve as the Answering Statement of The Terminix International Company Limited Partnership, Terminix International, Inc., The ServiceMaster Company, ServiceMaster Consumer Services, Inc., and ServiceMaster Consumer Services Limited Partnership.

## OBJECTION TO JURISDICTION AND ARBITRABILITY OF CLAIM

   Commercial Arbitration Rule 5 provides that a party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim no later than the filing of the Answering Statement. The claimants' Claim is premised on a Termite Protection Plan entered into between Norman Flaxman and Terminix, Inc. This Termite Protection Plan, a copy of which is attached, contains the following arbitration provision:

> The purchaser and Terminix agree that any controversy or claim between them arising out of or relating to this agreement shall be settled exclusively by arbitration. Such arbitration shall be conducted in accordance with the commercial arbitration rules then in force of the American Arbitration Association. The decision of the arbitrator shall be a final and binding resolution of the disagreement which may be entered as a judgment by any court of competent jurisdiction. Neither party shall sue the other where the basis of the suit is this agreement other than for enforcement of the arbitrator's decision. In no event shall either party be liable to the other for indirect, special or consequential damages or loss of anticipated profits.

Jennifer Eltahan
May 14, 2007
Page 2

Terminix, Inc. was acquired by The Terminix International Company Limited Partnership pursuant to an Asset Purchase & Sale Agreement dated January 1999, and thereafter, Mr. Flaxman's Termite Protection Plan was annually renewed by The Terminix International Company Limited Partnership. Accordingly, The Terminix International Company Limited Partnership does not dispute that the above arbitration provision applies to disputes between it and Mr. Flaxman. However, there is not and has never been any arbitration agreement applicable to a claim against Terminix International, Inc., The ServiceMaster Company, ServiceMaster Consumer Services, Inc., and ServiceMaster Consumer Services Limited Partnership. None of these respondents are parties to the Termite Protection Plan or any other agreement with Mr. Flaxman. Accordingly, the American Arbitration Association does not have jurisdiction over the claims against Terminix International, Inc., The ServiceMaster Company, ServiceMaster Consumer Services, Inc. and ServiceMaster Consumer Services Limited Partnership, and the claims against these respondents are not subject to arbitration. Similarly, claimant Sheila Flaxman was not a party to the Termite Protection Plan or any other agreement requiring that her claims be arbitrated.

## GENERAL DENIAL

The Terminix International Company Limited Partnership denies all allegations contained in the Claim, denies that it is liable under any of the theories of liability asserted, and denies that any claimant is entitled to recovery in any amount whatsoever. Furthermore, in the event that it is determined that there is jurisdiction over the claims against Terminix International, Inc., The ServiceMaster Company, ServiceMaster Consumer Services, Inc., and/or ServiceMaster Consumer Services Limited Partnership, these respondents deny all allegations of the Claim or that they are subject to any liability whatsoever.

## DEFENSES

Under Mr. Flaxman's Termite Protection Plan, Terminix, Inc. (later acquired by The Terminix International Company Limited Partnership) agreed to treat the residence for termites, re-inspect the home as needed, and repair new damage caused by termites subsequent to the Plan's inception date. The evidence will show that Terminix fully complied with all its obligations under the Termite Protection Plan and therefore, cannot be liable under any of the theories asserted in the Claim.

Further, the Plan's terms and conditions exclude the damages pled in the Claim. The Plan excludes liability for damage resulting from moisture conditions, masonry failures and grade alterations, as well as damage to wood decks or fences. Also, the Plan states:

> TERMINIX DISCLAIMS ANY LIABILITY FOR SPECIAL,
> INCIDENTAL OR CONSEQUENTIAL DAMAGES. THE
> GUARANTEES STATED IN THIS AGREEMENT ARE GIVEN
> IN LIEU OF ANY OTHER GUARANTEES OR WARRANTIES,
> EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY OF
> MERCHANTABILITY OR FITNESS FOR A PARTICULAR
> PURPOSE.

