CHRISTOPHER J. BORDERS (SBN 135901)
**HINSHAW & CULBERTSON LLP**
One California Street, 18th Floor
San Francisco, California 94111
Telephone: 415-362-6000

DAVID R. CREAGH (Admitted *Pro Hac Vice*)
DAVID J. RICHARDS (Admitted *Pro Hac Vice*)
STEVEN M. PUISZIS (Admitted *Pro Hac Vice*)
CLIFFORD E. YUKNIS (Admitted *Pro Hac Vice*)
**HINSHAW & CULBERTSON LLP**
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Telephone: 312-704-3000

Attorneys for Defendants
TERMINIX INTERNATIONAL, INC., ET AL.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA NEU on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL COMPANY, THE SERVICEMASTER COMPANY, SERVICEMASTER CONSUMER SERVICES, SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP,<br><br>Defendants. | Case No.: C 07-06472-CW<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date:   July 24, 2008<br>Time:   2:00 p.m.<br>Room:   2<br>Judge:  Honorable Claudia Wilken |

## REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL COMPANY, THE SERVICEMASTER COMPANY, SERVICEMASTER CONSUMER SERVICES, and SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP, state the following for their Reply in Support of their Motion to Dismiss plaintiff's Amended Complaint:

1

## I. INTRODUCTION

Plaintiff's Amended Complaint does not comply with the Court's instructions for repleading her claims nor otherwise cure the deficiencies that resulted in the dismissal of her original Complaint.

The fraud claims lack the particularity mandated by the Court's April 8, 2008 order and Rule 9(b). Despite attaching a copy of an agreement to the Amended Complaint, the plaintiff's breach of contract and warranty claim remains hopelessly confusing and fails to contain a "short and plain statement of the claim" as required by the Court's order and Rule 8(a). The Amended Complaint fails to allege a relationship between plaintiff and defendants independent of any contractual relationship and therefore fails to meet the Court's requirements for repleading her negligence claims. Lastly, the plaintiff has not complied with the Court's requirement to allege facts to support a finding that the ServiceMaster defendants can be held liable.

## II. ARGUMENT

**A.   Defendants' Motion to Dismiss Was Timely Filed**

Plaintiff's argument that the defendants' Motion to Dismiss is untimely under Rule 15(a) is directly contradicted by Ninth Circuit precedent. The Ninth Circuit has repeatedly held that "a motion to dismiss the complaint is not a responsive pleading within the meaning of Rule 15(a)." *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1158 n.5 (9th Cir. 2007); *Miles v. Dept. of Army*, 881 F.2d 777, 781 (9th Cir. 1989). Further, it is well settled that "the Federal Rules of Civil Procedure do not set a specific deadline for which motions under Rule 12 must be filed." *Mat-Van, Inc. v. Sheldon Good & Co.*, 2007 WL 2206946, *3 (S.D. Cal. 2007)(citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391, at 519-20 (3d ed. 2004)).

**B.   Plaintiffs' References to Unrelated Settlement Agreements and an Arbitration Claim in Another State Are Irrelevant and Should Not Be Considered**

Unable to satisfy the requirements of the Court's April 8, 2008 order, the plaintiff resorts to mudslinging, misdirection, and provision of irrelevant information. At Pages 3 and 4 of her

2

1  Response, plaintiff refers to agreements in Kentucky, Florida and Alabama in which liability was
2  expressly denied by Terminix and no findings of liability were made.[1] These settlement
3  agreements provide no basis to conclude that plaintiff's Amended Complaint states any viable
4  cause of action.

5  Plaintiff's reference to the answering statement filed by the defendants in the *Flaxman*
6  arbitration in Arkansas is equally inappropriate and unpersuasive. *Flaxman* is a private
7  arbitration pending before the American Arbitration Association. The rules of the American
8  Arbitration Association do not require a respondent to file a motion to dismiss. In fact, the rules
9  require no responsive pleading at all.[2] Plaintiff's attempt to equate an optional answering
10 statement in a private arbitration with a Rule 12(b)(6) motion to dismiss in federal court is
11 absurd.

12 Plaintiff states that "Defendants' fundamental contention [is] that Plaintiff's complaint
13 fails to provide it with adequate notice of what this lawsuit is about" (Pltf. Opposition, Doc. 55,
14 Page 4) and cites the answering statement in *Flaxman* as evidence that the defendants'
15 contention is disingenuous. Not only is plaintiff's argument in this regard illogical, her
16 characterization of the defendants' fundamental contention is made up out of thin air.

