United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA NEU, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TERMINIX INTERNATIONAL, INC.; THE TERMINIX INTERNATIONAL COMPANY; THE SERVICEMASTER COMPANY; SERVICEMASTER CONSUMER SERVICES; and SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP,<br><br>　　　　Defendants.<br>_____/ | No. C 07-6472 CW<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING IT IN PART |

　　Defendants Terminix International, Inc., The Terminix International Company Limited Partnership, The Servicemaster Company, Servicemaster Consumer Services, Inc., and Servicemaster Consumer Services Limited Partnership have filed a motion to dismiss Plaintiff Barbara Neu's first amended complaint (FAC). Plaintiff opposes the motion.  The motion is decided on the papers. Having considered the papers filed by the parties, the Court grants in part the motion to dismiss and denies it in part.

BACKGROUND

On December 27, 2007, Plaintiff filed the original complaint in this putative class action, alleging claims based on services she alleges she contracted with Defendants to perform. The complaint alleged claims for (1) breach of contract and warranty; (2) equitable relief; (3) breach of duty to warn; (4) negligent training, supervision and retention; (5) violation of California Business and Professions Code § 17500; (6) violation of California Business and Professions Code § 17200; and (7) violation of California's Consumer Legal Remedies Act, California Civil Code § 1750.

Defendants previously moved pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) to dismiss the claims against them. Defendants argued that Plaintiff failed to state a claim upon which relief could be granted and that she failed to plead averments of fraud with the particularity required by Rule 9(b).

The Court granted Defendants' motion, finding that (1) Plaintiff failed to identify the contract or contracts or the specific terms of those contracts that she alleged to have been breached; (2) equitable relief is not an independent cause of action; (3) as plead, Plaintiff's negligence claim was barred under the economic loss doctrine; (4) Plaintiff's failure to warn claim was identical to her breach of contract claim; (5) Plaintiff's statutory claims were based on allegations of fraud which were not plead with the requisite particularity; and (6) Plaintiff failed to allege facts sufficient to support a finding that the ServiceMaster Defendants were liable for the Terminix Defendants' acts. The

Court advised Plaintiff that she could file an amended complaint if she remedied these deficiencies.

Plaintiff filed her FAC on April 28, 2008. Plaintiff again alleges claims for (1) breach of contract and warranty; (2) "professional negligence, wantonness and recklessness"; (3) violation of California Business and Professions Code § 17500; (4) violation of California Business and Professions Code § 17200; and (5) violation of California's Consumer Legal Remedies Act, California Civil Code § 1750.

## LEGAL STANDARDS

As stated in the Court's order regarding the first motion to dismiss, when considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

3

DISCUSSION

I. Timeliness of Motion

Plaintiff first argues that Defendants' motion to dismiss was not timely filed under Federal Rule of Civil Procedure 15(a)(3) and, therefore, the Court should not consider it. However, a motion to dismiss is not a responsive pleading within the meaning of Rule 15(a). CRST Van Expedited, Inc. v. Werner Enters., Inc., 479 F.3d 1099, 1104 n.3 (9th Cir. 2007); Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). And, the Federal Rules of Civil Procedure do not set a specific deadline by which a Rule 12 motion to dismiss must be filed. See Wright & Miller, Federal Practice and Procedure § 1391. Moreover, in its order dismissing the original complaint, the Court instructed Defendants to notice their motion to dismiss for July 24, 2008. The Court finds that the motion is not untimely.

II. Claim for breach of contract and warranty

In granting leave to amend, the Court advised Plaintiff she must "append any contract or contracts she alleges have been breached and shall indicate the contract terms upon which she bases her claims." Plaintiff has attached a contract to the FAC. As Defendants point out, the contract was signed by an individual named Bruce Whitney, not Plaintiff. See FAC, ex. 1. In opposition, Plaintiff submits a declaration stating that Bruce Whitney was a contractor she hired to work on her house while she was away, whom she authorized to enter into the contract on her behalf. Defendants argue that even if this is true, these facts must be included in the complaint. Indeed, Plaintiff should have

4

included such allegations in her complaint and it is not clear why she did not. Nonetheless, the complaint alleges that Plaintiff entered into the May, 1999 contract "by and through her agents, servants, and/or employees." FAC ¶ 27. The Court will not require Plaintiff to amend her complaint to include specific allegations about Whitney. Defendants next argue that Plaintiff has not identified which contract terms she alleges have been breached. However, Plaintiff identifies seven specific promises, each of which appears in the contract. Therefore, the Court denies Defendants' motion to dismiss Plaintiff's breach of contract claim.

III. Negligence Claim

The Court dismissed Plaintiff's negligent training, supervision and retention claim with leave to amend if Plaintiff could allege facts sufficient to establish the existence of a duty beyond that created by the contract. Plaintiff asserts that Defendants owe her a duty "arising out of" California Business and Professions Code §§ 8516 and 8560 and California Code of Regulations Title 16 §§ 1937 and 1990. Opposition at 8. However, neither the statutes nor the regulations cited create any such duty. Rather, they regulate Defendants' performance of services under the contract. See, Cal. Bus. & Prof. Code § 8516(b) (Failure to comply with certain provisions "is grounds for disciplinary action and shall subject the registered company to a fine of not more than two thousand five hundred dollars."). None of the cited statutes or regulations states that consumers have a private right of action. Although a violation of these statutes and regulations might serve as evidence in support of Plaintiff's breach of

5

contract claim, the provisions do not provide for any separate duty.  Plaintiff's negligence claim is dismissed with prejudice.

IV.  Allegations of fraud

In dismissing the original complaint, the Court found that Plaintiff's claims under California Business and Professions Code §§ 17200 and 17500 and California Civil Code § 1750 sounded in fraud but were not plead with particularity as required by Federal Rule of Civil Procedure 9(b).  The Court advised Plaintiff that if she wished to replead these claims, she must identify specific false statements of fact, when the statements were made, why Plaintiff believes the statements were knowingly false when made and how Plaintiff will prove that they were knowingly false when made.

As Defendants point out, Plaintiff has not amended these three claims.  However, the claims incorporate all other allegations of the amended complaint and, in her opposition, Plaintiff identifies specific paragraphs upon which she relies.  In particular, Plaintiff asserts that paragraphs thirty-four through forty-two and paragraph forty-six of the amended complaint establish (1) the specific statements upon which her claims are based, (2) that those statements were made in the contract for services and the other "marketing materials" appended to her complaint, and (3) how she will prove that the statements were knowingly false when made.

The Court notes that several of the allegedly fraudulent statements cannot be proved false or are opinions upon which fraud claims may not be based.  For example, Plaintiff alleges that Defendants represented that "the Baiting System was the best

6

1 defense against the threat of subterranean termite infestation" and
2 that they "formulated a unique plan of action for defending
3 Plaintiff's home against termite infestation."  FAC ¶ 34(d)-(e).
4 "[A]n expression of opinion or belief, if nothing more, and if so
5 understood and intended, is not a representation of fact, and
6 although false, does not amount to actual fraud."  Carlson v.
7 Brickman, 110 Cal. App. 2d 237, 247 (1952) (quoting Stockton v.
8 Hind, 51 Cal. App. 131, 136 (1921).  Thus, it cannot be grounds for
9 fraud damages or rescission.  Id.  A "representation is one of
10 opinion if it expresses only (a) the belief of the maker, without
11 certainty, as to the existence of a fact; or (b) his judgment as to
12 the quality, value, authenticity, or other matters of judgment."
13 Gentry v. eBay, 99 Cal. App. 4th 816, 835 (2002) (quoting Rest. 2d
14 Torts § 538A) (internal paragraph marks omitted).  "[P]redictions
15 of future facts are ordinarily considered nonactionable expressions
16 of opinion."  Richard P. v. Vista Del Mar Child Care Serv., 106
17 Cal. App. 3d 860, 865 (1980) (finding prediction that premature
18 infant would be healthy child to be expression of opinion).  A
19 seller's mere "puff talk" is also an expression of opinion that is
20 not actionable as fraud.  Corbett v. Otts, 205 Cal. App. 2d 78, 83
21 (1962).

22    Moreover, to the extent that Plaintiff has alleged statements
23 that are capable of being proven false when made, she again fails
24 sufficiently to allege that Defendants knew their termite
25 prevention plan to be faulty at the time the statements were made.
26 For example, Plaintiff claims that Defendants "knew or should have
27 known with the exercise of reasonable care that research studies

7

1 had shown that baiting systems were ineffective for controlling or
2 eliminating termite infestations," citing a study released in 2005
3 that examined two different termite colony elimination systems.
4 FAC ¶ 38 and Ex. 14.  However, the study specifically tests the
5 efficacy of termite baiting systems with respect to "desert
6 subterranean termites" in the southwestern United States.  See FAC
7 Ex. 14 at 1-2 (noting prior research conducted in California and
8 lack of research in desert southwest).  Moreover, the study
9 concerns Firstline and Sentricon systems, not Terminix systems,
10 and, because it was published in August, 2005, does not demonstrate
11 that Defendants made knowingly false statements between May, 1999
12 and May, 2005.

13      Similarly, deposition testimony from a case against Terminix
14 in Arkansas state court does not appear to be relevant to this
15 case.  The testimony discusses changes to the chemicals used by
16 Terminix.  However, those changes were made in the 1970s and 1980s,
17 well before Plaintiff's May, 1999 contract.  The testimony does not
18 support Plaintiff's allegation that Terminix "just collects money
19 and leaves homes unprotected for the sole reason that customers can
20 file limited damage claims under contracts or law when damages are
21 discovered."  FAC ¶ 36 (citing Ex. 15).

22      Even where Plaintiff has alleged false or misleading
23 statements that could support a fraud claim, she has not alleged
24 facts to support a finding that Defendants knew that those
25 statements were false when made.  Plaintiff's California Business
26 and Professions Code §§ 17200 and 17500 and California Civil Code §
27 1750 claims are dismissed without leave to amend.  If Plaintiff

8

later discovers evidence to support a fraud claim she may file a motion for leave to amend the complaint.

V.   Claims against the ServiceMaster Defendants

In its order dismissing the original complaint, the Court advised Plaintiff that if she wished to include the ServiceMaster Defendants in her amended complaint, she must allege facts to support a finding that Terminix acted as an alter ego or general agent of ServiceMaster.  Plaintiff again alleges that "Terminix is for all legal and practical purposes a mere department or 'business unit' of ServiceMaster."  FAC ¶ 16.  Although the Court found such an allegation to be conclusory and insufficient to defeat the original motion to dismiss, Plaintiff has attached excerpts of the deposition testimony given in February, 2008 in another case by a former ServiceMaster representative.  See FAC Ex. 5.  In that testimony, the representative was asked why he, as a ServiceMaster employee, was authorized to settle claims based on a termite contract "owned by Terminix International Limited Partnership."  Id. at 39.  The representative responded, "At that time, Terminix, which it still is, is a business unit of ServiceMaster.  And the termite damage claims resided inside the risk management department for ServiceMaster.  And there was only one risk management organization for the enterprise at that time."  Id. at 39-40.  In addition, Plaintiff attaches a letter from Terminix to a customer in Illinois, which states that

> you have the backing of a $3.5 billion company and our exclusive guarantee.  You can rest assured that we have ample resources to handle your claims -- and that we'll be around to serve you in the future.  After all, Terminix is part of ServiceMaster, a Fortune 500

9

> company that's $3.5 billion strong.  And we stand
> firmly behind our money-back guarantee.

FAC Ex. 7.

These allegations and exhibits are sufficient to state a claim against the ServiceMaster Defendants at this stage.  Defendants' motion is denied to the extent it seeks to dismiss the claims against the ServiceMaster Defendants.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part Defendants' motion to dismiss and DENIES it in part (Docket No. 48).  The hearing on Defendants' motion is hereby VACATED; a case management conference will be held in this case as previously scheduled on July 24, 2008 at 2:00 PM.

IT IS SO ORDERED.

Dated:    7/24/08

*Claudia Wilken*
_____
CLAUDIA WILKEN
United States District Judge

10