1  CHRISTOPHER J. BORDERS (SBN 135901)
   **HINSHAW & CULBERTSON LLP**
2  One California Street, 18th Floor
   San Francisco, California 94111
3  Telephone: 415-362-6000

4  DAVID J. RICHARDS (Admitted *Pro Hac Vice*)
   DAVID R. CREAGH (Admitted *Pro Hac Vice*)
5  STEVEN M. PUISZIS (Admitted *Pro Hac Vice*)
   CLIFFORD E. YUKNIS (Admitted *Pro Hac Vice*)
6  **HINSHAW & CULBERTSON LLP**
   222 North LaSalle Street, Suite 300
7  Chicago, Illinois 60601-1081
   Telephone: 312-704-3000
8
   Attorneys for defendants
9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13  BARBARA NEU on behalf of herself and all  ) Case No.: C 07-06472-CW
    others similarly situated,                )
14                                             ) **RULE 26(a)(1) DISCLOSURE**
                                               )
15              Plaintiff,                     )
                                               )
16                                             )
         vs.                                   )
17                                             )
    TERMINIX INTERNATIONAL, INC., THE         )
18  TERMINIX INTERNATIONAL COMPANY,           )
    THE SERVICEMASTER COMPANY,                 )
19  SERVICEMASTER CONSUMER SERVICES,)
    SERVICEMASTER CONSUMER SERVICES )
20  LIMITED PARTNERSHIP,                       )
                                               )
21                                             )
                Defendants.                    )
22                                             )
                                               )
23                                             )

24                    **RULE 26(a)(1) DISCLOSURE**

25       Defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX

26  INTERNATIONAL COMPANY LIMITED PARTNERSHIP, THE SERVICEMASTER

27  COMPANY, SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER

28
                                   1

1  CONSUMER SERVICES LIMITED PARTNERSHIP, by and through their attorneys,
2  Christopher J. Borders and David R. Creagh of HINSHAW & CULBERTSON LLP, state the
3  following for their Rule 26(a)(1) Initial Disclosure:

4  **<u>PRELIMINARY STATEMENT</u>**

5        The Plaintiff, in addition to pursuing her own claim, seeks to assert claims on behalf of a
6  class. Even if the Plaintiff can demonstrate that she has standing, and even if she can state a
7  legally viable individual claim, it is Defendants' position that the requested class is not
8  certifiable pursuant to Fed. R. Civ. P. 23 because individual issues predominate and a class
9  action would not be a superior method for resolving individual claims. Cases involving termite
10 services and damages are by their nature highly individualized and therefore, are inappropriate
11 for class treatment. Every structure is unique and the services provided, nature of any termite
12 damage, cause of termite damage, and timing of termite damage are highly individualized issues.
13 In addition to the facts of these cases being customer- and property-specific, the causes of action
14 asserted in such cases require highly individualized factual and legal determinations. Due to
15 their inherently individualized nature, excluding certifications by consent of the parties for the
16 purpose of administering a settlement or certifications for some other limited purpose, courts
17 deny class certification in termite damage cases. *See, e.g., Rollins, Inc. v. Warren*, 653 S.E.2d
18 794 (Ga. App. 2007); *Rollins, Inc. v. Butland*, 951 So.2d 860 (Fla. App. 2006); *Garrett v.*
19 *Rollins, Inc.*, Case No. 11 181 00163 04 (Decided July 14, 2006).

20       Not only is Plaintiff unable to satisfy the requirements for class certification, she has not
21 properly pled her own individual claim. Despite the deficiencies in the Plaintiff's Complaint and
22 vagueness of the claims asserted, the Defendants make the following Rule 26(a)(1) disclosure
23 based on the information in their possession regarding the services provided at the address
24 provided in plaintiff's Amended Complaint.
25 ///
26 ///
27 ///
28

# RULE 26(a)(1) DISCLOSURE

(A)(i)  The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

The defendants identify the following persons as having knowledge regarding the facts of the occurrence and/or other matters raised by the pleadings.

Discovery in this litigation is still in the early stages.  For this reason, the defendants expressly reserve the right to disclose additional witnesses at a later date as further information becomes known during the course of discovery.

Plaintiff Barbara Neu.

> If called by the defendants to testify, it is anticipated that Mrs. Neu will testify regarding the home in question; agreements entered into with respect to the provision of termite protection services at the home in question; services performed at the home in question; warranties alleged to be conveyed; terms and conditions contained in applicable agreements; involvement or lack thereof with the defendants; representations alleged to be made by the defendants; criticisms and/or claimed defects in connection with services provided; liability issues; facts and evidence relating to theories of liability alleged in the Complaint; issues relating to Mrs. Neu's qualifications to act as class representative; issues relating to class certification; claimed injuries and damages; evidence relating to damages claimed; and other issues as determined during the course of discovery.

Bruce Whitney.

> If called by the defendants to testify, it is anticipated that Mr. Whitney will testify regarding the home in question; agreements entered into with respect to the provision of termite protection services at the home in question; services performed at the home in question; warranties alleged to be conveyed; terms and conditions contained in applicable agreements; involvement or lack thereof with the defendants; representations alleged to be made by the defendants; criticisms and/or claimed defects in connection with services provided; liability issues; facts and evidence relating to theories of liability alleged in the Complaint; issues relating to Mrs. Neu's qualifications to act as class representative; issues relating to class certification; claimed injuries and damages; evidence relating to damages claimed; and other issues as determined during the course of discovery.

E.J. Walker – Employee/Representative of Terminix.

LaJuan Tarrance – Employee/Representative of Terminix.

Dennis Smith – Employee/Representative of Terminix.

Any other representative of Terminix having involvement in performing termite control services at plaintiff's home.

> Each of these witnesses are current or former employees of The Terminix International Company Limited Partnership branch located in San Leandro, California.  If called to testify, these witnesses may testify regarding the home in question; the agreement entered into with respect to the provision of termite

protection services at the home in question; terms and conditions contained in applicable agreements; procedures for renewals; compliance with agreements and terms and conditions thereto; representations alleged to have been made by the defendants; liability issues; plaintiff's theories of liability and defendants' defenses to same; issues relating to Mrs. Neu's qualifications to act as class representative; issues relating to class certification; issues relating to claimed injuries and damages; and other issues as determined during the course of discovery.

Bill Pierce – Employee/Representative of Terminix

Darrell Jardine – Employee/Representative of Terminix

If called by the defendants to testify, Mr. Pierce and/or Mr. Jardine will testify regarding policies and procedures regarding termite treatments, inspections and re-treatments; effectiveness of products used; compliance with product labeling and other applicable standards; issues relating to employee training and supervision; procedures and materials utilized in training; plaintiff's allegations regarding negligent/improper training; defendants' defenses to same; the relationships between the various defendants; and other issues as determined during the course of discovery.

Other representatives of defendants – To be identified at a later date.

If and when plaintiff moves for class certification, Terminix and ServiceMaster reserve the right to disclose additional witnesses to testify regarding issues attendant to the class certification determination, including the size of the putative class and whether the numerosity requirement is satisfied; questions of fact and law applicable to the putative class members, issues which are common and individualized, and whether and to what extent common issues and individual issues predominate; the appropriateness of the proposed class representative to represent and protect the members of the class; issues relating to efficiency, manageability, fairness and equitable concerns; and other issues relating to the class determination as determined during the course of discovery.

Expert witnesses regarding liability and damages issues -- To be identified at a later date.

The defendants reserve the right to amend and/or supplement the above disclosure as additional information becomes known. Further, the defendants reserve the right to call any witness identified in plaintiff's Rule 26(a)(1) disclosures.

(A)(ii) A copy – or a description by category and location -- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

The defendants identify the following categories of documents relating to the issues raised by the pleadings.

Discovery in this litigation is still in the early stages. For this reason, the defendants expressly reserve the right to identify and/or disclose additional documents and/or categories of documents at a later date as further information becomes known during the course of discovery.

4

1. Sentricon Subterranean Termite Protection Plan dated 5-24-99.

2. Standard Notice of Work Completed and Not Completed, dated 5-24-99.

3. Report Work Sheet (2 Pages), dated 5-24-99.

4. Form Containing Customer Information (Undated).

5. Wood Destroying Pests and Organisms Inspection Report (5 Pages), dated 5-24-99.

6. 5-25-99 Document Regarding Application of Premise 75 and Installation of Sentricon Stations.

7. Document entitled "Terminix Unit Specifications."

8. Completion Worksheet dated 5-24-99

9. Copy of Check from Bruce Whitney Construction dated 5-24-99.

10. Terminix Customer SA Summary Profile dated 10-26-04 (2 Pages).

11. Terminix Report Work Sheet dated 10-27-04 (2 Pages).

12. Wood Destroying Pests and Organisms Inspection Report (5 Pages), dated 10-27-04.

13. Wood Destroying Pests and Organisms Inspection Report (2 Pages), dated 10-27-04.

14. Terminix Report Work Sheet dated 11-1-04 (2 Pages).

15. Inspection Graph dated 10-27-04.

16. Wood Destroying Pests and Organisms Inspection Report (7 Pages), dated 12-16-04.

17. Inspection Graph dated 12-16-04.

18. Terminix Report Work Sheet dated 12-16-04 (2 Pages).

19. Terminix Customer SA Summary Profile dated 12-16-04 (2 Pages).

20. Document entitled "Terminix Survey of Conditions Favorable to Subterranean Termites," dated 12-16-04.

21. Terminix Reinspection Report dated 12-16-04.

22. Document entitled "Sales Agrmts by Location" dated 10-7-05.

23. Letter from Hoffman & Lazear dated 8-14-07.

24. Terminix Customer SA Summary Profile dated 8-15-07 (2 Pages).

The defendants reserve the right to amend and/or supplement the above disclosure as additional information becomes known. Further, the defendants reserve the right to utilize any document identified in plaintiff's Rule 26(a)(1) disclosures to support their defenses.

    (A)(iii) A computation of any category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

    Not applicable.

    (A)(iv) For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy part or all of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

    Defendants are self-insured for the claimed damage to the home in question.

DATED: July 25, 2008

HINSHAW & CULBERTSON LLP

*/s/ Christopher J. Borders*
CHRISTOPHER J. BORDERS
Attorneys for Defendants
TERMINIX INTERNATIONAL, INC.,
THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP (erroneously sued herein as The Terminix International Company),
THE SERVICEMASTER COMPANY,
SERVICEMASTER CONSUMER SERVICES, and
SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP