1  CHRISTOPHER J. BORDERS (SBN 135901)
   **HINSHAW & CULBERTSON LLP**
2  One California Street, 18th Floor
   San Francisco, California 94111
3  Telephone: 415-362-6000

4  DAVID R. CREAGH (Admitted *Pro Hac Vice*)
   DAVID J. RICHARDS (Admitted *Pro Hac Vice*)
5  STEVEN M. PUISZIS (Admitted *Pro Hac Vice*)
   CLIFFORD E. YUKNIS (Admitted *Pro Hac Vice*)
6  **HINSHAW & CULBERTSON LLP**
   222 North LaSalle Street, Suite 300
7  Chicago, Illinois 60601-1081
   Telephone: 312-704-3000

8
   Attorneys for Defendants
9  TERMINIX INTERNATIONAL, INC., ET AL.

10              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
11

12

13  BARBARA NEU on behalf of herself and all)  **Case No.:** C 07-06472-CW
    others similarly situated,                )
14                                             )  **ANSWER AND AFFIRMATIVE**
                                               )  **DEFENSES TO PLAINTIFF'S AMENDED**
15              Plaintiff,                     )  **COMPLAINT**
                                               )
16                                             )
        vs.                                    )
17                                             )
    TERMINIX INTERNATIONAL, INC., THE)
18  TERMINIX INTERNATIONAL COMPANY,)
    THE      SERVICEMASTER      COMPANY,)
19  SERVICEMASTER CONSUMER SERVICES,)
    SERVICEMASTER CONSUMER SERVICES)
20  LIMITED PARTNERSHIP,                       )
                                               )
21                                             )
                Defendants.                    )
22  _____)

23

24      Defendants,  TERMINIX  INTERNATIONAL,  INC.,  THE  TERMINIX

25  INTERNATIONAL  COMPANY  LIMITED  PARTNERSHIP,  THE  SERVICEMASTER

26  COMPANY, SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER

27  CONSUMER SERVICES LIMITED PARTNERSHIP, state the following for their Answer and

28
                                      1
   _____
                          Answer and Affirmative Defenses to Amended Complaint
                                              Case No.  C 07-06472

Affirmative Defenses to plaintiff's Amended Complaint:

## I.     **INTRODUCTION**

1.     Named Plaintiff was the victim of an overall illegal and unfair business practice, scheme or plan directed at the heart of the service Defendants were in the business of providing: eliminating and preventing subterranean termite infestation by use and maintenance of proper eradication and control measures based upon expertise as regulated and licensed termite control operators. Defendant did not provide this basic service to customers as a matter of business practice in the State of California, including to Plaintiff. Minor differences in contract terms between class members are mere variations on the overall theme of not providing the basic service they are in a regulated business which requires expertise to provide. Plaintiff Neu's contract contains the basic pledge that Defendants "... will provide the necessary services ... to control or protect against subterranean (ground) termites ..." (See Exhibit 1).

**ANSWER:**     Defendants deny the allegations contained in Paragraph 1 of plaintiff's Amended Complaint.

2.     The business scheme alleged herein has resulted in settlements by Defendants with Attorneys General in several States. Defendants settled deceptive trade practice claims with states that required wholesale application or reapplication of termite control measures in Florida (See Exhibit 2) and Kentucky (See Exhibit 3) wherein it was alleged that Terminix did not provide the necessary services to control or protect against subterranean (ground) termites. Terminix agreed with the Alabama Department of Agriculture and Industries to begin making annual termite inspections. (See Exhibit 4).

**ANSWER:**     Defendants deny the allegations contained in Paragraph 2 of plaintiff's Amended Complaint.

3.     This action arises out of the pattern and practice by Defendants of failing to provide the subterranean termite prevention and control services they are required to provide by statute, labels, good entomologic practice and contracts; collecting fees for installation and maintenance of chemical barriers without fully applying or maintaining the barrier when they

2

1    knew that this was the only way to prevent termite infestations; selling services and products

2    which they knew to be ineffective for preventing termite infestation including baiting systems;

3    and of taking advantage of customers' lack of knowledge by suppressing this information to

4    generate income without providing services. Plaintiff and class members intended to purchase

5    termite prevention services from Defendants and never received these services.

6         **ANSWER:**    Defendants deny the allegations contained in Paragraph 3 of plaintiff's

7    Amended Complaint.

8         4.    Such a scheme is in violation of the Business and Professions Code Sections

9    17200 & 17500, California Consumer Legal Remedies Act, California Civil Code §§ 1750 -

10   1784, in breach of express and implied contracts, and common law obligations with Plaintiff and

11   other similarly situated persons.

12        **ANSWER:**    Defendants deny the allegations contained in Paragraph 4 of plaintiff's

13   Amended Complaint.

14                        **II.    PARTIES**

15        5.    Plaintiff is an adult resident citizen of Alameda County, State of California,

16   currently residing at 16073 Gramercy Drive, San Leandro, California, 94578.

17        **ANSWER:**    Defendants have insufficient knowledge upon which to base a belief as to

18   the truth or falsity of the allegations contained in Paragraph 5 of plaintiff's Amended Complaint

19   and therefore, deny same and demand strict proof thereof.

20        6.    Plaintiff is informed and believes and thereon alleges that The Terminix

21   International Company, LP, is or was a Delaware limited partnership based in Wilmington,

22   Delaware, and located at 1209 Orange Street, Wilmington, Delaware, 19801, with its principal

23   place of business in Memphis, Tennessee, that registered in California on February 3, 1987, and

24   is routinely conducting business in California.

25        **ANSWER:**    Defendants admit that The Terminix International Company Limited

26   Partnership is a limited partnership organized under the laws of the State of Delaware, that its

27   principal place of business is located in Memphis, Tennessee, and that it conducts business in the

28                                  3

1  State of California.  Further responding, Defendants deny all remaining allegations contained in
2  Paragraph 6 of plaintiff's Amended Complaint.

3      7.    Plaintiff is informed and believes and thereon alleges that Terminix International,
4  Inc., is or was a Delaware corporation with its principal place of business in Memphis,
5  Tennessee, and located at 860 Ridge Lake Boulevard, Memphis, Tennessee, 38120, that
6  registered in California on February 4, 1987, and is routinely conducting business in California.
7  Terminix International, Inc. is the general partner of Terminix International, LP.

8    **ANSWER:**  Defendants admit that Terminix International, Inc. is a corporation
9  organized under the laws of the State of Delaware, that its principal place of business is located
10  at 860 Ridge Lake Boulevard in Memphis, Tennessee, and that it conducts business in the State
11  of California. Defendants further admit that Terminix International, Inc. is the general partner of
12  The Terminix International Company Limited Partnership.  Further responding, Defendants deny
13  all remaining allegations contained in Paragraph 7 of plaintiff's Amended Complaint.

14      8.    Plaintiff is informed and believes and thereon alleges that The ServiceMaster
15  Company is a Delaware corporation, incorporated on September 10, 1991, based in Memphis,
16  Tennessee, and located at 860 Ridge Lake Blvd, Memphis, Tennessee, 38120, that is routinely
17  conducting business in California. Service Master represents itself as a "Fortune 500 Company
18  that's $3.5 billion strong."

19    **ANSWER:**  Defendants admit that The ServiceMaster Company is a corporation
20  organized under the laws of the State of Delaware, that its principal place of business is located
21  at 860 Ridge Lake Boulevard in Memphis, Tennessee, and that it conducts business in the State
22  of California.  Further responding, Defendants admit that certain of Terminix's sales and renewal
23  literature make certain references to support provided by ServiceMaster to Terminix, and the
24  terms of such documents speak for themselves.  Further responding, Defendants deny all
25  remaining allegations contained in Paragraph 8 of plaintiff's Amended Complaint.

26      9.    Plaintiff is informed and believes and thereon alleges that ServiceMaster
27  Consumer Services, Inc., is or was a Delaware corporation based in Memphis, Tennessee, and

28  4

1   located at 860 Ridge Lake Boulevard, Memphis, Tennessee, 38120, that registered in California

2   on March 14,2002, and is routinely conducting business in California.

3      **ANSWER:** Defendants admit that ServiceMaster Consumer Services, Inc. is a

4   corporation organized under the laws of the State of Delaware, that its principal place of business

5   is located at 860 Ridge Lake Boulevard in Memphis, Tennessee, and that it conducts business in

6   the State of California. Further responding, Defendants deny all remaining allegations contained

7   in Paragraph 9 of plaintiff's Amended Complaint.

8      10.    Plaintiff is informed and believes and thereon alleges that ServiceMaster

9   Consumer Services Limited Partnership is or was a Delaware limited partnership based in

10   Wilmington, Delaware, and located at 1209 Orange Street, Wilmington, Delaware, 19801, that

11   registered in California on November 3, 1994, and is routinely conducting business in California.

12      **ANSWER:** Defendants admit that ServiceMaster Consumer Services Limited

13   Partnership is a limited partnership organized under the laws of the State of Delaware, that its

14   principal place of business is located in Memphis, Tennessee, and that it conducts business in the

15   State of California. Further responding, Defendants deny all remaining allegations contained in

16   Paragraph 10 of plaintiff's Amended Complaint.

17      11.    The term "Plaintiff(s)" as used in this complaint means and includes all persons

18   and entities listed and named as Plaintiff in the caption of this complaint, or any amendment

19   thereto, and in the text paragraphs thereof, and include any Plaintiff hereafter added by

20   amendment, joinder or intervention. The term "Plaintiff(s)" also means and includes both the

21   named Plaintiff individually and as representative of the class and any subclass herein described,

22   as well as each member of such class and any subclass.

23      **ANSWER:** Defendants state that the allegations contained in Paragraph 11 of

24   plaintiff's Amended Complaint consist of conclusions of law requiring no response. To the

25   extent said allegations are construed as requiring a response, Defendants deny said allegations.

26      12.    The term "Defendant" as used in this complaint means and includes all persons

27   and entities listed and named as a Defendant in the caption of this complaint or any amendment

28

Answer and Affirmative Defenses to Amended Complaint
Case No. C 07-06472

1    thereto and in the text paragraphs thereof, and includes any Defendant hereafter added by

2    amendment or otherwise (unless otherwise specified in the amendment).

3        **ANSWER:**   Defendants state that the allegations contained in Paragraph 12 of

4    plaintiff's Amended Complaint consist of conclusions of law requiring no response.  To the

5    extent said allegations are construed as requiring a response, Defendants deny said allegations.

6        13.    Plaintiff informed and believes and thereon alleges that Defendants The Terminix

7    International Company, LP, and Terminix International, Inc., (hereinafter collectively

8    "Terminix" or the "Terminix Defendants") sell and claim to provide termite protection services

9    throughout California. The Terminix International Company, LP, is the sales and service

10   provider for the individual customers who have entered into binding contracts with The Terminix

11   International Company, LP, and/or Terminix International, Inc., by and through The Terminix

12   International Company, LP. The Terminix International Company, LP, is part of a group of

13   service providers along with Merry Maid, Furniture Medic, ARS, American Home Shield, and

14   TruGreen ChemLawn that make up the ServiceMaster Group. Terminix International, Inc., is the

15   general partner of The Terminix International Company, LP. Defendant ServiceMaster

16   Consumer Services, LP is the immediate parent to both of the Terminix Defendants and The

17   ServiceMaster Company is the ultimate Parent.

18       **ANSWER:**   Defendants admit that The Terminix International Company Limited

19   Partnership conducts business in California which includes the provision of termite protection

20   services through agreements which it enters into with its customers.  Defendants further admit

21   that Terminix International, Inc. is a general partner of The Terminix International Company

22   Limited Partnership.  Further responding, the remaining allegations contained in Paragraph 13 of

23   plaintiff's Amended Complaint consist of conclusions of law requiring no response.  To the

24   extent said allegations are construed as requiring a response, Defendants deny said allegations.

25       14.    Plaintiff is informed and believes and thereon alleges that The ServiceMaster

26   Company, ServiceMaster Consumer Services, Inc., and/or ServiceMaster Consumer Services

27   Limited Partnership (hereinafter collectively "ServiceMaster" or the "ServiceMaster

28                                          6

Defendants") claim and report all of Terminix's assets and liabilities as part of its overall annual financial reporting.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 14 of plaintiff's Amended Complaint.

15.    The ServiceMaster Defendants, by and through their executive officers and executive board, directly participate, guide, and manage all of the activities of the Terminix Defendants through active and direct participation in the managerial affairs of the Terminix Defendants.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 15 of plaintiff's Amended Complaint.

16.    Upon information and belief and by their own admissions, Terminix is for all legal and practical purposes a mere department or "business unit" of Service Master, is the alter ego of ServiceMaster, and/or acts as ServiceMaster's general agent (See Exhibit 5, Noblin testimony).

**ANSWER:**    Defendants state that the allegations contained in Paragraph 16 of plaintiff's Amended Complaint consist of legal conclusions requiring no response.  To the extent said allegations are construed as requiring a response, Defendants deny said allegations.

17.    Upon information and belief and by their own admissions, ServiceMaster manages all risk related services and liabilities of Terminix, including duties that arise from Terminix's termite services such as claims for termite damage made by Terminix's customers (See Exhibit 5).

**ANSWER:**    Defendants deny the allegations contained in Paragraph 17 of plaintiff's Amended Complaint.

18.    Upon information and belief, ServiceMaster is responsible for managing Terminix's liabilities including the paying of termite damage claims made by Terminix's customers (See Exhibit 6, ServiceMaster Settlement Check (Redacted) for Terminix International, L. P. in Dickens v Terminix International, L.P.

7

1  **ANSWER:**    Defendants deny the allegations contained in Paragraph 18 of plaintiff's

2  Amended Complaint.

3      19.    Upon information and belief, Terminix and ServiceMaster represent in form

4  renewal solicitations and invoices that all of Terminix's legal obligations are "backed by"

5  ServiceMaster which means it is a co-maker, guarantor, or surety of the obligations rather than

6  disinterested third-party with no obligations to the consumer; specifically: "you can feel safer

7  knowing that Terminix is part of a $3.5 billion company."; "Terminix International is backed by

8  the immense financial strength of ServiceMaster, a fortune 500 company." (See exhibit 7,

9  Gershtenecker renewal notice).

10     **ANSWER:**    Defendants admit that certain of Terminix's sales and renewal literature

11  make certain references to support provided by ServiceMaster to Terminix, and the terms of such

12  documents speak for themselves.    Further responding, Defendants state that the remaining

13  allegations contained in Paragraph 19 of plaintiff's Amended Complaint consist of legal

14  conclusions requiring no response.   To the extent said allegations are construed as requiring a

15  response, Defendants deny said allegations.

16     20.    ServiceMaster publishes, backs, and supports the customer satisfaction guarantees

17  provided by Terminix to all Terminix customers (See   http://www.servicemaster.com/

18  library/aboutUs/guarantees/terminix.dsp, at which Service Master provides a 100% satisfaction

19  guaranty to all customers of Terminix, attached hereto as Exhibit 8).

20     **ANSWER:**    Defendants admit that certain of Terminix's sales and renewal literature

21  make certain references to support provided by ServiceMaster to Terminix, and the terms of such

22  documents speak for themselves.    Further responding, Defendants state that the remaining

23  allegations contained in Paragraph 20 of plaintiff's Amended Complaint consist of legal

24  conclusions requiring no response.   To the extent said allegations are construed as requiring a

25  response, Defendants deny said allegations.

26     21.    Upon information and belief, and by their own admissions and practice,

27  ServiceMaster acts as a co-maker, guarantor, and/or surety either directly or by estoppel of

28                                              8

1  Terminix.

2  **ANSWER:**   Defendants state that the allegations contained in Paragraph 21 of

3  plaintiff's Amended Complaint consist of legal conclusions requiring no response.  To the extent

4  said allegations are construed as requiring a response, Defendants deny said allegations.

5  22.    Terminix conducts business in the Northern District of California, including

6  Alameda County, and serviced Plaintiffs property out of its office located at 14458 Wick, San

7  Leandro, California, 94577.

8  **ANSWER:**   Defendants admit that The Terminix International Company Limited

9  Partnership conducts business in the Northern District of California and in Alameda County,

10  California, and that it performed certain services a home located at or near 16073 Gramercy

11  Drive, in San Leandro, California.    Further responding, Defendants deny the remaining

12  allegations contained in Paragraph 22 of plaintiff's Amended Complaint.

13  **<ins>JURISDICTION AND VENUE</ins>**

14  23.    Jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2).

15  **ANSWER:**   Defendants state that the allegations contained in Paragraph 23 of

16  plaintiff's Amended Complaint consist of legal conclusions requiring no response.  To the extent

17  said allegations are construed as requiring a response, Defendants deny said allegations.

18  24.    Plaintiff is a citizen of the State of California, and Defendants are incorporated in,

19  or have their principal places of business, in the States of Delaware and Tennessee, and in this

20  class action the aggregate amount of damages shall exceed five million dollars.

21  **ANSWER:**   Defendants state that they have insufficient knowledge upon which to base

22  a belief as to the truth or falsity of the allegation that plaintiff is a citizen of the State of

23  California.  Further responding, Defendants admit that they are organized under the laws of the

24  State of Delaware and that their principal places of business are in Memphis, Tennessee.  Further

25  responding, Defendants deny the allegation that the aggregate amount in controversy exceeds

26  five million dollars, and deny all other remaining allegations contained in Paragraph 24 of

27  plaintiff's Amended Complaint.

28

Answer and Affirmative Defenses to Amended Complaint
Case No.  C 07-06472

1   25.   Venue is proper in this Court under 28 U.S.C. §§ 139l(a) because the events that

2   give rise to Plaintiffs claims took place within the Northern District of California.

3   **ANSWER:**   Defendants state that the allegations contained in Paragraph 25 of

4   plaintiff's Amended Complaint consist of legal conclusions requiring no response.  To the extent

5   said allegations are construed as requiring a response, Defendants deny said allegations.

6   26.   Pursuant to Civil L. R. 3-2(c), the Oakland Division of this Court is the

7   appropriate division because a substantial part of the events that give rise to the claim occurred in

8   Alameda County.

9   **ANSWER:**   Defendants state that the allegations contained in Paragraph 26 of

10  plaintiff's Amended Complaint consist of legal conclusions requiring no response.  To the extent

11  said allegations are construed as requiring a response, Defendants deny said allegations.

12  ## III.   ADDITIONAL FACTS COMMON TO ALL COUNTS

13  27.   Defendants, by and through their agents, servants, and/or employees, and

14  Plaintiff, by and through her agents, servants, and/or employees, entered into a termite protection

15  contract in or about May, 1999 (hereinafter referred to as the "Contract," See Exhibit 1) related

16  to Plaintiffs home at 16073 Gramercy Drive, San Leandro, California, 94546.

17  **ANSWER:**   Defendants admit that The Terminix International Company Limited

18  Partnership entered into a Sentricon Subterranean Termite Protection Plan on or around May 24,

19  1999 with Bruce Whitney and that the terms of said agreement speak for themselves.  Further

20  responding, Defendants deny the remaining allegations contained in Paragraph 27 of plaintiff's

21  Amended Complaint.

22  28.   Plaintiff and Defendants renewed the Contract annually in or about May, 2000;

23  May, 2001; May, 2002; May, 2003; May, 2004; and May, 2005 (renewal documents attached

24  hereto collectively as Exhibit 9).

25  **ANSWER:**   Defendants admit that a Sentricon Subterranean Termite Protection Plan

26  entered into on or around May 24, 1999 with Bruce Whitney was renewed annually between

27  1999 and 2005.  Further respondng, Defendants deny the remaining allegations contained in

28  10

Paragraph 28 of plaintiff's Amended Complaint.

    29.    Defendants were obligated by the Contract to, inter alia:

    (a)    Provide the necessary services to control, protect, and help defend the identified property against, the attack of subterranean termites (and did not provide those services);

    (b)    Reinspect the structures when Terminix felt it was necessary (and did not do so);

    (c)    Extend service (i.e., renew the Contract) annually for the lifetime of the owner (Neu) upon the payment of annual renewal fees (and did not fulfill its duties during any contract extension);

    (d)    Continuously protect the identified property from new termite activity (and did not do so);

    (e)    Propose, if Terminix deemed it necessary in the event that the Baiting System failed to eliminate or control termite colonies, treatment using conventional termite elimination methods at no additional charge (when it knew before proposing the contract that such measures were necessary and therefore failed to meet its obligation to provide the "necessary services");

    (f)    To perform its services in accordance with the requirements of law (which it failed to do); and

    (g)    To provide state-of-the-art termite protection services (which it failed to do).

**ANSWER:**  Defendants state that the obligations and terms of the Sentricon Subterranean Termite Protection Plan entered into between The Terminix International Company Limited Partnership and Bruce Whitney on or around May 24, 1999 speak for themselves. Further responding, Defendants deny the remaining allegations contained in Paragraph 29 of plaintiff's Amended Complaint.

    30.    In consideration for these and the other obligations of the Defendant pursuant to the Contract, Plaintiff paid an initial fee of $1,548.00 and renewal fees of between $220.00 and $267.00 annually.

**ANSWER:**  Defendants admit receiving an initial fee of $1,548.00 from Bruce Whitney and renewal fees of $232.00 annually between 2000 and 2004 and a renewal fee of $267.00 in 2005. Further responding, Defendants state that the remaining allegations contained in Paragraph 30 of plaintiff's Amended Complaint are conclusions of law requiring no response.

1    To the extent said allegations are construed as requiring a response, Defendants deny said

2    allegations.

3        31.    In addition to the above-listed obligations of the Defendant pursuant to the

4    Contract, Defendants owed to Plaintiff duties that arise out of California Structural Pest Control

5    laws and regulations as contained in the California Business and Professional Code section 8516

6    and sections 8560 et. seq. (2003) and California Code of Regulations section 1937 and sections

7    1990 et. seq. (2007). Defendants owed a duty to provide reasonably prudent and otherwise

8    proper and lawful performance of services, including but not limited to, an initial inspection and

9    one or more subsequent inspections of the identified property for the purpose of finding and

10   reporting any termite activity or conditions conducive to termite activity in accord with their

11   professional expertise and licensing requirements pursuant to the above referenced codes and

12   regulations and giving sound advice based on proper inspections.

13       **ANSWER:**   Defendants state that the allegations contained in Paragraph 31 of

14   plaintiff's Amended Complaint consist of legal conclusions requiring no response.  To the extent

15   said allegations are construed as requiring a response, Defendants deny said allegations.

16       32.    The Defendants owed a duty to give Plaintiff her money back if she was not

17   totally satisfied in accord with Defendants' guarantee of Plaintiff s total satisfaction (See

18   Renewal Notices, included in Exhibit 10 and the Marketing Materials, referred to below and

19   attached hereto as Exhibit 11)[1].  However, Defendants knew that property owners relied upon

20   their expertise to determine if services were provided satisfactorily as consumers rely upon any

21   professional.

22       **ANSWER:**   Defendants state that the allegations contained in Paragraph 32, including

23   footnote 1 thereof, of plaintiff's Amended Complaint consist of legal conclusions requiring no

24   response.  To the extent said allegations are construed as requiring a response, Defendants deny

25   said allegations.

26   _____

27       [1]  Plaintiff does not claim to have all marketing materials targeted to her and California consumers, so the following list is merely a representative sample of false claims.

28                                          12

33.    The Defendants owed a duty as a regulated and licensed professional to provide an expert service, and purported to provide, their service technicians with professional and extensive training pursuant to California Codes and Regulations for the licensing of Structural Pest Control Operators on termite biology and behavior, how termites forage, how termites share information with other colony members, what to look for at a feeding site, how to identify termite species, how to handle termites, and how to pay close attention to and provide the best possible termite protection for the identified property (See Exhibit 12, attached hereto). These requirements are detailed in title 16 of California Business and Professional Code section 8516 and section 8560 et. seq. (2003) and California Code of Regulations section 1937 and sections 1990 et. seq. (2007).

    **ANSWER:**    Defendants state that the allegations contained in Paragraph 33 of plaintiff's Amended Complaint consist of legal conclusions requiring no response.  To the extent said allegations are construed as requiring a response, Defendants deny said allegations.

34.    The Defendants owed a duty to provide expert advice to the Plaintiff regarding termite protection services, including but not limited to provision of information about termites, termite control and elimination, and the danger termites posed to the identified property (See Exhibit 1, and Defendants' marketing materials, collectively referred to hereinafter as the "Marketing Materials," and attached hereto as Exhibits 9, 10, 11, 12 & 13), including, *inter alia*, the following, which were made at or about the time of the commencement of the Contract and thereafter at or about the time of the annual renewals of the Contract:

    (a)    That the Sentricon "Baiting System" contained "bait" that would lure or attract termites to a poison that would kill any termite colony that might attack the home and that it was the only "necessary service" to control or protect against termites;

    (b)    By using a company with its expertise, the customer could be assured that it would provide all services necessary to control and prevent termite infestation;

    (c)    At the same time it mailed Plaintiff assurances that the "Baiting" System which was not really a "bait" was all that was necessary, it was advising other California consumers that a Baiting System was not necessary and was not the best way to control or eliminate termites;

13

(d)    That the Baiting System was the best defense against the threat of subterranean termite infestations (which was not a universal truth);

(e)    That the Defendants formulated a unique plan of action for defending Plaintiff's home against termite infestation;

(f)    Baiting System customers like Neu were told it was the most effective subterranean termite control or elimination technique available when Defendants were saying something different to other consumers at the same time in the same state;

(g)    That the Baiting System would provide a guaranteed defense of Plaintiff's home from subterranean termite infestation;

(h)    That the Baiting System was the most advanced method for the elimination or control of subterranean termites;

(i)    That the Baiting System was an early warning system, akin to a fire alarm and a burglar alarm, to monitor for the threat of subterranean termites at Plaintiffs home;

(j)    That the Baiting System would destroy subterranean termites in [the termites'] home before they destroyed Plaintiff's home;

(k)    That termites would be lured to the bait stations even if wood in the home had already been found and was an abundant food source;

(l)    That Bait Systems at neighboring houses could not be counted on to bait and eliminate the colonies attacking her house and that the colonies attacking Plaintiff's home needed to be baited by stations around her home - not a neighbor's.

(m)    That university research documented that only the Baiting System would kill the colonies that would eat the Plaintiff's house; and

(n)    That the Defendants would provide the "necessary service" because Terminix had experience in the use of termiticides and state-of-the-art techniques for the elimination or control of subterranean termites, was the leading provider of termite control services in the United States, and the most trusted choice for 75 years.

**ANSWER:**    Defendants state that the allegations contained in Paragraph 34 of plaintiff's Amended Complaint consist of legal conclusions requiring no response. To the extent said allegations are construed as requiring a response, Defendants deny said allegations. Further responding, Defendants deny making the alleged representations at the time of commencement of the agreement in question and/or at the time of any renewal.

35.    The Defendants breached their duties described above, and the above-listed representations regarding the effectiveness of the Baiting System were false, because the Defendants did not provide the necessary services to Neu and in fact included contractual

14

1 │ provisions that the Defendants could argue would allow it not to have to use a "necessary

2 │ service" because Defendants' Baiting System was the only one Defendants agreed to provide.

3 │     **ANSWER:**   Defendants deny the allegations contained in Paragraph 35 of plaintiff's

4 │ Amended Complaint.

5 │     36.   The Defendants did not provide and did not intend to provide all "necessary

6 │ services" to prevent termite attack. For example, Terminix admits in sworn corporate testimony

7 │ in litigation in Arkansas that it knew it used chemicals like Pryfon in the past, which were

8 │ ineffective and rather than applying an effective chemical, it just collects money and leaves

9 │ homes unprotected for the sole reason that customers can file limited damage claims under

10 │ contracts or law when damages are discovered.

11 │     **ANSWER:**   Defendants deny the allegations contained in Paragraph 36 of plaintiff's

12 │ Amended Complaint.

13 │     37.   The Defendants, by virtue of their above-referenced knowledge and expertise in

14 │ entomology, termite behavior, termniticides, and termite control and elimination methods, knew

15 │ that an attack on any of the several bait stations around Plaintiffs home by termites from a

16 │ particular termite colony could not and did not eliminate other colonies which may attack

17 │ Plaintiff's home.

18 │     **ANSWER:**   Defendants deny the allegations contained in Paragraph 37 of plaintiff's

19 │ Amended Complaint.

20 │     38.   The Defendants, knew or should have known with the exercise of reasonable care

21 │ that research studies had shown that baiting systems were ineffective for controlling or

22 │ eliminating termite infestations as represented. (See Exhibit 14).

23 │     **ANSWER:**   Defendants deny the allegations contained in Paragraph 38 of plaintiff's

24 │ Amended Complaint.

25 │     39.   The Defendants' above-listed representations regarding the effectiveness of the

26 │ Baiting System were false, unfair, deceptive and/or misleading and therefore in violation of

27 │ California Code of Regulations section 1999.5 (2007) which makes it unlawful for any SPCO

28 │

1  license holder to make statements or representations regarding the efficacy of any structural pest

2  control that is false, deceptive, unfair and / or misleading.

3      **ANSWER:**    Defendants deny the allegations contained in Paragraph 39 of plaintiff's

4  Amended Complaint.

5      40.    The Plaintiff will prove the foregoing allegations related to the Defendants'

6  breaches of duty and knowing misrepresentations through the Defendants' own records and

7  testimony, the testimony of expert witnesses, and accepted literature in the field regarding the

8  ineffectiveness of the Baiting System.

9      **ANSWER:**    Defendants deny the allegations contained in Paragraph 40 of plaintiff's

10  Amended Complaint.

11      41.    Plaintiff is informed and believes by virtue of the Defendants' own admissions

12  and practices that Defendants' knew the Baiting system was ineffective and that the only

13  practical method of controlling termites was by applying and then maintaining a "complete

14  chemical barrier" in accordance with California law and label requirements (See Exhibit 15).

15      **ANSWER:**    Defendants deny the allegations contained in Paragraph 41 of plaintiff's

16  Amended Complaint.

17      42.    Plaintiff is informed and believes by virtue of the Defendants' own admissions

18  and practices that Defendants' knew that without a complete and effective chemical barrier, in

19  accordance with label requirements, the likelihood of termite infestation was substantial in areas

20  like Arkansas or California with "very heavy" or "heavy" subterranean termite pressure. (See

21  Exhibit 15).

22      **ANSWER:**    Defendants deny the allegations contained in Paragraph 42 of plaintiff's

23  Amended Complaint.

24      43.    Defendants, by and through their agents, servants, and or employees, uniformly

25  and continuously failed to conduct adequate initial inspections, annual inspections, and

26  reinspections for termite infestation or related damage and other wood destroying organisms as

27  required by contract and law and which were relied upon by Plaintiff.

28  

16

1    **ANSWER:**    Defendants deny the allegations contained in Paragraph 43 of plaintiff's

2    Amended Complaint.

3    44.    Defendants, by and through their agents, servants, and or employees, uniformly

4    and continuously failed to perform the initial protection services that would be reasonably

5    effective to prevent subterranean termite infestation, including elimination of conducive

6    conditions (and advise on the necessity of alteration of such conditions) prior to application of

7    chemical or other prevention or control measures such as alterations to structures or foundation

8    areas so as to make application of a complete chemical barrier an effective preventative or

9    control measure against termites, and failure to apply chemical as required by labels and good

10    practice and company policy and failure to reapply chemicals when disruption of barriers

11    occurred.

12    **ANSWER:**    Defendants deny the allegations contained in Paragraph 44 of plaintiff's

13    Amended Complaint.

14    45.    Defendants, by and through their agents, servants, and or employees, intentionally

15    created a scheme and system which has promoted and led to widespread negligence, recklessness

16    and wantonness in the manner of termite prevention services and inspections, annual inspections,

17    re-inspections and certifications thereof.

18    **ANSWER:**    Defendants deny the allegations contained in Paragraph 45 of plaintiff's

19    Amended Complaint.

20    46.    Defendants, by and through their agents, servants, and or employees, engaged in a

21    practice of representing that they had developed a system that would "lure" termites to stations

22    containing a poison "bait" that would eliminate termite colonies when they knew that because of

23    the random foraging patterns of subterranean termite colonies that the wood in plastic tubes laced

24    in the ground did not act as a lure or bait for termites.  Defendants knew the product did not

25    "bait" termites but instead that termites would have to randomly stumble upon the "traps" to

26    have any effect and that disturbing infested wooden stations could cause termites to abandon the

27    site and falsely advertised and sold prevention and control services as baits without providing

28

17

1    bait for termites.

2        **ANSWER:**    Defendants deny the allegations contained in Paragraph 46 of plaintiff's

3    Amended Complaint.

4        47.    The Defendants followed a practice of including definitions with repair contracts

5    in combination with business practices that would cause the conditions for coverage not to be

6    met which is and was a deceptive and unfair practice.  For example, the repair promise was

7    conditioned upon a Terminix employee finding live termites when the practice of the company

8    was to kill live termites before the extent of live termites could be discovered by the property

9    owner and when termites could damage wood during the contract term without being present at

10   the time of inspection.

11       **ANSWER:**    Defendants deny the allegations contained in Paragraph 47 of plaintiff's

12   Amended Complaint.

13       48.    Defendants, by and through their agents, servants, and or employees,

14   intentionally, recklessly, wantonly and/or negligently suppressed the fact that the entirety of

15   Plaintiffs house had not received the termite treatment for which Plaintiff had contracted at the

16   beginning of the relationship. Defendants have refused to make proper remedial treatments

17   and/or repairs to the home every day since the original treatment, causing a new breach or tort

18   each day thereafter through a course of active concealment of wrongdoing in the face of a duty

19   of disclosure and, therefore, have lulled the Plaintiff and class members into believing the

20   property received the service promised.

21       **ANSWER:**    Defendants deny the allegations contained in Paragraph 48 of plaintiff's

22   Amended Complaint.

23       49.    Defendants routinely followed a practice of including unfair, illegal, and

24   unconscionable clauses in their consumer contracts such as remedy stripping clauses and

25   arbitration clauses containing class action bans and limitations on remedies. Clauses containing

26   these types of restrictions are unconscionable and unenforceable under California Law, including

27   illustrative examples from Plaintiffs Contract:

28 
_____
18

(a)    Limiting service to a method that Defendants knew was not necessarily the "necessary service";

(b)    Defining new damage covered in a manner that has no reasonable or fair scientific basis (i.e., the definition of "new" damage throughout);

(c)    Inclusion of "recitals" of "Purchaser Understanding" of characteristics of termite habits and biology and the alleged means of operation and characteristics of the Baiting System which are beyond the reasonable understanding of non-expert consumers;

(d)    Unconscionable arbitration clause which fails the chosen forum's "Due Process Protocol for Consumer Agreements";

(e)    Limitation of liability clauses;

(f)    Shifting attorney fees and all expenses of Termini x to consumers who sue Terminix for anything other than for maintenance of the Baiting System or for the limited property damages specified in the contract even where Terminix is accused of not providing the service it provided;

(g)    Representations that "retreatments" of termite infestations can be accomplished by the Baiting System; and

(h)    Unilateral Right of Cancellation clause buried in a "Change of Law" paragraph (#7 of Terms and Conditions) when the main body says the contract is renewable for life.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 45 of plaintiff's Amended Complaint.

46 [sic].    ServiceMaster uniformly and continuously controlled and directed the aforementioned conduct and omissions of Terminix.

**ANSWER:**    Defendants deny the allegations contained in the misnumbered Paragraph 46 of plaintiff's Amended Complaint.

50.    The foregoing activities, concealment, and patterns and practices, have been known to, authorized, directed and controlled by, ServiceMaster and have been sanctioned, approved and/or condoned, and allowed to continue even after investigating said alleged practices.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 50 of plaintiff's Amended Complaint.

51.    Defendants, by and through their agents, servants, and or employees, have held themselves out to Plaintiff, or their predecessor(s) in interest, as being experts in the field of

19

1  termite infestation treatment and inspection in advertisements and other publications directed at
2  the residents of this state and by virtue of the activities they undertook as licensed Structural Pest
3  Control Operators ("SPCO's").

4      **ANSWER:**   Defendants admit that The Terminix Inernational Company Limited
5  Partnership is held out to the public as having the expertise necessary to perform the services
6  contracted for in its termite service agreements.   Further responding, Defendants deny the
7  remaining allegations contained in Paragraph 51 of plaintiff's Amended Complaint.

8      52.    Defendants uniformly represented in standardized printed material and by their
9  actions that Plaintiffs property had been properly treated and otherwise protected from termite
10 infestation using the highest standards and that services were provided in compliance with law.

11     **ANSWER:**   Defendants admit that it properly performed all services required under the
12 Sentricon Subterranean Termite Protection Plan entered into with Bruce Whitney on or around
13 May 24, 1999.   Further responding, Defendants deny the remaining allegations contained in
14 Paragraph 52 of plaintiff's Amended Complaint.

15     53.    Defendants have preyed upon and exploited the Plaintiffs lack of expertise, as it
16 relates to proper termite treatment, inspection, re-inspection and re-treatment.

17     **ANSWER:**   Defendants deny the allegations contained in Paragraph 53 of plaintiff's
18 Amended Complaint.

19     54     Defendants actively concealed their practices, schemes and wrongdoing, took
20 steps to make it appear as if there was no wrongdoing, and engaged in other activities by reason
21 of which the tolling of all applicable statutes of limitation is appropriate and required.

22     **ANSWER:**   Defendants deny the allegations contained in Paragraph 54 of plaintiff's
23 Amended Complaint.

24              **IV.    CLASS ACTION ALLEGATIONS**

25     55.    This action is brought by the named Plaintiff as a class action, on her own behalf
26 and on behalf of all others similarly situated ("the Class"), under the provisions of Rule 23 of the
27 Federal Rules of Civil Procedure.

28

Answer and Affirmative Defenses to Amended Complaint
Case No.  C 07-06472

1     **ANSWER:**  Defendants state that the allegations contained in Paragraph 55 of

2 plaintiff's Amended Complaint consist of legal conclusions requiring no response. To the extent

3 said allegations are construed as requiring a response, Defendants deny said allegations.

4     56.    The Class is comprised of all individuals, proprietorships, partnerships,

5 corporations, and other entities (hereinafter 'persons and entities') that own any home,

6 condominium, apartment complex, commercial building, or other structure, and/or improvements

7 to real property (hereinafter referred to as "structure") located in the State of California who have

8 purchased contracts and/or warranties from Defendants for termite control service or whose

9 contracts with other providers have been purchased or assumed by Defendants, which contain

10 provisions substantially similar to Plaintiffs. Excluded from the Class are all claims by any

11 persons or entities that have already commenced an individual civil action against Defendants

12 related to the subject matter of this litigation. Also excluded from the Class are the following:

13 Defendants; any parent, subsidiary, affiliate, or controlled person of Defendants; the officers,

14 directors, agents, servants or employees of any of the same; persons whose participation as a

15 class representative or member would require recusal of the hearing officer; members of the

16 judiciary assigned to this case and their relatives within the second degree of consanguinity; and,

17 the members of the immediate families of any such person.

18     **ANSWER:**  Defendants deny that the purported class described in Paragraph 56 of

19 plaintiff's Amended Complaint describes a group of individuals and/or entities which satisfies or

20 is capable of satisfying the requirements for class certification under California and/or federal

21 law. Further responding, Defendants deny all remaining allegations contained in Paragraph 56

22 of plaintiff's Amended Complaint.

23     57.    This action has been brought and may properly be maintained as a class action

24 under California law.

25     **ANSWER:**  Defendants deny the allegations contained in Paragraph 57 of plaintiff's

26 Amended Complaint.

27 /// 

28                    21

58.    Plaintiff is unable to state precisely the size of the Class, but is informed and believes that members of the Class number at least into the thousands. The Class is sufficiently numerous and dispersed throughout the state that joinder of all its members is impractical.

**ANSWER:**    Defendants deny the allegation that joinder of all members of the putative class described in plaintiff's Amended Complaint is impractical.  Further responding, Defendants have insufficient knowledge upon which to base a belief as to truth or falsity of the remaining allegations contained in Paragraph 58 of plaintiff's Amended Complaint and therefore, Defendants deny said allegations and demand strict proof thereof.

59.    There are numerous common questions of law and fact with respect to Defendants and their contracts involving the Class members. Among these questions common to the Class are:

(a)    Whether Defendants provided necessary services for the control, prevention, eradication, and inspection for termites;

(b)    Whether Defendants, with respect to their contract for service, were negligent in the execution of the service that they were to provide and/or failed to provide the services promised or otherwise required;

(c)    Whether Defendants collected money without providing the services they were obligated to provide;

(d)    Whether Defendants engaged in a pattern and practice of replacing existing service contracts with other service contracts to improperly excuse prior breaches of duties, limit liability, discourage collectively seeking remedies that may be infeasible to seek individually, and with other terms more favorable to Defendants;

(e)    Whether Defendants illegally raised and collected annual renewal fees;

(f)    Whether Plaintiff and class members are entitled to recover compensatory damages;

(g)    Whether Plaintiff and class members are entitled to recover equitable relief;

(h)    Whether Plaintiff and class members are entitled to recover punitive damages; and

(i)    Whether contracts should be equitably reformed;

**ANSWER:**    Defendants deny the allegations contained in Paragraph 59 of plaintiff's Amended Complaint, including all sub-paragraphs.

1    60.    Class action treatment provides a fair and effectual method for the adjudication of

2    the controversy here described, affecting a large number of persons, the joinder of whom is

3    impracticable. The class action provides an effective method whereby the enforcement of the

4    rights of Plaintiff and members of the Class can be fairly managed without unnecessary expense

5    or duplication.

6    **ANSWER:**    Defendants deny the allegations contained in Paragraph 60 of plaintiff's

7    Amended Complaint.

8    61.    If Class members were to pursue individual litigation, it would be unduly

9    burdensome to the courts within which the individual litigation would proceed. Individual

10   litigation would magnify the delay and expense to all parties in the court system by resolving the

11   controversy engendered by Defendants' course of conduct with respect of its contract. By

12   contrast, the class action device presents far fewer management difficulties and provides the

13   benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single

14   court. Concentrating this litigation in one forum will aid judicial economy and efficiency,

15   promote parity among the claims of the individual Class members and result in judicial

16   consistency. Notice of the pendency and any resolution of this action can be provided to the

17   Class members by publication and direct mailing upon discovery of Defendants' files.

18   **ANSWER:**    Defendants deny the allegations contained in Paragraph 61 of plaintiff's

19   Amended Complaint.

20   62.    The expense and burden of individual litigation of a case of this magnitude make

21   it impractical for individual Class members to seek redress for the wrongs done to them and

22   therefore requires consolidation of all such claims in one action.

23   **ANSWER:**    Defendants deny the allegations contained in Paragraph 62 of plaintiff's

24   Amended Complaint.

25   63.    The claims of Plaintiff, as the Class Representative, are typical of the claims of

26   the members of the Class.

27   / / /

28

Answer and Affirmative Defenses to Amended Complaint
Case No. C 07-06472

1   **ANSWER:**   Defendants deny the allegations contained in Paragraph 63 of plaintiff's

2   Amended Complaint.

3   64.   Plaintiff will fairly and adequately protect the interests of the Class she represents.

4   The interests of Plaintiff, as the Class Representative, are consistent with those of the members

5   of the Class. In addition, Plaintiff is represented by experienced and able counsel who have

6   represented Plaintiff classes in similar litigation.

7   **ANSWER:**   Defendants deny the allegations contained in Paragraph 64 of plaintiff's

8   Amended Complaint.

9   65.   Plaintiff and class members envision no unusual difficulty in the management of

10   this action as a Class action.

11   **ANSWER:**   Defendants deny the allegations contained in Paragraph 65 of plaintiff's

12   Amended Complaint.

13   66.   Plaintiff and the Class had no knowledge of Defendants' wrongdoing alleged

14   herein and could not have discovered the true nature of Defendants' acts at any time prior to the

15   filing of this complaint by exercise of due diligence because of the concealment of the

16   wrongdoing by Defendants. Accordingly, Plaintiffs claims alleged herein are not barred by any

17   applicable statute of limitations.

18   **ANSWER:**   Defendants deny the allegations contained in Paragraph 66 of plaintiff's

19   Amended Complaint.

20   **COUNT ONE**

21   **Breach of Contract and Warranty**

22   67.   The preceding paragraphs of this Complaint, and any additional factual averments

23   set forth in any subsequent sections of this Complaint, are deemed to be repeated and

24   incorporated by reference in this Count.

25   **ANSWER:**   Defendants adopt, reallege and incorporate by reference their responses to

26   Paragraphs 1-66 of plaintiff's Amended Complaint as their response to Paragraph 67, as though

27   fully set forth herein.

28   24

68.     Plaintiff and the Class entered into written contracts with Defendants and undertook obligations, paying premiums in full, renewing annually, and fully performed all obligations under the contracts.

**ANSWER:**  Defendants admit that The Terminix International Company Limited Partnership entered into a Sentricon Subterranean Termite Protection Plan on or around May 24, 1999 with Bruce Whitney and that the terms of said agreement speak for themselves.  Further responding, Defendants deny the remaining allegations contained in Paragraph 68 of plaintiff's Amended Complaint.

69.     The conduct herein alleged breaches, and has breached, the provisions of Defendants' contracts with Plaintiff and the Class .and Plaintiff s and the Class's predecessor(s) in interest, and the standardized warranties afforded Plaintiff and the Class under their contracts.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 69 of plaintiff's Amended Complaint.

70.     Plaintiff and class members have incurred damages proximately caused by Defendant's breaches of statutory and contractual duty, breaches of warranty, and misconduct described herein.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 70 of plaintiff's Amended Complaint.

## COUNT TWO

**Professional Negligence, Wantonness and Recklessness**
**(including negligent training, supervision and retention)**

Defendants make no response to the allegations contained in Count Two (Paragraphs 71-83) of plaintiff's Amended Complaint for the reason that said count and said allegations were dismissed by the Court on July 24, 2008.

## COUNT THREE

**California UCL**
**(Business and Professions Code § 17500 *et seq.*)**

Defendants make no response to the allegations contained in Count Three (Paragraphs

25

84-88) of plaintiff's Amended Complaint for the reason that said count and said allegations were dismissed by the Court on July 24, 2008.

<b>COUNT FOUR</b>

<b>California UCL</b>

<b>(Business and Professions Code § 17200 <i>et seq.</i>)</b>

Defendants make no response to the allegations contained in Count Four (Paragraphs 89-92) of plaintiff's Amended Complaint for the reason that said count and said allegations were dismissed by the Court on July 24, 2008.

<b>COUNT FIVE</b>

<b>Violation of Consumers Legal Remedies Act (Civil Code § 1750, <i>et seq.</i>) – All Defendants</b>

Defendants make no response to the allegations contained in Count Five (Paragraphs 93-101) of plaintiff's Amended Complaint for the reason that said count and said allegations were dismissed by the Court on July 24, 2008.

<b>PRAYER FOR RELIEF</b>

Defendants, TERMINIX INTERNATIONAL, INC., THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, THE SERVICEMASTER COMPANY, SERVICEMASTER CONSUMER SERVICES, INC., and SERVICEMASTER CONSUMER SERVICES LIMITED PARTNERSHIP, deny that the plaintiff or the class she purports to represent are entitled to any recovery or any relief whatsoever against the Defendants. Defendants request recovery of court costs and all other just and appropriate relief.

<b>AFFIRMATIVE DEFENSES</b>

<b>FIRST AFFIRMATIVE DEFENSE</b>

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

<b>SECOND AFFIRMATIVE DEFENSE</b>

Defendants substantially performed all obligations under the applicable agreement, thereby barring plaintiff's claims in whole or in part.

26

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff failed to perform all conditions and/or obligations required under the applicable agreement, thereby barring her recovery in whole or in part.

**FOURTH AFFIRMATIVE DEFENSE**

Certain damages for which plaintiff seeks recovery are excluded by the terms and conditions of the agreement in question.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants have validly disclaimed liability for the damages claimed.

**SIXTH AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over this action, entitling Defendants to dismissal of all claims.

**SEVENTH AFFIRMATIVE DEFENSE**

The Court lacks personal jurisdiction over one or more of the Defendants, thereby entitling that Defendant(s) to dismissal of the claims against it.

**EIGHTH AFFIRMATIVE DEFENSE**

The agreement in question contained a valid and enforceable arbitration provision which covers the parties' dispute, thereby requiring dismissal or a stay of the action.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate her damages, thereby barring her recovery in whole or in part.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are the result of acts or omissions of third parties unrelated to Defendants and for whose conduct Defendants are not responsible.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks privity with one or more of the Defendants, thereby barring plaintiff from recovery.

27

1

## TWELFTH AFFIRMATIVE DEFENSE

2   Defendants reserve the right to plead further Affirmative Defenses as additional

3   information becomes known through the completion of discovery.

4

## DEMAND FOR JURY TRIAL

5   Defendants demand trial by jury.

6

7   DATED:  August 4, 2008                    Respectfully submitted,

8                                             HINSHAW & CULBERTSON LLP

9
                                             /s/ Christopher J. Borders
10                                            CHRISTOPHER J. BORDERS
                                             Attorneys for Defendants
11                                            TERMINIX INTERNATIONAL, INC.,
                                             THE TERMINIX INTERNATIONAL COMPANY
12                                            LIMITED   PARTNERSHIP   (erroneously   sued
                                             herein as The Terminix International Company),
13                                            THE SERVICEMASTER COMPANY,
                                             SERVICEMASTER CONSUMER SERVICES, and
14                                            SERVICEMASTER   CONSUMER   SERVICES
                                             LIMITED PARTNERSHIP

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer and Affirmative Defenses to Amended Complaint
Case No.  C 07-06472
2973999v1 884739