6187096v1 876202

Jennifer Eltahan
May 14, 2007
Page 3

Further, as noted above, the Plan's arbitration provision specifically states that "[i]n no event shall either party be liable to the other for indirect, special or consequential damages . . . ."

The Claim requests compensatory, incidental, consequential and punitive damages; equitable relief; taxing of costs, expenses, attorneys' fees and expert witness expenses; and injunctive and declaratory remedies. These remedies are precluded under the terms of the Termite Protection Plan.

The arbitration provision contained in Mr. Flaxman's Termite Protection Plan does not permit the arbitration to proceed as a class action. Mr. Flaxman's Termite Protection Plan states: "*The purchaser and Terminix agree* that any controversy or claim *between them* arising out of or relating to this agreement shall be settled exclusively by arbitration . . . ." This language demonstrates a clear intention to extend arbitration only to claims between Mr. Flaxman and Terminix. Accordingly, pursuant to Rule 3 of the Supplementary Rules for Class Arbitrations, the respondents request a finding that the arbitration provision does not permit the arbitration to proceed on behalf of a class. The respondents will address the issue of construction of the arbitration clause more fully during the Clause Construction Phase of the Claim.

In the event that the arbitrator finds that the arbitration clause permits the arbitration to proceed as a class action, then the requirements for class certification as set forth in Rules 4 and 5 of the Supplementary Rules for Class Arbitrations have not and cannot be satisfied. The claimants cannot establish that questions of law and fact common to all members of the putative class predominate over questions affecting only individual members. The liability issues are highly individualized factual determinations far outweighing any issues common to the putative class. Similarly, due to the nature of the claims being asserted, the causation and damages issues are also highly individualized. Further, the highly individualized process inherent in resolving the liability and damages issues makes class arbitration unmanageable. Moreover, due to facts and issues unique to the Flaxmans' claims, the claims of the Flaxmans would not be typical of the claims of the putative class members. The respondents will address the issue of class certification more fully during the Clause Certification Phase of the Claim.

As discussed above, the respondents object to the jurisdiction and arbitrability of the claims against Terminix International, Inc. and the ServiceMaster entities. However, in the alternative, the respondents assert that the ServiceMaster entities cannot be held liable for alleged "financial backing" of Terminix or for "standing behind" Terminix's warranties and contracts. The claimants have not and cannot show that the ServiceMaster entities conveyed any warranty to the claimants or had any relationship whatsoever with them. Similarly, the claimants cannot show that the ServiceMaster entities failed to provide financial backing to Terminix or that the claimants suffered any harm or damage of any kind as a result of any such failure. Further, there is no basis for piercing the corporate veil and holding the ServiceMaster entities liable for alleged warranties conveyed by Terminix. Likewise, the claimants cannot establish liability against the ServiceMaster entities for the obligations of the limited partnership (Terminix) that the ServiceMaster entities are affiliated with.

In addition, the damages alleged in the counts under the Arkansas Deceptive Trade Practices Act are not allowed under that Act. In those counts, the claimants allege refunds of

Jennifer Eltahan
May 14, 2007
Page 4

amounts paid, damages for diminution in value, costs of repairs, mental anguish, and exemplary damages. The respondents deny any violation of the DTPA but even if the claimants could recover, damages in a private cause of action under the Act are limited to actual damages sustained. Diminution in value, mental anguish, and exemplary damages are not recoverable.

Although the claimants allege breach of guarantor and/or surety agreements, there will be no evidence that any of the respondents entered into any such agreements, and no evidence of any promises beyond those contained in Mr. Flaxman's Termite Protection Plan.

The respondents also assert that the claimants' claims are barred, in whole or in part, by the applicable statutes of limitations.

The respondents reserve the right to raise additional defenses upon the completion of further discovery and investigation.

## CONCLUSION

If you have any questions or want to discuss this case in further detail, please do not hesitate to contact me at 312-704-3566.

Very truly yours,

HINSHAW & CULBERTSON LLP

David R. Creagh

DJR/bn
Enclosure

cc via e-mail:  Bobby D. Davidson
              Christian Hartley
              Dan Bradley
              Tom Campbell
              Dan F. Bufford

6187096v1 876202

# EXHIBIT 2

1    H. TIM HOFFMAN (SBN 49141)
     ARTHUR W. LAZEAR (SBN 83603)
2    MORGAN M. MACK (SBN 212659)
     HOFFMAN & LAZEAR
3    180 Grand Avenue, Suite 1550
     Oakland, CA 94612
4    Telephone: (510) 763-5700

5    CHRISTIAN HARTLEY (pro hac vice)
     DANIEL M. BRADLEY (pro hac vice)
6    RICHARDSON, PATRICK,
     WESTBROOK & BRICKMAN, LLC
7    174 E. Bay Street
     Charleston, SC 29401
8    Telephone: (843) 727-6564

9    THOMAS F. CAMPBELL (pro hac vice)
     CAMPBELL LAW
10   A PROFESSIONAL CORPORATION
     100 Concourse Parkway, Suite 115
11   Birmingham, AL 35244
     Telephone: (205) 278-6650

12
     Attorneys for Plaintiffs
13

14

15                    UNITED STATES DISTRICT COURT

16            FOR THE NORTHERN DISTRICT OF CALIFORNIA

17
     BARBARA NEU  on behalf of herself and    )   Case No. C07-06472 CW
18   all others similarly situated,           )
                                              )   DECLARATION OF BARBARA NEU IN
19               Plaintiff,                    )   SUPPORT OF PLAINTIFF'S REPLY IN
                                              )   OPPOSITION TO DEFENDANTS' MOTION
20   vs.                                       )   TO DISMISS
                                              )
21   Terminix International, Inc.,             )
     The Terminix International Company, LP,   )
22   The ServiceMaster Company                 )   Hearing date: July 24, 2008
     ServiceMaster Consumer Services, Inc.,    )   Time: 10:00 a.m.
23   ServiceMaster Consumer Services Limited   )   Courtroom: 2
                                              )
24   Partnership,                              )
                                              )
25               Defendants.                   )

26

27       DECLARATION OF BARBARA NEU IN SUPPORT OF PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO
                                          DISMISS
28

Barbara Neu, hereby affirms and declares under penalty of perjury that:

1. I am a currently the owner of the property located at 16073 Gramercy Drive, San Leandro, California, 94578. I have been the owner of this property since around 1985.

2. In May of 1999, I hired Bruce Whitney to repair some damage to my property while I was out of town.

3. Mr. Whitney discovered termite damage and recommended that I purchase a termite protection plan from Terminix.

4. Mr. Whitney, acting on my behalf while I was out of town, retained Termiinx to provide these services to my property.

4. At all times I was the owner of the property and made payments to Terminix for this service.

_Barbara Neu_                    _7-1-2008_
                                 Date

1    Barbara Neu, hereby affirms and declares under penalty of perjury that:

2         1. I am a currently the owner of the property located at 16073 Gramercy Drive, San

3    Leandro, California, 94578.  I have been the owner of this property since around 1985.

4         2. In May of 1999, I hired Bruce Whitney to repair some damage to my property while I

5    was out of town.

6         3. Mr. Whitney discovered termite damage and recommended that I purchase a termite

7    protection plan from Terminix.

8         4. Mr. Whitney, acting on my behalf while I was out of town, retained Termiinx to

9    provide these services to my property.

10         5. At all times I was the owner of the property and made payments to Terminix for this

11    service.

12

13

14

15    _____           _____
                                             Date

16

17

18

19

20

21

22

23

24

25

26

27    DECLARATION OF BARBARA NEU IN SUPPORT OF PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

28                                     2