17 While it is true that plaintiff's Amended Complaint is so vague as to be meaningless,
18 defendants' Motion to Dismiss is based on plaintiffs' failure to state any viable cause of action.
19 Defendants' decision to file an answering statement in an arbitration proceeding (which by the
20 way, denies that the claimants are entitled to any relief) does not excuse plaintiff's failure to
21 comply with California substantive law, federal procedural rules and the orders of this Court.

---

[1]  *See, e.g.,* Amended Complaint, Ex. 2, Doc. 46-2, Pages 8-9 ("It is expressly understood and agreed between the Parties that this Agreement, and the payments, obligations and releases provided there under, are not and shall not be interpreted to constitute an admission of liability or acknowledgement of the validity of any of the claims which were or which could have been asserted by the Attorney General arising out of the Matters Investigated which alleged liability or validity is hereby expressly denied by Terminix.")

[2]  Rule 4(b) of the American Arbitration Association's Commercial Arbitration Rules provides that a respondent may (but is not required to) file an answering statement.

### C. Plaintiff's Fraud Claims Fail to Comply with the Court's April 9, 2008 Order and Rule 9(b)

Plaintiff claims that Paragraphs 34-42 and 46, and the attachments to the Amended Complaint, satisfy the Court's directive to plead "the specific false statements of fact, when and where they were made, why plaintiff believes the statements were false when made, and how plaintiff will prove they were knowingly false when made." (*See* Pltf. Opposition, Doc. 55, Pages 6-7). Paragraph 34 of the Amended Complaint, which purports to contain the alleged false representations (Pltf. Opposition, Doc. 55, Pages 6-7), states that the termite baiting system was represented to be "a unique plan of action" (Paragraph 34(e)), "the most effective subterranean termite control or elimination technique" (Paragraph 34(f)), "a guaranteed defense of Plaintiff's home" (Paragraph 34(g)), and "the most advanced method for [termite] elimination" (Pagragraph 34(h)). These allegations do not satisfy the Court's requirement that the plaintiff set forth the specific facts which support the claims of fraud.

Paragraph 34 incorporates approximately 80 pages of exhibits consisting of invoices, inspection graphs, inspection reports, service records, and miscellaneous advertising materials, some of which are dated as early as 1995. (*See, e.g.,* Exhibit 11 to Amended Complaint, Doc. 46-4, Page 20 of 50). Federal pleading rules do not require the defendants to sift through 80 pages of exhibits (many of which contain no factual statements at all) to divine which of these materials are part of the fraud claims. Such a "document dump" is clearly not within the letter or spirit of the Court's April 8, 2008 order.

Plaintiff claims that the identities of the persons who made the misrepresentations have been properly pled (Pltf. Opposition, Doc. 55, Page 6), yet the Amended Complaint alleges only that "defendants and their agents" made the alleged false representations. These same generic descriptions were in the original Complaint and deemed inadequate to state a cause of action for fraud. Rather than curing, or even attempting to cure, these deficiencies, plaintiff simply ignored the Court's instruction to specify who made the allegedly false statements.

With respect to when and where the alleged representations were made, plaintiff's Response brief asserts that the alleged false statements were made "at the time of the

commencement of the contract and thereafter," and that documents containing misrepresentations were "directed to plaintiff and other customers at their homes." (Pltf. Opposition, Doc. 55, Page 7). Plaintiff alleges a contract entered into in May 1999 yet many of the advertising materials which form the basis for the fraud claims are from years earlier, thereby contradicting plaintiff's assertion that the alleged misrepresentations were made at the time the contract was commenced and thereafter. Moreover, many of the advertising and marketing materials attached to the Complaint have no relation whatsoever to the baiting system which is the subject of the plaintiff's claim. Perhaps most curious is the fact that plaintiff claims misrepresentations made at the time of the commencement of the contract, yet her declaration attached to the Response brief states that a contractor she hired was the one that recommended that she purchase a termite plan from Terminix (*See* Declaration of Barbara Neu, Doc. 55-3) and the contract attached to the Amended Complaint was in that contractor's name. (Amended Complaint, Ex. 1, Doc. 46-2, pages 3-4).

Plaintiff asserts that Paragraphs 40 – 42 and Exhibits 14 and 15 satisfy the Court's directive to allege "why plaintiff believes the alleged statements were knowingly false when made, and how plaintiff will prove that they were knowingly false when made." (*See* April 8, 2008 Order, Doc. 39, Page 13; Pltf. Opposition, Page 7). Contrary to plaintiff's assertion, these paragraphs only allege that the falsity of the representations will be proven by defendants' "admissions and practices," and "defendants' own records and testimony, the testimony of expert witnesses, and accepted literature." (Amended Complaint, Doc. 46, ¶¶40-42). Such generic allegations do not satisfy the pleading directives issued by the court.

Plaintiff further asserts that Exhibits 14 and 15 show defendants' "knowledge of [the] falsity" of the alleged representations (Pltf. Opposition, Page 7) yet the exhibits refute the assertion. Exhibit 14 is an August 2005 study[3] from the University of Arkansas comparing two

---

[3] The agreement alleged by plaintiff was entered into in May 1999, six years prior to the study. Further, the renewal notices attached to the complaint indicate that Mrs. Neu last renewed her agreement in April 2005, four months prior to the study. (*See* Exhibits to Amended Complaint, Doc. 46-3, Page 42 of 54). Accordingly, the study simply does not support a claim that the defendants knowingly made false statements "at the time of commencement of the contract and thereafter at or about the time of the annual renewals." (Amended Compl., Doc. 46, ¶34)

5

1  termite elimination systems. (Amended Complaint, Ex. 14, Doc. 46-5, Pages 2-16). The
2  document provides no support for the contention that the defendants made any false statements,
3  much less that they were known to be false at the time they were made. Exhibit 15 consists of
4  deposition testimony given in an Arkansas case regarding liquid termiticides phased into the pest
5  control industry in the late 1980's (Ex. 15, Doc. 46-5, Pages 19-24), and a type of termite
6  inspection and protection plan used in Arkansas (Ex. 15, Doc. 46-5, Pages 26-34). The issues
7  addressed in this deposition testimony have nothing whatsoever to do with the contract or
8  services at issue in this case.

**D.   The Amended Complaint Does Not Specify the Contract Terms Alleged to Have Been Breached**

Defendants' Motion to Dismiss notes that the contract attached to the Amended Complaint was between Bruce Whitney and Terminix and no attempt is made to establish the applicability of that contract to plaintiff. Plaintiff's Response attaches a declaration from Mrs. Neu stating that Mr. Whitney was performing services at the home, discovered termite damage, and retained Terminix while Mrs. Neu was out of town. (*See* Declaration of Barbara Neu, Doc. 55-3). Inexplicably, despite the Court's specific instruction to establish the relevant contract and its applicability to plaintiff, the Amended Complaint does not include the statements made in the declaration. Defendants do not concede that the information in the declaration cures the deficiencies discussed in the Court's order, but even if it does, defendants are confident the Court did not envision plaintiff curing those deficiencies by way of a declaration attached to a Response brief. The allegations on which plaintiff relies must be in, or attached to, the Amended Complaint and plaintiff's repeated failure to properly plead her cause of action should not be tolerated.

The Court's April 8, 2008 order required plaintiff to indicate the specific contract terms upon which she bases her claims. Despite this clear instruction from the Court, plaintiff's breach of contract and warranty count (Paragraphs 67-70) simply claims that "[t]he conduct herein breaches, and has breached, the provisions of defendants' contracts with Plaintiff and the Class.

6

and the standardized warranties afforded Plaintiff and the Class under their contracts." (Amended Complaint, Doc. 46, ¶69).

Plaintiff's Response asserts that the contract terms which were breached are set forth in Paragraph 29 of the Amended Complaint (Pltf. Opposition, Doc. 55, Pages 7-8), yet the Amended Complaint makes no such connection. The "Additional Facts Common to All Counts" section of the Amended Complaint (where paragraph 29 is located) contains other paragraphs setting forth various acts of wrongdoing and referencing numerous documents unrelated to this case. (Amended Complaint, Doc. 46, ¶¶31-54). It cannot be determined from the Amended Complaint whether plaintiff is claiming a breach of only those provisions cited in Paragraph 29 of the Amended Complaint, or if her breach of contract/warranty claim also relies on allegations in the subsequent paragraphs. Though lengthier, the breach of contract/warranty count in the Amended Complaint suffers from the same flaw as the original Complaint, in that it is unclear what contract provisions are claimed to be breached.

The Court clearly set out the model for plaintiff's attempt to state a breach of contract/warranty action: attach the contract on which you rely, allege the facts which establish that the contact is applicable to you, and cite the specific contract provisions you claim were breached. Plaintiff's continued inability or refusal to comply with these simple pleading requirements should no longer be excused.

E.   **Plaintiff's Negligence Claims Are Barred by the Economic Loss Doctrine**

In dismissing the negligence claims pursuant to the economic loss rule, the Court found that the only relationship between the parties identified in the complaint is the contractual relationship, the alleged negligence arose out of a contractual relationship, and the claimed damages are the same as those pled in the breach of contract claim. (April 8, 2008 Court Order, Doc. 39, Page 10). The Court granted the plaintiff leave to replead her negligent training, supervision and retention claim only "if she can allege facts sufficient to find the existence of a duty beyond that created by contract." (*Id.*).

1    Plaintiff's Amended Complaint attempts to circumvent the economic loss rule by citing
2 to Sections 8516 and 8560 of the California Business and Professional Code and Sections 1937
3 and 1990 of the California Code of Regulations. (Amended Complaint, Doc. 46, ¶¶31, 73-74).
4 In her Response brief, plaintiff asserts that the defendants "owed a duty to perform [pest control
5 services] . . . in accordance with" these statutes and regulations (Pltf. Opposition, Doc. 55, Pages
6 8-9) and therefore, the negligence claims "set out duties arising from sources beyond the
7 contract." (Pltf. Opposition, Page 9). The statutes and regulations cited by plaintiff do not
8 confer any duty, right or remedy in favor of plaintiff and create no relationship between the
9 parties other than the relationship established by contract.
10    In dismissing the original negligence claims, the Court also noted that "[t]he damages
11 based on [the negligence] claim are identical to those based on Plaintiff' breach of contract
12 claim." (April 8, 2008 Court Order, Doc. 39, Page 9). The Amended Complaint does not cure
13 this defect and plaintiff's Response brief does not even address the issue.

F.  **Plaintiff's Allegations Against the ServiceMaster Defendants are the Same as the Original Complaint Which was Dismissed**

The Court instructed the plaintiff that "in order to include [the ServiceMaster defendants] in their amended complaint, plaintiff must allege facts to support a finding that ServiceMaster can be held liable under [theories of alter ego, agency, or direct participation in the subsidiary's wrongdoing]." (April 8, 2008 Court Order, Doc. 39, Pages 13-14). Despite this admonition, the only new paragraph in plaintiff's Amended Complaint relating to the ServiceMaster defendants is Paragrpah 16. There, plaintiff alleges that Terminix "is the alter ego of ServiceMaster, and/or acts as ServiceMaster's general agent." (Amended Complaint, Doc. 46, ¶16). The remaining allegations relating to the ServiceMaster defendants (Paragraphs 15 and 17-21) are substantively identical to those contained in the original Complaint.

Plaintiff's Response brief argues that the virtually identical allegations in the Amended Complaint should be deemed adequate because they "allege sufficient facts to provide notice" of the claims against the ServiceMaster defendants. (Pltf. Opposition, Doc. 55, Page 9).[4] However, the allegations emphasized in plaintiff's Response brief (i.e., that the ServiceMaster defendants "participate, guide and manage" Terminix's activities and "back and support" Terminix's customer guarantees) are the same allegations the Court specifically found to be conclusory and subject to dismissal.

### III.  CONCLUSION

WHEREFORE, defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, THE SERVICEMASTER COMPANY, SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP, pray that this Honorable Court grant their

---

[4] At Pages 9-10 of her Response, plaintiff cites to Exhibits 5, 6, 7 and 8 as further supporting the claim that ServiceMaster "performs the obligations of its subsidiaries." Exhibit 5 is an excerpt from the deposition of a former ServiceMaster representative given in an Arkansas case (Doc. 46-3, Pages 5-12); Exhibit 6 is a redacted settlement check in another case (Doc. 46-3, Page 16); Exhibit 7 consists of two undated letters to a customer in Edwardsville, Illinois (Doc. 46-3, Pages 18-21); and Exhibit 8 is a document describing Terminix's protection guarantees (Doc. 46-3, Page 23). None of these documents have anything to do with this case, and none satisfy the Court's requirement that the plaintiff "allege facts to support a finding that ServiceMaster can be held liable under [theories of alter ego, agency, or direct participation in the subsidiary's wrongdoing]." (April 8, 2008 Court Order, Doc. 39, Pages 13-14).

CONSUMER SERVICES LIMITED PARTNERSHIP, pray that this Honorable Court grant their Motion to Dismiss and dismiss the plaintiff's claims against them, award costs of this action and all other just and appropriate relief.

DATED: July 10, 2008                    Respectfully submitted,

HINSHAW & CULBERTSON LLP

*/s/ Christopher J. Borders*
CHRISTOPHER J. BORDERS
Attorneys for Defendants
TERMINIX INTERNATIONAL, INC.,
THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP (erroneously sued herein as The Terminix International Company),
THE SERVICEMASTER COMPANY,
SERVICEMASTER CONSUMER SERVICES, and
SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP